UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

CYNTHIA FOSS BOWMAN,

    Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

    Defendants.

05 10981 RCL

RECEIPT # 64218
AMOUNT $ 250.00
SUMMONS ISSUED 2
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 5/13/2005

MAGISTRATE JUDGE RBC

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1.  In this action, Plaintiff seeks, inter alia, to recover monetary damages arising out of the breach of an employment contract, wherein Defendants agreed, among other things, to fund a retirement account for Plaintiff's benefit and to reimburse Plaintiff for certain work-related expenses.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over all claims alleged herein pursuant to 28 U.S.C. §1332 as there is complete diversity between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff, CYNTHIA FOSS BOWMAN ("Bowman"), is an individual residing at 35 Elm Rock Road, Bronxville, New York.

5. Defendant, PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC. ("PASM"), is a Massachusetts corporation with a principal place of business located at 211 Park Street, Attleboro, Massachusetts.

6. Defendant, RICHARD A. SMITH ("Smith"), is an individual who, upon information and belief, resides at 11 Dutton Park, Walpole, Massachusetts.

## ALLEGATIONS OF FACT

7. PASM is in the business of providing pathology services to Sturdy Memorial Hospital in Attleboro, Massachusetts. Smith is the President, Treasurer, and Director of PASM.

8. In or about March, 2002, Smith began to aggressively recruit Bowman for the position of associate pathologist with PASM.

9. On or about March 28, 2002, Smith and Bowman met, at which time Smith offered to Bowman employment as an associate pathologist with PASM on the following terms: base salary of $200,000 per year, $40,000 per year contribution to a pension plan, $4,000 per year in continuing medical education and dues, $4,800 per year for a car lease allowance, and health insurance, if needed, for a total annual package of $248,800.

10. By correspondence dated April 9, 2002 ("Contract") from PASM to Bowman, PASM memorialized its offer of employment as an associate pathologist with PASM as follows:

- a base salary of $200,000 per year;
- the maximum allowable payment into Bowman's current pension plan or to set up a SEP for Bowman's benefit, estimated to be a $40,000 per year contribution;
- use of a BMW X5 3.0 automobile;
- full malpractice insurance coverage;

- up to $3,000 per year for continuing education expenses;
- up to $3,000 per year for book and dues expenses;
- a digital camera; and
- health insurance, if needed, otherwise an additional end-of-year bonus.

11. On April 30, 2002, Smith, in his capacity as President of PASM, signed the Contract.

12. In reliance upon the representations made by the Defendants during the meeting on or about March 28, 2002 and on the promises contained in the Contract itself, Bowman signed the Contract on May 2, 2002, and relocated from Maine to Massachusetts, at considerable expense to Bowman.

13. Pursuant to the Contract, Bowman began working for PASM as an associate pathologist and given the title Associate Chief of the Department.

14. While employed by PASM, Bowman duly performed all of her contractual obligations pursuant to the Contract.

15. Bowman's final paycheck from PASM is dated March 10, 2004, and covers the period ending on that date. Bowman was not paid two (2) days worth of salary, totaling $1,538.

16. On numerous occasions during her term of employment, Bowman asked Smith about the status of the required $40,000 contribution to a SEP. In response, Smith ignored Bowman's requests.

17. By correspondence dated July 2, 2003 from Bowman's attorney to Smith, Bowman requested documentation regarding the required $40,000 contribution to a SEP. In response, Smith ignored the request.

18. Defendants failed to make the maximum allowable contribution to Bowman's plan or set up a SEP for Bowman's benefit for approximately two (2) years, resulting in a loss of $80,000 in tax-free retirement benefits to Bowman.

19. The Contract explicitly states that PASM will reimburse Bowman up to $3,000 per year in continuing education and up to $3,000 per year for book and dues allowance.

20. Upon leaving PASM, Bowman properly sought reimbursement for unpaid continuing education and book and dues allowances in the amount of $9,568.51. On March 9, 2004, PASM remitted a check to Bowman in the amount of $6,300, leaving a balance due and owing to Bowman of $3,268.51.

21. Pursuant to the Contract, PASM was required to provide health insurance for Bowman, if Bowman so elected.

22. In an e-mail dated March 27, 2002 from Smith to Bowman, Smith agreed that if Bowman elected not to receive health insurance from PASM, PASM would provide Bowman an additional end-of-year bonus or discretionary spending funds. Smith represented to Bowman that her end-of-year bonus would be $10,000 per year.

23. Throughout the course of her employment with PASM, Bowman did not elect health insurance coverage and did not receive any end-of-year bonuses as promised by Smith.

24. Bowman should have received approximately $20,000 in end-of-year bonuses.

25. In total, as a direct and proximate result of Defendants failure to comply with the terms of the Contract, Bowman has lost approximately $80,000 in tax-free retirement benefits plus $24,806.51 in unpaid salary, reimbursable expenses and bonuses, plus interest, costs, and attorneys' fees.

## COUNT I
## BREACH OF CONTRACT
## (against PASM)

26. Bowman repeats and realleges each of the preceding paragraphs as if set forth fully herein.

27. For good and valuable consideration, Bowman and PASM entered into the Contract, which specifically sets forth the terms and conditions of Bowman's employment.

28. PASM has breached its obligations under the Contract, including, but not limited to, not fully paying Bowman for the time she worked for PASM; failing to make the maximum allowable contribution to Bowman's pension plan or a SEP plan set up for Bowman's benefit; failing to reimburse Bowman's work-related expenses; and failing to provide Bowman with additional end-of-year bonuses.

29. As a result of PASM's breach of the Contract, Bowman has been caused to suffer and will continue to be caused to suffer loss, injury and damages.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
(against PASM)

30. Bowman repeats and realleges each of the preceding paragraphs as if set forth fully herein.

31. PASM owed Bowman a duty to act in good faith and deal fairly under the Contract.

32. By willfully breaching its obligations under the Contract (and continuing with said breaches after notice of the improper conduct), PASM breached the covenant of good faith and fair dealing.

33. As a result of PASM's breach of the duty of good faith and fair dealing, Bowman has suffered economic harm and loss.

## COUNT III
## FRAUDULENT MISREPRESENTATION
### (against Smith and PASM)

34. Bowman repeats and realleges each of the preceding paragraphs as if set forth fully herein.

35. Defendants made material misrepresentations of fact to Bowman, including, but not limited to, the following:

   (a) on or about March 28, 2002 and in the Contract, Defendants falsely represented that they intended to make the maximum allowable contribution to Bowman's pension plan or set up a SEP for Bowman's benefit, when, in fact, they intended never to create or fund a SEP; and

   (b) falsely representing to Bowman that if she elected to forgo health insurance coverage, she would receive additional compensation in the form of an end-of-year bonus, when, in fact, they intended never to pay such bonus.

36. The misrepresentations alleged in the preceding paragraph of this Complaint were made intentionally or with the knowledge of their falsity and with the intent that Bowman rely on them.

37. In reliance on the misrepresentation alleged in paragraphs 35 of this Complaint, Bowman took certain actions, including, but not limited to, entering into the Contract, relocating from Maine to Massachusetts, not personally funding any type of SEP while employed by PASM, electing not to be covered under PASM's health insurance policy, and using her own funds to pay for work-related expenses; all of which proximately resulted in loss and injury to Bowman.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### (against Smith and PASM)

38. Bowman repeats and realleges each of the preceding paragraphs as if set forth fully herein.

39. Defendants negligently made the misrepresentations set forth in paragraph 35 of this Complaint.

40. Defendants did so with the intent to induce Bowman to act on such information.

41. Bowman reasonably relied on Defendants' misrepresentations by taking the actions set forth in paragraph 37, and has suffered damage to her detriment.

## COUNT V
## INNOCENT MISREPRESENTATION
### (against Smith and PASM)

42. Bowman repeats and realleges each of the preceding paragraphs as if set forth fully herein.

43. Defendants innocently made the misrepresentations set forth in paragraph 35 of this Complaint.

44. Defendants did so with the intent to induce Bowman to act on such representations.

45. Bowman reasonably relied on Defendants' misrepresentations by taking the actions set forth in paragraph 37, and has suffered damage to her detriment.

WHEREFORE, Bowman respectfully requests that this Court grant the following relief:

(1) enter judgment in favor of Bowman on Counts I through V of the Complaint in an amount to be determined by the Court, plus interest, costs, and attorney's fees;

(2) enter such other and further relief as is just.

**BOWMAN DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

CYNTHIA FOSS BOWMAN,

By her attorneys,

Vincent J. Pisegna BBO# 400560
Aaron J. Mango BBO# 660939
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

DATED:    May 11, 2005

2129\0001\150725.2

☙JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CYNTHIA FOSS BOWMAN

**DEFENDANTS** PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC. and RICHARD A. SMITH

(b) County of Residence of First Listed Plaintiff   WESTCHESTER
(EXCEPT IN U.S. PLAINTIFF CASES) COUNTY, N.Y.

County of Residence of First Listed Defendant   BRISTOL COUNTY, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210 (617-482-7211)

Attorneys (If Known)  05 10981 RCL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause: CONTRACT/BAD FAITH/MISREPRESENTATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE   DOCKET NUMBER

DATE: May 11, 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  CYNTHIA FOSS BOWMAN v. PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC. ET AL.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **05 10981 RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  VINCENT J. PISEGNA, ESQ.
ADDRESS  KROKIDAS & BLUESTEIN LLP, 600 ATLANTIC AVENUE, 19TH FLOOR, BOSTON, MA 02210
TELEPHONE NO.  (617) 482-7211

(CategoryForm.wpd - 5/2/05)