UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA FOSS BOWMAN,<br>    Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-10981-RCL<br>)<br>)<br>)<br>) |

## ANSWER OF PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC., AND RICHARD A. SMITH

Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. ("PASM") and Richard A. Smith hereby answer, by and through their attorneys, the corresponding numbered paragraphs of the Plaintiff's Complaint as follows:

### INTRODUCTION

1. Paragraph 1 consists of a summary of Plaintiff's claims and requires no answer.

2. Paragraph 2 consists of a conclusion of law and requires no answer.

3. Paragraph 3 consists of a conclusion of law and requires no answer.

### PARTIES

4. Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 4.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied.

9.  Defendants deny the allegations contained in Paragraph 9, except admit that on or about March 28, 2002, Defendant Smith and Plaintiff met and Defendant Smith offered Plaintiff employment as an associate pathologist with an annualized salary of $200,000 and health insurance if needed.

10. Defendants admit that Defendant Smith provided to Plaintiff a letter dated April 9, 2002. Such letter speaks for itself and, accordingly, Paragraph 10 requires no further answer.

11. Defendants admit that on April 30, 2002 Defendant Smith signed the April 9, 2002 letter in his capacity as President of Defendant PASM.

12. Defendants deny the allegations contained in Paragraph 12, except admit that Plaintiff signed the April 9, 2002 letter on May 2, 2002.

13. Defendants deny the allegations contained in Paragraph 13, except admit that Plaintiff began working for Defendant PASM on or about July 22, 2002.

14. Denied.

15. Defendants deny the allegations contained in Paragraph 15, except admit that Plaintiff's final paycheck was dated March 10, 2004.

16. Denied.

17. Defendants admit that Plaintiff's Attorney sent a letter to Defendant Smith dated July 2, 2003. Defendants deny that Defendant Smith ignored any request. By way of further answer, Defendants state that Defendant Smith replied to the July 2, 2003 letter, by letter on or about July 22, 2003. The letter dated July 2, 2003 speaks for itself and, accordingly, Paragraph 17 requires no further answer.

18. Defendants deny the allegations contained in Paragraph 18, except admit that Defendants did not set up a SEP for Plaintiff's benefit. By way of further answer, Defendant PASM established the Profit Sharing and Retirement Savings Plan known as the "Pathology Associates of Sturdy Memorial Hospital, Inc. 401(k) Plan" effective January 1, 2003.

19. The April 9, 2002 letter speaks for itself and, accordingly, Paragraph 19 requires no answer.

20. Defendants deny the allegations contained in Paragraph 20, except admit that Defendant PASM paid to Plaintiff a check in the amount of $6,300.00 on or about April 9, 2004.

21. Admitted.

22. Denied.

23. Defendants deny the allegations contained in Paragraph 23, except admit that Plaintiff did not elect health insurance coverage and did not receive any year-end bonus.

24. Denied.

25. Denied.

## COUNT I

26. Defendant PASM incorporates herein the above responses to Paragraphs 1 through 25.

27. The April 9, 2002 letter speaks for itself and, accordingly, Paragraph 27 requires no answer.

28. Denied.

29. Denied.

## COUNT II

30. Defendant PASM incorporates herein the above responses to Paragraphs 1 through 29.

31. Admitted.

32. Denied.

33. Denied.

## COUNT III

34. Defendants PASM and Smith incorporate herein the above responses to Paragraphs 1 through 33.

35. Denied.

36. Denied.

37. Denied.

## COUNT IV

38. Defendants PASM and Smith incorporate herein the above responses to Paragraphs 1 through 37.

39. Denied.

40. Denied.

41. Denied.

## COUNT V

42. Defendants PASM and Smith incorporate herein the above responses to Paragraphs 1 through 41.

43. Denied.

44. Denied.

45. Denied.

## RELIEF SOUGHT

Defendants deny all allegations in the WHEREFORE clauses of Plaintiff's Complaint, deny that they are liable to Plaintiff in any way and deny all allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted and therefore should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under general principles of contract formation due to indefiniteness, vagueness or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own acts, deeds and omissions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff repudiated the alleged contract.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff materially breached the alleged contract.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide a condition precedent and/or concurrent condition under the alleged contract.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff assented to modification of the alleged contract.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of some or all of the damages claimed in the Complaint as a matter of law or because of her failure to adequately mitigate her damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by ERISA.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants at all times made good faith efforts to comply with the terms of the alleged contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendants are wholly insubstantial, frivolous, without merit and not brought in good faith, in violation of M.G.L. c. 231, section 6F and Rule 11 of the Federal Rules of Civil Procedure. Accordingly, Defendants are entitled to recover all costs and attorneys' fees they may incur in the defense of this matter.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other and further defenses that may become available or apparent during the discovery of this matter and hereby reserve the right to amend their Answer and to assert any such defenses.

WHEREFORE, Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith demand that the Complaint be dismissed with prejudice and that judgment enter for Defendants, together with costs, attorneys' fees and such further relief as the Court deems just and appropriate.

DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL
and RICHARD A. SMITH

By their attorneys,

/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan  BBO #561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

Dated: June 15, 2005

**CERTIFICATE OF SERVICE**

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 15th day June, 2005, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

/s/ Tamsin R. Kaplan
Tamsin R. Kaplan