UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
CYNTHIA FOSS BOWMAN,                        )
            Plaintiff,                      )
                                            )
v.                                          )
                                            )
PATHOLOGY ASSOCIATES OF STURDY              )  Civil Action No. 05-10981-RCL
MEMORIAL HOSPITAL, INC. and                 )
RICHARD A. SMITH,                           )
            Defendants.                     )
_____)

DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY PLAINTIFF
AND CERTIFICATION PURSUANT TO LOCAL RULE 37.1

Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. hereby move this Court for an Order compelling Plaintiff Cynthia Foss Bowman to provide all documents and other items requested by Defendants in their First Request for Production of Documents dated August 26, 2005. As of the date of this Motion, it has been 69 days since receipt by Plaintiff's counsel of Defendants' document request. Plaintiff's document production was due on September 26, 2005. To date, however, Plaintiff has produced no responsive documents or other items. (A copy of Defendants' First Request for Production of Documents is attached hereto at Exhibit A.)

For the reasons set forth above, Defendants respectfully requests that the Court order Defendants to produce all documents and items responsive to Defendants' First Request for Production of Documents, order Plaintiff to pay all attorneys' fees and costs incurred in bringing this Motion, and grant such other relief as this Court deems just and proper.

                Respectfully submitted,

                PATHOLOGY ASSOCIATES OF STURDY
                MEMORIAL HOSPITAL
                and RICHARD A. SMITH

                By their attorneys,

                /s/ Tamsin R. Kaplan_____
                Tamsin R. Kaplan, BBO#561558
                TAMSIN R. KAPLAN & ASSOCIATES, P.C.
                90 Concord Avenue
                Belmont, MA 02478
                (617) 484-3210


CERTIFICATION PURSUANT TO LOCAL RULE 37.1

I, Tamsin R. Kaplan, attorney of record for the Defendants in the above captioned matter, hereby certify that I have complied with the requirements of Local Rule 37.1. I have had numerous oral and written communications with Plaintiff's counsel for the purpose of attempting to obtain Plaintiff's document production in response to Defendants' First Request for Production of Documents. Despite these many communications, Defense counsel has failed to provide any responsive documents.

                /s/ Tamsin R. Kaplan
                Tamsin R. Kaplan

Dated: November 3, 2005

CERTIFICATE OF SERVICE

      I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 3rd day of November, 2005, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

      /s/ Tamsin R. Kaplan
      Tamsin R. Kaplan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>   Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br><br>   Defendants. | Civil Action No. 05-10981-RCL |

DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
PROPOUNDED TO PLAINTIFF

  Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith ("Defendants") request Plaintiff Cynthia Foss Bowman ("Plaintiff") to produce the documents and things listed below, pursuant to Rule 34 of the Federal Rules of Civil Procedure. Items are required to be produced at Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue, Belmont, MA 02478 on or before the time provided for in Fed.R.Civ.P. 34. Plaintiff may comply with this request by forwarding all documents and tangible things requested to Defendants' counsel postmarked prior to the date called for inspection.

DEFINITIONS

1. Except as may be more broadly defined herein, the full text of the definitions set forth in Local Rule 26.5(C) shall be deemed incorporated into all requests herein.

2. As used herein, the term "document" means any written, recorded or graphic matter however produced or reproduced and includes, but is not limited to, writings, books, records, papers, minutes of meetings, agreements, contracts, memoranda, charts, diagrams, graphs, drawings, illustrations, photographs, telegrams, telexes, cables, letters, written analyses, reports, recordings, notes, including notations and memoranda of any sort of telephone communications or face-to-face oral meetings or conversations, financial statements, surveys, calculations, diaries, calendars, address and telephone records, data compilations from which information can be obtained, translated, if necessary, by Plaintiff through detection devices into reasonably usable form, or other documents, as well as electronically stored data, information, or material, including e-mail, voice-mail, deleted and erased computer records available on hard drives, floppy disks, and back-up systems, as well as any transcript or summary thereof. It includes the original, any copy which differs in any regard from the original and

any drafts thereof.

3. As used herein, the terms "you" and "your" refer to the Plaintiff and her employees, servants, agents and representatives.

## INSTRUCTIONS

1.      Unless indicated otherwise, the time period relevant to this Request for Production of Documents is the period from January 1, 1995 through the present.

2.      This request for production of documents demands production of all responsive documents which are in the possession, custody or control of Plaintiff or her employees, servants, agents or representatives.

   (A)   If your response is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

   (B)   If your response is that the documents are not in your control, identify who has control and the location of the records.

   (C)   If your response is that no such document exists, identify whether such documents existed at any time, give a description of the document, the date destroyed and the reason destroyed.

3.      Originals of documents are to be produced wherever possible, and, in particular, when copies are illegible or obscured in any fashion. In the event that originals are not produced, please set forth in writing for each copy or group of copies produced:

   (A)   a description of the document or documents in question;
   (B)   the location and custodian of the original(s) thereof; if the original has been destroyed or is otherwise unavailable, the last known location or custodian thereof, as well as the latest date upon which such document or documents was known to be in existence or available; and
   (C)   the reason(s) why the original has not been produced.

4.      All documents called for by this request as to which Plaintiff claims privilege of any sort as grounds for non-production shall be listed chronologically as follows:

   (A) date;
   (B) title;
   (C) names of author(s), addressee(s) and all individuals listed or known to have received or seen copies thereof;
   (D) type of document (e.g., memorandum, report, chart, etc.);
   (E) subject matter (without revealing the information as to which privilege is claimed); and

  (F) factual and legal basis for claimed privilege, or specific statutory authority which provides the claimed ground for non-production.

5. This document request is continuing in nature and requires you to promptly supplement your production whenever any other documents responsive to this Document Request enter your possession, custody or control at any time prior to the trial of this action.

DOCUMENTS TO BE PRODUCED

  1. All documents identified, described or referred to in the Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this matter.

  2. All documents which refer or pertain in any way to the observations, experiences and/or anticipated testimony of the individuals identified in the Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this matter, which relate in any way to the claims or defenses in this lawsuit.

  3. All statements or other documents from any person who Plaintiff believes has any information or knowledge relating to the facts alleged in the Complaint.

  4. All documents which relate or pertain to any communications, discussions or conversations Plaintiff had with any individuals, organizations or agencies regarding any of the allegations in her Complaint.

  5. All documents which refer or pertain in any way to the events and damages alleged in Plaintiff's Complaint in this matter or to any other claims or damages alleged by Plaintiff against Defendants.

  6. All documents which constitute, refer or pertain in any way to any communications, discussions or conversations between Plaintiff and Defendant Richard A. Smith.

  7. All documents which constitute, relate or refer to records of any kind which Plaintiff received or has taken from Defendants.

  8. All documents which refer or pertain in any way to compensation or benefits related to Plaintiff's employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

  9. Your resume and curriculum vitae, including all current and past versions.

10.     All documents which refer or pertain in any way to any employment of Plaintiff since separation from employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

11.     All documents which refer or pertain in any way to income received by Plaintiff at any time since her separation from employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

12.     All diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs or other records Plaintiff maintained from March 1, 2002 through the present.

13.     All documents which relate or pertain in any way to any claim or suit filed by Plaintiff or on behalf of Plaintiff against any person or entity, filed with any court or agency.

14.     All documents which relate or pertain in any way to any claim or suit filed against Plaintiff in any court or agency, in which Plaintiff is or was named as a defendant or respondent.

15.     A copy of the curriculum vitae of any expert who has been consulted or retained for this case by Plaintiff.

16.     All reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff.

        Respectfully submitted,
        PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC., and RICHARD A. SMITH,
        By their attorneys,


        /s/ Tamsin R. Kaplan_____
        Tamsin R. Kaplan (BB0 #561558)
        TAMSIN R. KAPLAN & ASSOCIATES, P.C.
        90 Concord Avenue
        Belmont, MA  02478
        (617) 484-3210

Dated:  August 26, 2005

CERTIFICATE OF SERVICE

    I, Tamsin R. Kaplan, hereby certify that I have served a copy of the foregoing document on this 26th day of August, 2005 by facsimile and first-class mail, postage prepaid, upon the attorney of record for the Plaintiff, Vincent J. Pisegna, Esq., Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA  02210.


        /s/ Tamsin R. Kaplan_____
        Tamsin R. Kaplan