**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>  Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br><br>  Defendants. | Civil Action No. 05-10981-RCL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFF AND FOR ATTORNEYS' FEES AND COSTS**

**I. INTRODUCTION**

Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Dr. Richard A. Smith bring their Motion to Compel Production of Documents by Plaintiff and for Attorney's Fees and Costs nearly seven months after the Defendants' First Request for Production of Documents Propounded to Plaintiff was served on August 26, 2005. After substantial efforts on the part of Defendants' counsel to obtain discovery and repeated abuse of the discovery process by Plaintiff and/or her counsel, Defendants seek an order of this Court compelling the Plaintiff to produce certain documents and requiring the Plaintiff to pay for the Defendants' attorneys' fees and costs necessitated by the recalcitrance and lack of cooperation of the Plaintiff and/or her counsel in the discovery of this matter.

## II.     BACKGROUND

In this action, Plaintiff Dr. Cynthia Foss Bowman claims that Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. ("Pathology Associates") and Dr. Richard A. Smith ("Dr. Smith") owe her monetary damages arising out of an alleged breach of employment contract.  Plaintiff alleges that Defendants agreed, among other things, to fund a retirement account for Plaintiff's benefit.  (See Complaint and Jury Demand at Exhibit A.)

Defendants unequivocally deny liability in this matter.  The Defendants are not in breach of contract.  They deny making the promises alleged by Plaintiff, and deny making any misrepresentations to her.  To the extent that a contract existed between the parties, Defendants complied with all of its terms.  However, by her conduct, Plaintiff breached, repudiated and/or failed to perform under the alleged contract, thereby releasing Defendants from any contractual obligations.  (See Answer of Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith at Exhibit B.)  Among other serious performance deficiencies during her twenty months of employment by Pathology Associates from July 2002 to March 2004, Plaintiff was frequently severely tardy for work, when her services as a pathologist were needed and she was required to be on duty.

**III. DISCOVERY PROCEEDINGS**

    A. <u>Plaintiff's Incomplete Document Production</u>

On August 26, 2005, Defendants served Plaintiff with Defendants' First Request for Production of Documents Propounded to Plaintiff (See Exhibit C), including the following Request:

*Request No. 12*

All diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs or other records Plaintiff maintained from March 1, 2002 through the present.

On September 28, 2005, Plaintiff served Defendants with the Response of Cynthia Foss Bowman to Defendants' First Request for Production of Documents (see Exhibit D), including the following response:

*Response No. 12*

Defendants' Request No. 12 is vague, ambiguous and overbroad. Subject to Bowman's objections, Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 12.

However, despite the repeated efforts of Defendants' counsel to obtain discovery from Plaintiff's counsel, Plaintiff failed to produce any documents whatsoever in this matter until the Defendants filed their first Motion to Compel on November 3, 2005. (See Affidavit of Tamsin R. Kaplan, Esq., ¶¶ 5 through 13.)

On November 4, 2005, Plaintiff produced some documents. As agreed, Defendants withdrew their first Motion to Compel. However, many documents had not been produced by Plaintiff. After additional efforts by Defendants' counsel to obtain Plaintiff's complete document production, including a telephone conference with Plaintiff's counsel pursuant to Local Rule 37.1, Plaintiff provided more documents on December 23, 2005. However, Plaintiff's document production was still incomplete.

(See Kaplan Affidavit at ¶¶ 13 through 17.) After further requests by Defendants' counsel, Plaintiff provided more documents on February 2, 2006. (See Kaplan Affidavit at ¶¶ 18 through 21.)

Despite repeated efforts by Defendants' counsel over nearly seven months to obtain Plaintiff's complete production of documents in response to Defendants' First Request for Production of Documents, Defendants are still aware of at least one document responsive to Request No. 12, Plaintiff's calendar, that has not been produced. (See excerpts from Plaintiff's Deposition Transcript at Exhibit E, pp. 35-36, specifically referring to her calendar.)

Plaintiff's response to Request No. 12 indicates her willingness to produce her calendar, and Plaintiff's counsel has represented that Plaintiff has already produced this document. Yet, the fact remains that Plaintiff's counsel has failed to produce any of the Plaintiff's calendars in spite of the repeated efforts of Defendants' counsel to obtain them. (See Kaplan Affidavit at ¶¶ 20 through 23.)

B. Other Discovery Abuse

In addition to Plaintiff's failure to produce documents as required by the Federal Rules of Civil Procedure as described above, Plaintiff and/or her counsel have engaged in multiple incidents of discovery abuse that Defendants and their counsel have had to deal with. Such abuses have potentially prejudiced the Defendants and have resulted in unnecessary attorney hours and expense.

For example, in spite of the requirements of Fed. R. Civ. P. 26, Plaintiff did not provide her initial disclosures until February 2, 2006, nine months after she filed suit in

this matter and only after numerous requests for documents by Defendants' counsel, a Motion to Compel and a Rule 37.1 conference. (See Kaplan Affidavit at ¶¶ 20-21.)

Despite the requirements of Fed. R. Civ. P. 45, Plaintiff's counsel served a third party Subpoena Duces Tecum on Sturdy Memorial Hospital without any notification whatsoever to Defendants' counsel. When Plaintiff's counsel received documents pursuant to the subpoena, he failed to provide copies to Defendants' counsel. In fact, Defendants' counsel learned of the subpoena only inadvertently, and requested that Plaintiff's counsel provide copies of the subpoena and documents. Had Defendants' counsel not serendipitously learned of the subpoena, the Defendants would have had no way of knowing about the documents obtained by Plaintiff from Sturdy Memorial Hospital in this matter. (See Kaplan Affidavit at ¶¶ 15-16.)

In addition, Plaintiff's counsel failed to inform Defendant's counsel of his unavailability for Plaintiff's deposition on September 28, 2005. Defendants' counsel learned less than forty-eight hours before Plaintiff's deposition that Plaintiff and her counsel had no intention of attending the Plaintiff's deposition, only when Defendants' counsel telephoned Plaintiff's counsel to confirm the deposition. (See Kaplan Affidavit at ¶ 7.)

When the Plaintiff's deposition was conducted on December 2, 2005, Plaintiff's counsel instructed the Plaintiff not to answer the very first question posed to her, despite the absence of privilege or any other legitimate reason for the instruction, in violation of Fed. R. Civ. P. 30(d). (See excerpts from Plaintiff's Deposition Transcript, pp. 8-9.)

**IV. ARGUMENT**

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of all information that is relevant or "appears reasonably calculated to lead to the discovery of admissible evidence" so long as the materials sought are not privileged. Relevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. . . . Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id.

In this matter, Defendants are entitled to Plaintiff's calendars and other documents responsive to Document Request No. 12. It is expected that Plaintiff's calendars will shed light both on the terms of Plaintiff's alleged contract with Pathology Associates and on Plaintiff's job performance while employed by Pathology Associates, two issues at the heart of this matter.

Plaintiff's calendars might, for example, include notes of her pre-employment negotiations with Dr. Smith. Plaintiff's calendar could also provide important information as to the chronology of events and communications in this matter, especially in light of the fact that Plaintiff in her deposition testimony could not recall important conversations with Dr. Smith concerning the terms and conditions of her employment, and stated that her calendar contained pertinent information. (See excerpts from Plaintiff's Deposition Transcript at Exhibit E, pp. 35-36.)

Plaintiff's calendars might also indicate her whereabouts when she was scheduled to be on duty as a pathologist during her employment by Pathology Associates, including her non-work related activities and appointments during scheduled work hours. This information is particularly important because Plaintiff's persistent severe tardiness substantially affected her job performance under the alleged contract.

Defendants are entitled to review Plaintiff's calendars and any other documents response to Document Request No. 12 to obtain information to supplement the Plaintiff's deposition testimony. For example, Plaintiff testified that she met with Dr. Smith in March 2002 about a job at Pathology Associates, at which time Dr. Smith gave her a "proposal for employment" but Plaintiff could not recall the date. (See Exhibit E at pp. 29-32). Plaintiff could not recall when she received a copy of the contract between Pathology Associates and Sturdy Memorial Hospital. (See Exhibit E at pp. 49-50). She could not recall dates of a number of alleged conversations with Dr. Smith, including when she allegedly spoke with Dr. Smith about the funding of a pension or retirement fund. (See Exhibit E at pp. 83, 92-94, 98, 99-101.) Nor could Plaintiff recall when or how often she spoke with Dr. Smith about the requirements of her job, including assignments, scheduling and attendance. (See Exhibit E at pp. 121-122, 127.) Plaintiff testified that she attended certain required meetings and conferences, but she could not recall how many or when some of them occurred. (See Exhibit E at pp. 60-63, 119-121.) Plaintiff also testified that she could not recall being told about her morning duties, how many times she arrived at work on time, or the various excuses she gave for her consistent absence from work in the mornings. (See Exhibit E at pp. 127-131.)

In addition, importantly, Defendants should be awarded attorneys' fees and costs at this time because substantial amounts of attorney time have been unnecessarily expended as a result of the discovery abuses of Plaintiff and/or her counsel in this matter, as described above.

## V.     CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court allow their Motion to Compel Production of Documents by Plaintiff and for Attorneys' Fees and Costs. Defendants respectfully request that the Court order Plaintiff to produce her calendars and all other documents responsive to Document Request No. 12. In addition, in response to the abuses of the discovery process by Plaintiff and her counsel, Defendants respectfully request that the Court order Plaintiff and/or her counsel to pay for all of Defendants' attorneys' fees and costs related to the discovery disputes in this matter and all attorneys' fees and costs incurred in bringing the Motion to Compel, and grant such other further relief as this Court deems just and proper.

>Respectfully submitted,
>PATHOLOGY ASSOCIATES OF STURDY
>MEMORIAL HOSPITAL, INC. and
>RICHARD A. SMITH,
>By their Attorneys,
>
>/s/ Tamsin R. Kaplan
>Tamsin R. Kaplan BBO #561558
>TAMSIN R. KAPLAN & ASSOCIATES, P.C.
>90 Concord Avenue
>Belmont, MA 02478
>(617) 484-3210

March 14, 2006

8

CERTIFICATE OF SERVICE

    I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 14th day of March, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

                    /s/ Tamsin R. Kaplan
                      Tamsin R. Kaplan