UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC. and RICHARD A. SMITH,<br><br>    Defendants. | Civil Action No. 05-10981-RCL |

## AFFIDAVIT OF TAMSIN R. KAPLAN, ESQ.

I, Tamsin R. Kaplan, first being duly sworn do depose and state as follows:

1. I am an attorney in good standing in the Commonwealth of Massachusetts.

2. I represent the Defendants, Pathology Associates of Sturdy Memorial Hospital, Inc. and Dr. Richard A. Smith, in the above-referenced matter.

3. I present this Affidavit in support of Defendants' Motion to Compel Production of Documents by Plaintiff and for Attorneys' Fees and Costs.

4. In the course of discovery in this matter, Defendants served discovery requests on Plaintiff, including Defendants' First Request for Production of Documents, dated and served on August 26, 2005. Request No. 12 asked for "[a]ll diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs or other records Plaintiff maintained from March 1, 2002 through the present."

5. Plaintiff was required by Fed. R. Civ. P. 34 to respond to Defendants' First Request for Production of Documents by September 26, 2005. Plaintiff's deposition was scheduled to take place on September 28, 2005.

6. Plaintiff's counsel, Vincent Pisegna, did not request any extension of time to respond or request rescheduling of the Plaintiff's deposition.

7. On September 26, 2005, I telephoned Mr. Pisegna to confirm that the Plaintiff's production of documents would be timely provided and that her deposition was

confirmed for September 28, 2005.  Mr. Pisegna informed me that he was not available for the deposition and that the Plaintiff and he did not plan to attend.  He also stated that he would provide the Plaintiff's response to my clients' Request for Production of Documents on September 26th or 27th.

8. On September 28, 2005, Mr. Pisegna provided to my office Plaintiff's written responses to Defendants' First Request for Production of Documents.  On the Plaintiff's behalf, Mr. Pisegna objected to Request No. 12 as "vague, ambiguous and overbroad," yet stated that the Plaintiff "will produce any documents in her possession or control responsive to Defendants' Request No. 12."

9. Mr. Pisegna produced no documents with the written responses dated September 28, 2005.

10. Thereafter, I repeatedly reminded Mr. Pisegna in writing that Plaintiff's document production was overdue, on September 29, 2005, October 7, 2005, October 12, 2005, October 13, 2005 and October 20, 2005.  (See Exhibits 1 through 5.)

11. On November 3, 2005, I filed Defendants' first Motion to Compel Production of Documents by Plaintiff.

12. Mr. Pisegna immediately telephoned me and agreed to produce the Plaintiff's documents if I would withdraw the Defendants' Motion to Compel.

13. On November 4, 2005, I received some documents from Mr. Pisegna in response to Defendants' First Request for Production of Documents.  However, the Plaintiff's document production was incomplete.

14. At the Plaintiff's deposition on December 2, 2005, I spoke with Mr. Pisegna about the additional documents that were required to be produced by his client.  On December 6, 2005 and December 9, 2005, I sent Mr. Pisegna additional written requests for his client's complete document production in response to the Defendants' First Request for Production of Documents.  (See Exhibits 6 and 7.)

15. Pursuant to Local Rule 37.1, I initiated a telephone conference with Mr. Pisegna and we spoke on December 14, 2005.  In addition to discussing all of the Plaintiff's overdue documents, I informed Mr. Pisegna that I had inadvertently learned that he had violated the Federal Rules of Civil Procedure by serving a third party subpoena duces tecum on Sturdy Memorial Hospital and receiving responsive documents, without in any way notifying me or providing to my office copies of the subpoena or the documents received pursuant to the subpoena.

16. I memorialized by letter the Plaintiff's additional discovery obligations.  I stated in my letter of December 14, 2005 that my office would proceed with a second Motion to Compel if all responsive documents were not provided by the end of December.  (See Exhibit 8.)

17. Mr. Pisegna provided some additional documents to my office on December 23, 2005.  In addition, by letter dated December 23, 2005, Mr. Pisegna specifically represented that Plaintiff's personal calendar and certain other documents had been produced. (See Exhibit 9.)

18. My office took extra steps and expended extra time to re-review Plaintiff's document production, looking for the documents that Plaintiff's counsel insisted had been produced, yet we simply did not find certain documents including Plaintiff's personal calendars.

19. On January 12, 2006, I informed Mr. Pisegna in writing that my office had <u>not</u> received Plaintiff's personal calendars or certain other documents that Mr. Pisegna had represented were produced.  In that letter, I also informed Mr. Pisegna that my office was preparing to proceed with a second Motion to Compel and would seek attorneys' fees and costs.  (See Exhibit 10.)

20. On February 2, 2006, Mr. Pisegna produced some additional documents to my office.  Mr. Pisegna claimed in his letter that the enclosed documents had previously been produced in the Plaintiff's initial disclosures.  (See Exhibit 11.)

21. In fact, my office had received <u>no</u> initial disclosures in this matter.  Regardless, the Plaintiff's personal calendars were still missing from the Plaintiff's production of documents.

22. On February 8, 2006, I again wrote to Mr. Pisegna that in spite of his earlier representations that he had produced Plaintiff's personal calendar, my office was unable to locate any calendars among the documents received.  I asked Mr. Pisegna to direct me to the exact bate-stamped location of such document in the Plaintiff's production.  (See Exhibit 12.)

23. To date, Plaintiff's counsel has not responded to my requests for the Plaintiff's calendars.

Signed under the pains and penalties of perjury this 14th day of March, 2006.

/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan

<u>CERTIFICATE OF SERVICE</u>

      I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 14th day of March, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

                                            <u>/s/ Tamsin R. Kaplan</u>
                                            Tamsin R. Kaplan