FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS MAR 29  A 10: 01

Civil Action No. 05-10981-RCL
U.S. DISTRICT COURT
DISTRICT OF MASS.

| |
|---|
| CYNTHIA FOSS BOWMAN,<br>                          Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and RICHARD A.<br>SMITH,<br><br>                          Defendants. |

### AFFIDAVIT OF VINCENT J. PISEGNA IN RESPONSE TO
### AFFIDAVIT OF TAMSIN R. KAPLAN, ESQUIRE

I Vincent J. Pisegna, being duly sworn to depose and state as follows:

1.      I represent Plaintiff in the above-captioned action and this Affidavit is submitted in response to the Affidavit of Tamsin R. Kaplan, Esquire ("Kaplan Affidavit") dated March 4, 2006 filed in the above-captioned action. There are several material misrepresentations contained in the Kaplan Affidavit.

2.      With regard to ¶5 of the Kaplan Affidavit, attached hereto as Exhibit A is a true and accurate copy of Defendants' first request for production of documents propounded to Plaintiff including the Certificate of Service regarding same. The Certificate of Service states that service was made on August 26, 2005 by facsimile and first class mail. In accordance with Federal Rules of Civil Procedure 34(b) and 6(e), the deadline for serving a response to Defendants' first request for production of documents was September 28, 2005, the date on which a response was served.

3.   In ¶6 of the Kaplan Affidavit, Kaplan states as follows:

"Plaintiff's counsel, Vincent Pisegna, did not request any extension of time to respond or request rescheduling of the Plaintiff's deposition."

4.   In ¶7 of the Kaplan Affidavit, Kaplan states "on September 26, 2005, I telephoned Mr. Pisegna to confirm that the Plaintiff's production of documents would be timely provided and that her deposition was confirmed for September 28, 2005. Mr. Pisegna informed me that he was not available for the deposition and that the Plaintiff and he did not plan to attend."

5.   Attached hereto is a true and accurate copy of two e-mail correspondences. Exhibit B is an email from Kaplan to me dated September 26, 2005 and timed at 4:32 p.m. The document speaks for itself, but in pertinent part, the document states as follows: "this will confirm that you called me today to inform me that you and your client will not attend her deposition on Wednesday." The second e-mail attached hereto as Exhibit C is from me to Kaplan dated September 26, 2005 and timed at 11:58 a.m. which states, in part, "Tamsin – as we discussed today my client and I are available for her deposition on October 21, 28 or November 11. Let me know if any of those dates can work for you."

6.   Therefore, Kaplan's representations contained in ¶¶6 and 7 of her affidavit are demonstrably false. Further, I did not state as is alleged in ¶7 of the Kaplan Affidavit that I would provide Bowman's response to Defendants' request for production of documents on September 26th or 27th. In fact, the response was duly and timely served on September 28, 2005.

7.   With regard to ¶10 of the Kaplan Affidavit, Kaplan did not "remind" me that any production of documents was "overdue".

8.   In ¶12 of the Kaplan Affidavit, Kaplan states "Mr. Pisegna immediately telephoned me and agreed to produce the Plaintiff's documents if I would withdraw the

2

Defendants motion to compel." That statement is false. I never stated to Defendants' counsel that I agreed to produce documents if she would withdraw the Defendants' motion to compel or anything of the sort. In fact, it is my memory and my contemporaneous time records reflect that I did not speak to Kaplan on or about November 3, 2005. My records further reflect that the documents produced to defense counsel on November 4 were the subject of approximately eight (8) hours of work by our paralegal in October and November 2005, ending on November 1, 2005. Those records also reflect work done by me in October 2005 reviewing documents to be produced to Defendants' counsel.

9.      In response to ¶13 of the Kaplan Affidavit, on November 4, 2005, Bowman produced over 600 documents pursuant to Bowman's response to Defendants' first request for production of documents. That production was not incomplete.

10.     With regard to ¶15 of the Kaplan Affidavit, when informed by Kaplan that she had not received a copy of a subpoena duces tecum served on Sturdy Memorial Hospital, I immediately informed her that that must have been in error and, in fact, subsequently discovered that because of a clerical error a copy of the subpoena duces tecum had not been served on defense counsel. On December 15, 2005 a copy of the subpoena was duly sent.

11.     With regard to ¶16 of the Kaplan Affidavit, she did not "memorialize by letter the Plaintiff's additional discovery obligations." In fact, correspondence dated December 23, 2005, a copy of which is attached hereto as Exhibit D, memorialized the substance of our discovery discussion on December 13, 2005 wherein Defendants' counsel was duly advised that all responsive documents responsive to her first request had already been produced. By separate letter dated December 23, 2005 (i.e., two days before Christmas), documents were produced to Defendants' counsel pursuant to Bowman's response to Defendants' second request for

3

production of documents which response was timely served on December 5, 2005. Thus, to the extent Kaplan's representations in ¶17 of the Kaplan Affidavit conflict with the correspondence dated December 23, 2005, said representations are inaccurate.

12.     With regard to ¶19 of the Kaplan Affidavit, Exhibit 10 attached thereto speaks for itself. With regard to ¶20 of the Kaplan Affidavit, my February 2, 2006 correspondence speaks for itself; the documents that were produced were another copy of the initial disclosures that were provided to defense counsel in July 2005, plus one (1) document that is probably an attorney-client communication, produced without prejudice to Bowman's position that it is an attorney-client protected document.

13.     Contrary to ¶13 of the Kaplan Affidavit, Plaintiff's counsel has responded on several occasions to defense counsel's request for Bowman's alleged calendar.

14.     To date, I have expended over thirteen (13) hours responding to Defendants' motion to compel production of documents and for attorneys fees and costs. My normal billing rate for the above-captioned case as of the date hereof is $330 per hour.

15.     Attached hereto as Exhibit E is a copy of Plaintiff's counsel's correspondence to Kaplan dated July 20, 2005.

Signed under the penalties of perjury this 28th day of March, 2006.

VINCENT J. RISEGNA

4

## CERTIFICATE OF SERVICE

I, Vincent J. Pisegna, hereby certify that on March 28, 2006, I caused to be served a true and accurate copy of the foregoing document, via first class mail, postage prepaid, upon Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue, Belmont, MA 02478.

Vincent J. Pisegna

2129\0001\161781.1

**5**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>     Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br><br>     Defendants. | Civil Action No. 05-10981-RCL |

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF

Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith ("Defendants") request Plaintiff Cynthia Foss Bowman ("Plaintiff") to produce the documents and things listed below, pursuant to Rule 34 of the Federal Rules of Civil Procedure. Items are required to be produced at Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue, Belmont, MA 02478 on or before the time provided for in Fed.R.Civ.P. 34. Plaintiff may comply with this request by forwarding all documents and tangible things requested to Defendants' counsel postmarked prior to the date called for inspection.

### DEFINITIONS

1. Except as may be more broadly defined herein, the full text of the definitions set forth in Local Rule 26.5(C) shall be deemed incorporated into all requests herein.

2. As used herein, the term "document" means any written, recorded or graphic matter however produced or reproduced and includes, but is not limited to, writings, books, records, papers, minutes of meetings, agreements, contracts, memoranda, charts, diagrams, graphs, drawings, illustrations, photographs, telegrams, telexes, cables, letters, written analyses, reports, recordings, notes, including notations and memoranda of any sort of telephone communications or face-to-face oral meetings or conversations, financial statements, surveys, calculations, diaries, calendars, address and telephone records, data compilations from which information can be obtained, translated, if necessary, by Plaintiff through detection devices into reasonably usable form, or other documents, as well as electronically stored data, information, or material, including e-mail, voice-mail, deleted and erased computer records available on hard drives, floppy disks, and back-up systems, as well as any transcript or summary thereof. It includes the original, any copy which differs in any regard from the original and

any drafts thereof.

3.  As used herein, the terms "you" and "your" refer to the Plaintiff and her employees, servants, agents and representatives.

## INSTRUCTIONS

1.      Unless indicated otherwise, the time period relevant to this Request for Production of Documents is the period from January 1, 1995 through the present.

2.      This request for production of documents demands production of all responsive documents which are in the possession, custody or control of Plaintiff or her employees, servants, agents or representatives.

(A)     If your response is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

(B)     If your response is that the documents are not in your control, identify who has control and the location of the records.

(C)     If your response is that no such document exists, identify whether such documents existed at any time, give a description of the document, the date destroyed and the reason destroyed.

3.      Originals of documents are to be produced wherever possible, and, in particular, when copies are illegible or obscured in any fashion. In the event that originals are not produced, please set forth in writing for each copy or group of copies produced:

(A)     a description of the document or documents in question;
(B)     the location and custodian of the original(s) thereof; if the original has been destroyed or is otherwise unavailable, the last known location or custodian thereof, as well as the latest date upon which such document or documents was known to be in existence or available; and
(C)     the reason(s) why the original has not been produced.

4.      All documents called for by this request as to which Plaintiff claims privilege of any sort as grounds for non-production shall be listed chronologically as follows:

(A) date;
(B) title;
(C) names of author(s), addressee(s) and all individuals listed or known to have received or seen copies thereof;
(D) type of document (e.g., memorandum, report, chart, etc.);
(E) subject matter (without revealing the information as to which privilege is claimed); and

(F) factual and legal basis for claimed privilege, or specific statutory authority which provides the claimed ground for non-production.

5.    This document request is continuing in nature and requires you to promptly supplement your production whenever any other documents responsive to this Document Request enter your possession, custody or control at any time prior to the trial of this action.

## DOCUMENTS TO BE PRODUCED

1.    All documents identified, described or referred to in the Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this matter.

2.    All documents which refer or pertain in any way to the observations, experiences and/or anticipated testimony of the individuals identified in the Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this matter, which relate in any way to the claims or defenses in this lawsuit.

3.    All statements or other documents from any person who Plaintiff believes has any information or knowledge relating to the facts alleged in the Complaint.

4.    All documents which relate or pertain to any communications, discussions or conversations Plaintiff had with any individuals, organizations or agencies regarding any of the allegations in her Complaint.

5.    All documents which refer or pertain in any way to the events and damages alleged in Plaintiff's Complaint in this matter or to any other claims or damages alleged by Plaintiff against Defendants.

6.    All documents which constitute, refer or pertain in any way to any communications, discussions or conversations between Plaintiff and Defendant Richard A. Smith.

7.    All documents which constitute, relate or refer to records of any kind which Plaintiff received or has taken from Defendants.

8.    All documents which refer or pertain in any way to compensation or benefits related to Plaintiff's employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

9.    Your resume and curriculum vitae, including all current and past versions.

10.    All documents which refer or pertain in any way to any employment of Plaintiff since separation from employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

11.    All documents which refer or pertain in any way to income received by Plaintiff at any time since her separation from employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

12.    All diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs or other records Plaintiff maintained from March 1, 2002 through the present.

13.    All documents which relate or pertain in any way to any claim or suit filed by Plaintiff or on behalf of Plaintiff against any person or entity, filed with any court or agency.

14.    All documents which relate or pertain in any way to any claim or suit filed against Plaintiff in any court or agency, in which Plaintiff is or was named as a defendant or respondent.

15.    A copy of the curriculum vitae of any expert who has been consulted or retained for this case by Plaintiff.

16.    All reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff.

Respectfully submitted,
PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC., and RICHARD A. SMITH,
By their attorneys,

Tamsin R. Kaplan (BBO #561558)
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

Dated: August 26, 2005

## CERTIFICATE OF SERVICE

I, Tamsin R. Kaplan, hereby certify that I have served a copy of the foregoing document on this 26th day of August, 2005 by facsimile and first-class mail, postage prepaid, upon the attorney of record for the Plaintiff, Vincent J. Pisegna, Esq., Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

Tamsin R. Kaplan

## Vincent Pisegna

**From:**    Vincent Pisegna
**Sent:**    Wednesday, September 28, 2005 4:56 PM
**To:**    Rachel Hendley
**Subject:** FW: Bowman v. Pathology Associates

-----Original Message-----
**From:** Tamsin Kaplan [mailto:tkaplan@kaplanlawpc.com]
**Sent:** Monday, September 26, 2005 4:32 PM
**To:** Vincent Pisegna
**Subject:** Bowman v. Pathology Associates

Hello Vince:

This will confirm that you called me today to inform me that you and your client will not attend her deposition on Wednesday. As I stated during our telephone call, I would have appreciated it if you had let me know sooner. This deposition was noticed on August 10, 2005, over 6 weeks ago, and I confirmed the date in writing at least twice since that time.

You have offered Dr. Smith and me only 1 date in October and 2 dates in November when you and Dr. Bowman are available, including November 11th, the discovery cut-off date. I am unavailable on the dates you have proposed, due to previously scheduled commitments, including a mediation, an out of town conference and a deposition.

Dr. Smith and I are available on the following dates for Dr. Bowman's deposition in advance of the discovery cut-off: October 18 and November 2, 3 and 4. Please check with Dr. Bowman and let me know as soon as possible if any of these dates can work for you and your client. If not, we will have to jointly seek an extension from the court for completion of the first phase of discovery.

Thank you for your attention to this matter and for your prompt reply.

Tamsin

Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

********************************************************

NOTE: The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. If you received this in error, please contact the sender and delete the material from any computer. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system, it is the responsibility of the recipient to ensure that any e-mail or attachment opened is virus free and no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any loss or damage arising in any way from receipt of this e-mail.

## Vincent Pisegna

**From:** Vincent Pisegna

**Sent:** Monday, September 26, 2005 11:58 AM

**To:** 'TKAPLANESQ@aol.com'

**Subject:** bowman v pasm et al

tamsin - as we discussed today, my client and i are available for her deposition on october 21, 28 or november 11. let me know if any of those dates can work for you. i know that you said some of them don't work.

Vincent J. Pisegna
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 482-7211
Fax: (617) 482-7212
vpisegna@kb-law.com
www.kb-law.com

# KROKIDAS ▪ BLUESTEIN

### ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE HERBST PEABODY
EMILY R. DAUGHTERS
AARON J. MANGO

ELIZABETH C. ROSS
LINDA R. BOSSE
BARBARA S. PARKER
OF COUNSEL

December 23, 2005

**Via Facsimile: (617) 484-3162**
**and First Class Mail**

Tamsin R. Kaplan, Esq.
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA 02478

Re: **Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial**
**Hospital, Inc. and Richard A. Smith**
**(US District Court) Docket No. 05 10981 RCL**

Dear Tamsin:

This letter responds to yours to me dated December 14, 2005.

First, we have timely served on you responses to both of your requests for production of documents and have served on you 668 documents pursuant to those requests. Also, you have deposed my client. Thus, in our telephone call on December 13, 2005 I asked you, pursuant to the requirements of Local Rule 37.1 (A) to specify to me what documents or types of documents have not been produced. Your laundry list of request numbers is simply not helpful or instructive because my client has produced to you all documents in her possession and control pursuant to her responses to those requests.

In our December 13th conference, when I pressed you to identify documents which you claim you have not received, you identify the following documents and types of documents to which I responded as follows:

1. Documents regarding a recruiter named Vogt. Those documents have been produced.

2. Handwritten job proposal from Smith. That document has been produced.

3. Personal calendar of Dr. Bowman. That document has been produced.

KROKIDAS & BLUESTEIN LLP

Tamsin R. Kaplan, Esq.
December 23, 2005
Page 2

4.   Various prior versions of the typed letter dated April 9, 2002. That has been produced.

5.   Notes of conversations with Dr. Smith. All non-privileged documents have been produced.

6.   E-mail from Dr. Smith re: health insurance. That document has been produced.

7.   Documents regarding the cost of her vehicle. Those documents have been produced.

8.   Summary tabulation of monies owed that Dr. Bowman gave to her lawyer. That document is protected by the attorney-client privilege.

9.   Fax cover sheet accompanying the microscope quote. That document has been produced.

10.   Current and prior versions of her resume. To the extent Dr. Bowman has those, they have been produced.

11.   Income and benefits received from her current employer. I asked you what the relevance of those documents were and you said mitigation of damages. I explained to you that the contract claim seeks the recovery of promised pension benefits during two years in which Dr. Bowman was employed by PASM. Anything which she has received subsequent to that time is simply irrelevant.

You then stated that no documents were produced pursuant to your second request for production of documents. I told you that it looked like your second request for production of documents was requesting virtually the same documents as your first request. For example, request No. 1 in your second request seeks e-mail. Your first request also requests e-mail (definitions paragraph 2). Requests Nos. 2 and 4 are simply catch-all requests for documents requested, by different name in request No. 1. With regard to request No. 3 as I informed you in our December 13th discussion, your request is unduly burdensome, especially in light of the marginal relevance of the requested documents.

**KROKIDAS & BLUESTEIN LLP**

Tamsin R. Kaplan, Esq.
December 23, 2005
Page 3

      Lastly, it was a clerical error that resulted in the Sturdy Memorial Hospital Subpoena not being sent to you. That Subpoena and the documents pursuant thereto has now been produced to you.

Very truly yours,

Vincent J. Pisegna

VJP/rh

2129\0001\159022.1

# KROKIDAS ▓ BLUESTEIN

### ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 · FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE A. HERBST
EMILY R. DAUGHTERS

ELIZABETH C. ROSS
LINDA R. BOSSE
BARBARA S. PARKER
OF COUNSEL

July 20, 2005

**Via First Class Mail**

Tamsin R. Kaplan, Esq.
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA 02478

> Re:   **Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith**
> **(US District Court) Docket No. 05 10981 RCL**

Dear Ms Kaplan:

As you know, I represent Plaintiff in the above-referenced action. Enclosed is our Initial Disclosures of Cynthia Foss Bowman Pursuant To Fed. R. Civ. P. 26(a)(1); Proposed Joint Pre-Trial Schedule; and proposed Joint Case Management Statement of All Parties. Please contact me no later than fourteen (14) days prior to the date of our initial scheduling conference to discuss the matters covered by the within pleadings.

Please consider our written settlement proposal required by Section I(c) of the Notice of Scheduling Conference dated June 16, 2005 to be the damages identified in Plaintiff's Initial Disclosures dated this date.

Thank you.

Very truly yours,

Vincent J. Pisegna

VJP/rh
Enclosures

2129\0001\153485.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

                    Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

                    Defendants.

## INITIAL DISCLOSURES OF CYNTHIA FOSS BOWMAN PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule

26.2(A), Plaintiff, Dr. Cynthia Foss Bowman ("Bowman"), hereby provides to Defendants,

Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith (collectively

"Defendants"), the following:

    (a)        The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1.    Cynthia Foss Bowman, 35 Elm Rock Road, Bronxville, N.Y., 718-470-3031. The transaction in dispute, breach of the contract and loss and damages resulting therefrom.

2.    Richard N. Bryant, Esq., Van Meer & Belanger, 20 York Street, Portland, ME., 207-871-7500. The transaction in dispute, breach of contract and loss and damage resulting therefrom.

3.    Richard A. Smith, 11 Dutton Park, Walpole, MA., telephone number unknown. The transaction in dispute, breach of contract and loss and damage resulting therefrom.

4.     Jack Toomey, John T. Toomey Associates, Inc., 175 Derby Street, Hingham, MA, 781-749-7938. Pension plan matters.

5.     Scott A. Small, CPA, 227 Water Street, Augusta, Maine. Pension plan matters.

(b)     A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

A copy of such documents has been produced herewith.

(c)     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Pension plan damages - $157,791.00.

Unpaid salary, reimbursable expenses and bonuses - $24,806.51.

(d)     For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

CYNTHIA FOSS BOWMAN,
By her attorneys,

_____
Vincent J. Pisegna  BBO# 400560
Aaron J. Mango BBO# 660939
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

DATED:     July ____, 2005
21290001\152483.1

2



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

       Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

       Defendants.

## **PROPOSED JOINT PRE-TRIAL SCHEDULE**

   Pursuant to the Notice of Scheduling Conference and Additional Matters dated June 16,

2005 and Local Rules 16.1(B) and (D), the parties hereto have conferred and agreed upon the

following proposed pre-trial schedule:

   1.   Phase 1 (discovery desired to develop information needed for an assessment

of the case) - This phase may include (a) the production of documents by both parties pursuant to

document requests, (b) interrogatories, (c) depositions of the parties, and (d) if necessary to

achieve the purposes of Phase 1 discovery, depositions of the individuals listed in the initial

disclosures of the parties, and any other person discovered in connection with responses to

document requests, interrogatories or deposition questions. To be completed by September 30,

2005.

   2.   Phase 2 (all other non-expert discovery and any persons not deposed in Phase

1) - To be completed by October 31, 2005.

**DRAFT**

3.      Phase 3 (dispositive motions) - All dispositive motions to be submitted by

November 30, 2005. All oppositions thereto to be submitted by December 20, 2005.

4.      Phase 4 (expert discovery, if necessary) - Answers and supplemental answers

to expert interrogatories to be completed by February 28, 2006 and expert depositions to be

completed by March 31, 2006.

5.      A final pre-trial conference will be scheduled on or after March 31, 2006, at

the Court's convenience.

PATHOLOGY ASSOCIATES OF STURDY         CYNTHIA FOSS BOWMAN,
MEMORIAL HOSPITAL and                  By her attorneys,
RICHARD A. SMITH,
By their attorneys,                    **DRAFT**

**DRAFT**

_____            _____
Tamsin R. Kaplan, BBO# 561558          Vincent J. Pisegna  BBO# 400560
TAMSIN R. KAPLAN & ASSOCIATES, P.C.    Aaron J. Mango BBO# 660939
90 Concord Avenue                      KROKIDAS & BLUESTEIN LLP
Belmont, MA  02478                     600 Atlantic Avenue
(617) 484-3210                         Boston, MA  02210
                                       (617) 482-7211

DATED:      July ____, 2005

2129\0001\152482.1

2



## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

                Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

                Defendants.

## JOINT CASE MANAGEMENT STATEMENT OF ALL PARTIES

### INTRODUCTION

In this action, Plaintiff, Dr. Cynthia Foss Bowman ("Bowman"), seeks to recover

monetary damages arising out of the breach of an employment contract wherein Defendants

agreed, among other things, to fund a retirement account for Bowman's benefit and to reimburse

Bowman for certain work related expenses.

Defendants contend _____.

To date, Bowman's Complaint and Defendants' Answer have been filed and Bowman

has served her initial disclosures pursuant to Rule 26(a)(1).

I.    PROPOSED CASE MANAGEMENT CONFERENCE AGENDA

    A.    Status of settlement;

    B.    Proposed pre-trial schedule;

    C.    Whether ADR and/or trial before magistrate judge is appropriate; and

**DRAFT**

D.    Additional case management conferences.

II.    STATUS OF SETTLEMENT

Bowman has presented a written settlement proposal to Defendants.  Defense counsel has conferred with his clients on the subject of settlement prior to the scheduling conference and is prepared to respond to any proposal by Plaintiff at the scheduling conference.

III.    PROPOSED PRE-TRIAL SCHEDULE

The parties have agreed to a proposed pre-trial schedule, submitted herewith.

IV.    ADR AND REFERENCE TO TRIAL BEFORE MAGISTRATE JUDGE

The parties have conferred and agree to consent to trial before a Magistrate Judge. Certifications of counsel and parties as required by Local Rule 16.1(D)(3) are attached hereto or will be filed at the scheduling conference.

V.    ADDITIONAL CASE MANAGEMENT CONFERENCES

The parties do not foresee the need for additional case management conferences at this time.

PATHOLOGY ASSOCIATES OF STURDY           CYNTHIA FOSS BOWMAN,
MEMORIAL HOSPITAL and                             By her attorneys,
RICHARD A. SMITH,
By their attorneys **DRAFT**                             **DRAFT**

_____           _____
Tamsin R. Kaplan, BBO# 561558               Vincent J. Pisegna  BBO# 400560
TAMSIN R. KAPLAN & ASSOCIATES, P.C.    Aaron J. Mango BBO# 660939
90 Concord Avenue                                  KROKIDAS & BLUESTEIN LLP
Belmont, MA  02478                                 600 Atlantic Avenue
(617) 484-3210                                         Boston, MA  02210
                                                              (617) 482-7211

DATED:        July ____, 2005
2129\0001\152480.1

2