## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CYNTHIA FOSS BOWMAN,

      Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and
RICHARD A. SMITH,

      Defendants.

Civil Action No. 05-10981-RCL

## AFFIDAVIT OF TAMSIN R. KAPLAN, ESQ.

I, Tamsin R. Kaplan, first being duly sworn do depose and state as follows:

1. I am an attorney in good standing in the Commonwealth of Massachusetts.

2. I represent the Defendants, Pathology Associates of Sturdy Memorial Hospital, Inc. and Dr. Richard A. Smith, in the above-referenced matter.

3. I present this Affidavit in support of Defendants' Motion to Compel Plaintiff to Appear for Deposition and for Attorneys' Fees and Costs.

4. The deposition of the Plaintiff in this matter was commenced on December 2, 2005 and suspended after approximately 3 hours of testimony, to be continued as needed. During the deposition and subsequently, I learned about and obtained hundreds of pages of pertinent documents that the Plaintiff had been required to produce before her deposition, in her Initial Disclosures and in response to my clients' Requests for Production of Documents.

5. In addition, I learned only after December 2, 2005 that Plaintiff's counsel had subpoenaed and received documents from Sturdy Memorial Hospital without providing me with a copy of the subpoena or the documents.

6. Subsequently, with considerable effort, I obtained from Plaintiff's counsel the following:

    a. Documents from Sturdy Memorial Hospital produced to Plaintiff's counsel on October 17, 2005 in response to a subpoena served by Plaintiff's counsel, received by my office on or about December 16, 2005.

    b. Plaintiff's Supplemental Document Production, after Local Rule 37.1 conference, received by my office on or about December 23, 2005.

    c. Plaintiff's Initial Disclosure documents, after further correspondence pursuant to Local Rule 37.1, received by my office on or about February 2, 2006.

    d. Plaintiff's additional Supplemental Document Production, after Defendants' Motion to Compel and a Court Order, received by my office on or about April 21, 2006.

7. Many of the documents obtained by my office since the first part of the Plaintiff's deposition on December 2, 2005 contain information that pertains to the issues and events about which the Plaintiff was questioned during the first part of her deposition.

8. On May 5, 2006, by letter and facsimile, I notified Plaintifs's counsel, Attorney Vincent Pisegna, that the continuation of his client's deposition needed to be scheduled. I offered seven dates between May 22 and June 2 on which my client and I were available. I also offered the option of staying the plaintiff's deposition pending the parties' participation in mediation to try to settle the Plaintiff's claims in this matter. (Exhibit A)

9. I received no reply from Attorney Pisegna.

10. On May 9, 2006, I emailed to Attorney Pisegna a copy of my May 5th letter and requested a prompt reply. (Exhibit B)

11. Attorney Pisegna emailed back that he would reply by the end of that week. (Exhibit C)

12. On May 15, 2006, I again emailed to Attorney Pisegna a copy of my May 5th letter. I reminded him about the Pre-trial Conference scheduled for June 15th and asked him again for a prompt reply. (Exhibit D)

13. Attorney Pisegna emailed back to request that I agree to depose the Plaintiff on the phone, limiting questions to the most recently produced (April 21st) documents. (Exhibit E)

14. I responded that I would not agree to a limited telephone deposition. (Exhibit F)

15. On May 16, 2006, I sent Attorney Pisegna by letter and facsimile a proposed Joint Motion for Referral to Mediation. (Exhibit G)

16. In telephone conversations on May 17, 2006, Attorney Pisegna's associate Allison Huppe told me that the Plaintiff agreed to mediation and that either the court-sponsored mediation program or private mediation would be agreeable, but only on the condition that I proceed with the Plaintiff's deposition.

17. Attorney Huppe also told me that the Plaintiff would be produced for her continued deposition only if I agreed to limit the deposition to specific documents about which the Plaintiff would be examined. Attorney Huppe asked me to provide a list of documents to which the scope of the deposition would be limited. She told me that Attorney Pisegna would provide dates for the Plaintiff's deposition only if he agreed with my list.

18. I noted to Attorney Huppe that it would be appropriate to postpone the Pre-trial process in view of the delays in discovery and the parties' agreement to mediate the Plaintiff's claims. Attorney Huppe responded that Attorney Pisegna did not want to delay the Pre-trial conference and that she would send me a draft Joint Pre-trial Memorandum. I received a draft Joint Pre-trial Memorandum from Attorneys Pisegna and Huppe on May 22, 2006.

19. On May 22, 2006, I informed Attorneys Pisegna and Huppe by letter and facsimile that I would not agree to limit the scope of the Plaintiff's deposition. I pointed out in the letter that I had learned about and received hundreds of pages of documents since the first part of the Plaintiff's deposition. I further stated that it made sense to stay the Plaintiff's deposition while the parties pursued a mutually satisfactory resolution of the case through mediation. I also offered to draft a joint motion to postpone the Pre-trial Conference scheduled for June 15, 2006. (Exhibit H)

20. By letter and facsimile on May 23, 2006, Attorney Huppe informed me that the Plaintiff would no longer agree to mediation and that she would not be produced for her deposition unless I agreed that I would "not ask any question that [was] covered in her first deposition." (Exhibit I)

21. On May 24, 2006, by letter and facsimile, I explained again to Attorneys Pisegna and Huppe that I could not agree to limit the scope of the Plaintiff's deposition. I reminded them that the deposition is time-limited under Fed. R. Civ. P. 30(d)(2) and, therefore, they did not need to be concerned that I would waste their time or their client's by asking unnecessary questions. (Exhibit J)

22. In my May 24th letter, I also stated that I would have no choice but to file a motion to compel the Plaintiff's attendance at her deposition if she did not immediately agree to a deposition date. In addition, I stated again that the pre-trial process is premature in view of the incomplete deposition of the Plaintiff and

I again invited the Plaintiff to join with my clients in a motion to postpone the Pre-trial conference and request a Status Conference instead. (Exhibit J)

23. I called Attorney Huppe at approximately 10:00 a.m. on Thursday, May 25, 2006 and left a voice mail message. I received no reply.

24. On May 25, 2006 at 2:45 p.m. I received a letter by facsimile from Attorney Huppe clarifying the Plaintiff's concern that the continued deposition was not to be a "second bite at the apple." (Exhibit K)

25. I promptly replied by letter, sent by facsimile to Attorneys Pisegna and Huppe one hour later, stating that it appears that we have agreement as to the scope of the Plaintiff's deposition:

> It appears from your letter that we are in agreement about the scope of Dr. Bowman's continued deposition. My clients and I do not seek a "second bite at the apple." I will agree not to ask questions that were completely "covered" in the first part of the deposition. Please understand, however, since my office has subsequently obtained documents that pertain to issues and events about which Dr. Bowman was questioned in December, I reasonably anticipate that it will be necessary to review certain issues and events about which your client has already testified. Again, assuming you and your client are cooperative, I expect that we will be able to complete her deposition within a total of seven hours as provided by Fed R. Civ P. 30(d)(2). (Exhibit L)

26. In my letter of May 25th, I asked to be informed immediately if the Plaintiff will appear for her deposition on June 1st and again invited the Plaintiff to join with the Defendants in a motion to request a Status Conference rather than a Pre-trial Conference on June 15th. I explained that my office was prepared to file a Motion to Compel the Plaintiff to Appear for Deposition if necessary.

27. I also telephoned Attorney Huppe in the late afternoon on May 25, 2006 and again this morning, May 26, 2006 and left voice mail messages and messages with a receptionist asking for an immediate reply. I provided both my office and personal cell phone numbers. As of the time of the writing of this Affidavit, I have not received a reply.

Signed under the pains and penalties of perjury this 26th day of May, 2006.


/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan

<u>CERTIFICATE OF SERVICE</u>

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 26th day of May, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan

May 5, 2006


**VIA FACSIMILE AND FIRST CLASS MAIL**

Vincent J. Pisegna
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

>          Re:    Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
>                 <u>U. S. District Court Docket No. 05-10981-RCL</u>

Dear Mr. Pisegna:

As I have now received what appear to be all of Dr. Bowman's responsive documents in this matter, please be aware that I intend to conduct the continuation of Dr. Bowman's deposition as soon as possible.

As you and I discussed in the fall, we have anticipated settlement negotiations following the conclusion of Dr. Bowman's deposition.  At this time, however, my clients are willing to agree to stay the continuation of Dr. Bowman's deposition to enable the parties to attempt to settle this matter without further litigation costs, through the Court sponsored mediation program.  If Dr. Bowman prefers, my clients will agree to private mediation with the costs split between the parties if there is agreement on a mutually satisfactory mediator.

Dr. Smith and I are available for the deposition or for mediation on the following dates: May 22, 23, 24, 25 and 31 and June 1 and 2.

Thank you for your prompt reply.


          Very truly yours,



          Tamsin R. Kaplan

cc:      Richard A. Smith, M.D.

# Tamsin Kaplan

**From:**     "Tamsin Kaplan" <tkaplan@kaplanlawpc.com>
**To:**     "Vincent Pisegna" <VPisegna@kb-law.com>
**Sent:**     Tuesday, May 09, 2006 10:04 AM
**Attach:**     Pisegna Let 5-4-06.doc
**Subject:**     Bowman v. Pathology Associates

Hello Vince:

I am attaching the letter sent to you last week.  Please reply today.  Thank you for your prompt attent on to this matter.

Tamsin.

Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

*******************************************************

NOTE:  The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information.  If you received this in error, please contact the sender and delete the material from any computer. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system, it is the responsibility of the recipient to ensure that any e-mail or attachment opened is virus free and no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any loss or damage arising in any way from receipt of this e-mail.

IRS CIRCULAR 230 Notice:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

May 5, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Vincent J. Pisegna
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

      Re:    Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
              U. S. District Court Docket No. 05-10981-RCL

Dear Mr. Pisegna:

As I have now received what appear to be all of Dr. Bowman's responsive documents in this matter, please be aware that I intend to conduct the continuation of Dr. Bowman's deposition as soon as possible.

As you and I discussed in the fall, we have anticipated settlement negotiations following the conclusion of Dr. Bowman's deposition. At this time, however, my clients are willing to agree to stay the continuation of Dr. Bowman's deposition to enable the parties to attempt to settle this matter without further litigation costs, through the Court sponsored mediation program. If Dr. Bowman prefers, my clients will agree to private mediation with the costs split between the parties if there is agreement on a mutually satisfactory mediator.

Dr. Smith and I are available for the deposition or for mediation on the following dates: May 22, 23, 24, 25 and 31 and June 1 and 2.

Thank you for your prompt reply.

Very truly yours,

Tamsin R. Kaplan

cc:    Richard A. Smith, M.D.

## Tamsin Kaplan

| | |
|---|---|
| **From:** | "Vincent Pisegna" <VPisegna@kb-law.com> |
| **To:** | "Tamsin Kaplan" <tkaplan@kaplanlawpc.com> |
| **Sent:** | Tuesday, May 09, 2006 10:24 AM |
| **Subject:** | RE: Bowman v. Pathology Associates |

i should be able to get back to you by the end of the week.

---

**From:** Tamsin Kaplan [mailto:tkaplan@kaplanlawpc.com]
**Sent:** Tuesday, May 09, 2006 10:05 AM
**To:** Vincent Pisegna
**Subject:** Bowman v. Pathology Associates

Hello Vince:

I am attaching the letter sent to you last week.  Please reply today.  Thank you for your prompt attention to this matter.

Tamsin.

Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

*******************************************************

NOTE:  The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information.  If you received this in error, please contact the sender and delete the material from any computer. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system, it is the responsibility of the recipient to ensure that any e-mail or attachment opened is virus free and no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any loss or damage arising in any way from receipt of this e-mail.

IRS CIRCULAR 230 Notice:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Tamsin Kaplan

**From:**    "Tamsin Kaplan" <tkaplan@kaplanlawpc.com>
**To:**    "Vincent Pisegna" <VPisegna@kb-law.com>
**Sent:**    Monday, May 15, 2006 11:11 AM
**Attach:**    Pisegna Let 5-4-06.doc
**Subject:**    Fw: Bowman v. Pathology Associates

Hello again Vince:

Attached again is the letter I sent to you on May 4th. Although you promised a reply by the end of last week, I have not heard from you. In view of the pretrial conference scheduled for June 15 in this matter and the fact that the dates I offered for your client's deposition or mediation are now coming up quickly and everyone's calendars are undoubtedly filling in, please reply today. Thank you for your prompt attention to this matter.

Tamsin.

Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTE: The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. If you received this in error, please contact the sender and delete the material from any computer. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system, it is the responsibility of the recipient to ensure that any e-mail or attachment opened is virus free and no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any loss or damage arising in any way from receipt of this e-mail.

IRS CIRCULAR 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

----- Original Message -----
**From:** Tamsin Kaplan
**To:** Vincent Pisegna
**Sent:** Tuesday, May 09, 2006 10:04 AM
**Subject:** Bowman v. Pathology Associates

Hello Vince:

I am attaching the letter sent to you last week. Please reply today. Thank you for your prompt attention to this matter.

Tamsin.

Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

**********************************************************

NOTE:  The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information.  If you received this in error, please contact the sender and delete the material from any computer. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system, it is the responsibility of the recipient to ensure that any e-mail or attachment opened is virus free and no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any loss or damage arising in any way from receipt of this e-mail.

IRS CIRCULAR 230 Notice:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

May 5, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Vincent J. Pisegna
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

        Re:    Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
                U. S. District Court Docket No. 05-10981-RCL

Dear Mr. Pisegna:

    As I have now received what appear to be all of Dr. Bowman's responsive documents in this matter, please be aware that I intend to conduct the continuation of Dr. Bowman's deposition as soon as possible.

    As you and I discussed in the fall, we have anticipated settlement negotiations following the conclusion of Dr. Bowman's deposition. At this time, however, my clients are willing to agree to stay the continuation of Dr. Bowman's deposition to enable the parties to attempt to settle this matter without further litigation costs, through the Court sponsored mediation program. If Dr. Bowman prefers, my clients will agree to private mediation with the costs split between the parties if there is agreement on a mutually satisfactory mediator.

    Dr. Smith and I are available for the deposition or for mediation on the following dates: May 22, 23, 24, 25 and 31 and June 1 and 2.

    Thank you for your prompt reply.

                          Very truly yours,

                          Tamsin R. Kaplan

cc:    Richard A. Smith, M.D.

# Tamsin Kaplan

**From:** "Vincent Pisegna" <VPisegna@kb-law.com>
**To:** <tkaplan@kaplanlawpc.com>
**Sent:** Monday, May 15, 2006 11:22 AM
**Subject:** Re: Bowman v. Pathology Associates

I'm on trial buit here's my thought. Let me know if you are agreeable to deposing my client by phone limited to the documents last produced to you.

-----Original Message-----
From: Tamsin Kaplan
To: Vincent Pisegna
Sent: Mon May 15 11:11:16 2006
Subject: Fw: Bowman v. Pathology Associates

Hello again Vince:

Attached again is the letter I sent to you on May 4th.  Although you promised a reply by the end of last week, I have not heard from you.  In view of the pretrial conference scheduled for June 15 in this matter and the fact that the dates I offered for your client's deposition or mediation are now coming up quickly and everyone's calendars are undoubtedly filling in, please reply today.  Thank you for your prompt attention to this matter.

Tamsin.

Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

*******************************************************

NOTE:  The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information.  If you received this in error, please contact the sender and delete the material from any computer. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system, it is the responsibility of the recipient to ensure that any e-mail or attachment opened is virus free and no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any loss or damage arising in any way from receipt of this e-mail.

IRS CIRCULAR 230 Notice:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

----- Original Message -----

From: Tamsin Kaplan <mailto:tkaplan@kaplanlawpc.com>
To: Vincent Pisegna <mailto:VPisegna@kb-law.com>
Sent: Tuesday, May 09, 2006 10:04 AM
Subject: Bowman v. Pathology Associates

Hello Vince:

I am attaching the letter sent to you last week. Please reply today. Thank you for your prompt attention to this matter.

Tamsin.

Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

*****************************************************

NOTE: The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. If you received this in error, please contact the sender and delete the material from any computer. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system, it is the responsibility of the recipient to ensure that any e-mail or attachment opened is virus free and no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any loss or damage arising in any way from receipt of this e-mail.

IRS CIRCULAR 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Tamsin Kaplan

| | |
|---|---|
| **From:** | "Tamsin Kaplan" <tkaplan@kaplanlawpc.com> |
| **To:** | "Vincent Pisegna" <VPisegna@kb-law.com> |
| **Sent:** | Monday, May 15, 2006 11:23 AM |
| **Subject:** | Re: Bowman v. Pathology Associates |

No. Absolutely not.

Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTE:  The information in this e-mail is confidential and may be legally
privileged. If you are not the intended recipient, you must not read, use or
disseminate the information.  If you received this in error, please contact
the sender and delete the material from any computer. Although this e-mail
and any attachments are believed to be free of any virus or other defect
that might affect any computer system, it is the responsibility of the
recipient to ensure that any e-mail or attachment opened is virus free and
no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any
loss or damage arising in any way from receipt of this e-mail.

IRS CIRCULAR 230 Notice:  To ensure compliance with requirements imposed by
the IRS, we inform you that any U.S. tax advice contained in this
communication (including any attachments) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

----- Original Message -----
From: "Vincent Pisegna" <VPisegna@kb-law.com>
To: <tkaplan@kaplanlawpc.com>
Sent: Monday, May 15, 2006 11:22 AM
Subject: Re: Bowman v. Pathology Associates


> I'm on trial buit here's my thought.  Let me know if you are agreeable to
> deposing my client by phone limited to the documents last produced to you.
>
> -----Original Message-----
> From: Tamsin Kaplan
> To: Vincent Pisegna
> Sent: Mon May 15 11:11:16 2006
> Subject: Fw: Bowman v. Pathology Associates

5/15/2006

>
> Hello again Vince:
>
> Attached again is the letter I sent to you on May 4th.  Although you
> promised a reply by the end of last week, I have not heard from you.  In
> view of the pretrial conference scheduled for June 15 in this matter and
> the fact that the dates I offered for your client's deposition or
> mediation are now coming up quickly and everyone's calendars are
> undoubtedly filling in, please reply today.  Thank you for your prompt
> attention to this matter.
>
> Tamsin.
>
> Tamsin R. Kaplan & Associates, P.C.
> Counselors at Law
> 90 Concord Avenue
> Belmont, MA 02478
> Tel (617)484-3210
> Fax (617)484-3162
> www.kaplanlawpc.com
>
> *********************************************
>
> NOTE:  The information in this e-mail is confidential and may be legally
> privileged. If you are not the intended recipient, you must not read, use
> or disseminate the information.  If you received this in error, please
> contact the sender and delete the material from any computer. Although
> this e-mail and any attachments are believed to be free of any virus or
> other defect that might affect any computer system, it is the
> responsibility of the recipient to ensure that any e-mail or attachment
> opened is virus free and no responsibility is accepted by Tamsin R. Kaplan
> & Associates, P.C. for any loss or damage arising in any way from receipt
> of this e-mail.
>
> IRS CIRCULAR 230 Notice:  To ensure compliance with requirements imposed
> by the IRS, we inform you that any U.S. tax advice contained in this
> communication (including any attachments) is not intended or written to be
> used, and cannot be used, for the purpose of (i) avoiding penalties under
> the Internal Revenue Code or (ii) promoting, marketing or recommending to
> another party any transaction or matter addressed herein.
>
> ----- Original Message -----
> From: Tamsin Kaplan <mailto:tkaplan@kaplanlawpc.com>
> To: Vincent Pisegna <mailto:VPisegna@kb-law.com>
> Sent: Tuesday, May 09, 2006 10:04 AM
> Subject: Bowman v. Pathology Associates
>
> Hello Vince:
>
> I am attaching the letter sent to you last week.  Please reply today.
> Thank you for your prompt attention to this matter.

```
>
> Tamsin.
>
> Tamsin R. Kaplan & Associates, P.C.
> Counselors at Law
> 90 Concord Avenue
> Belmont, MA 02478
> Tel (617)484-3210
> Fax (617)484-3162
> www.kaplanlawpc.com
>
> *****************************************************
>
> NOTE:  The information in this e-mail is confidential and may be legally
> privileged. If you are not the intended recipient, you must not read, use
> or disseminate the information.  If you received this in error, please
> contact the sender and delete the material from any computer. Although
> this e-mail and any attachments are believed to be free of any virus or
> other defect that might affect any computer system, it is the
> responsibility of the recipient to ensure that any e-mail or attachment
> opened is virus free and no responsibility is accepted by Tamsin R. Kaplan
> & Associates, P.C. for any loss or damage arising in any way from receipt
> of this e-mail.
>
> IRS CIRCULAR 230 Notice:  To ensure compliance with requirements imposed
> by the IRS, we inform you that any U.S. tax advice contained in this
> communication (including any attachments) is not intended or written to be
> used, and cannot be used, for the purpose of (i) avoiding penalties under
> the Internal Revenue Code or (ii) promoting, marketing or recommending to
> another party any transaction or matter addressed herein.
>
```

**TAMSIN R. KAPLAN & ASSOCIATES, P.C.**
COUNSELORS AT LAW

90 Concord Avenue
Belmont, MA 02478
Tel: 617-484-3210   Fax: 617-484-3162

May 16, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Vincent J. Pisegna
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

      Re:    Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
             U. S. District Court Docket No. 05-10981-RCL

Dear Mr. Pisegna:

      Enclosed please find for your review a draft Joint Motion for Referral to Mediation. Please authorize me to sign this Motion on your behalf for filing.

      Thank you for your prompt reply.

                    Very truly yours,

                    Tamsin R. Kaplan

Enclosure

cc:    Richard A. Smith, M.D.

DRAFT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br>               Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC.  and<br>RICHARD A. SMITH,<br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-10981-RCL<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR REFERRAL TO MEDIATION

The parties to this action hereby jointly request that the Court refer this matter for mediation at the earliest convenience of the Court.

Respectfully submitted,

CYNTHIA FOSS BOWMAN,
 By her attorneys,

DRAFT
_____
Vincent J. Pisegna BBO #400560
Aaron J. Mango BBO #660939
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210

PATHOLOGY ASSOCIATES OF
STURDY MEMORIAL HOSPITAL
and RICHARD A. SMITH

By their attorneys,

DRAFT
_____
Tamsin R. Kaplan  BBO #561558
TAMSIN R. KAPLAN & ASSOCIATES,
P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

Dated:  May __, 2006

# TAMSIN R. KAPLAN & ASSOCIATES, P.C.
### ——————— COUNSELORS AT LAW ———————

90 Concord Avenue
Belmont, MA 02478
Tel: 617-484-3210  Fax: 617-484-3162


May 22, 2006


**VIA FACSIMILE AND FIRST CLASS MAIL**

Vincent J. Pisegna
Allison Huppe
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

      Re:    Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
              <u>U. S. District Court Docket No. 05-10981-RCL</u>

Dear Mr. Pisegna and Ms. Huppe:

      Regarding the continuation of Dr. Bowman's deposition, in response to your question about the scope of the deposition, I will not agree to limit the substance of the deposition. As you know, during and since Dr. Bowman's first deposition on December 2, 2005, I have learned about and laboriously obtained from your office hundreds of pages of documents in this matter including:

1. Documents from Sturdy Memorial Hospital produced to your office on October 17, 2005, received on December 16, 2005
2. Supplemental Document Production, after Local Rule 37.1 conference, received on 12/23/05;
3. Initial Disclosure documents, after further correspondence pursuant to Local Rule 37.1, received on 2/2/06;
4. Supplemental Document Production, after a Motion to Compel and Court Order, received on April 21, 2006.

I offered you seven possible dates for Dr. Bowman's deposition in my letter of May 5 and my repeated emails since that date, including dates this week. At this point, Dr. Smith and I are still available for Dr. Bowman's deposition on June 1st.

      However, Attorney Huppe informed me during a telephone conversation last week that Dr. Bowman agrees to participate in the mediation of her claims at this time, as I suggested in my May 5th letter. Accordingly, it makes sense to postpone the deposition to avoid further litigation costs while the parties endeavor to settle this matter.

Vincent J. Pisegna
Allison Huppe
May 22, 2006
Page 2

Regarding mediation, Attorney Huppe stated that Dr. Bowman is willing to utilize private or court-sponsored mediation. However, to date, I have not received authorization from your office to submit the Joint Motion for Referral to Mediation that I prepared and provided to you in draft form on May 16, 2006. At this time, my clients are no longer willing to utilize the court-sponsored program. Please provide to me immediately a list of 4 or 5 private mediators for my review so that we can select a mutually satisfactory mediator and schedule mediation as quickly as possible.

In view of the prolonged discovery in this matter and the parties' agreement to mediate, and in the interest of containing litigation costs and being mindful of judicial resources, I suggest that we file a joint motion to postpone the Pre-trial Conference currently scheduled for June 15th. The pre-trial process is clearly premature at this time. Please confirm and my office will prepare the joint motion for filing.

Thank you for your attention to this matter and for your prompt reply.

Very truly yours,

Tamsin R. Kaplan

cc:    Richard A. Smith, M.D.

# KROKIDAS ⬛ BLUESTEIN

### ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STOCKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE HERBST PEABODY
AMANDA MOGER RETTIG

ELIZABETH C. ROSS
BARBARA S. PARKER
JULIA E. FELDMAN
OF COUNSEL

May 23, 2006

**Via Facsimile and First Class Mail**

Tamsin R. Kaplan, Esq.
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA  02478

Re:  <u>Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial
Hospital, Inc. and Richard A. Smith</u>
**(US District Court) Docket No. 05 10981 RCL**

Dear Ms. Kaplan:

I reply to your correspondence to Attorney Pisegna and me dated May 22, 2006.

By e-mail and letter dated May 19, 2006, a draft of the joint pre-trial memorandum which the Court ordered we negotiate, prepare and file on or before June 8, 2006 was sent to you. You state, in your May 22 correspondence, that the "pre-trial process" is "premature at this time", citing, in support of that contention that discovery has been "prolonged" and that the parties have agreed to mediate. Neither of those facts is accurate. My client has taken no depositions and long ago interposed very limited paper discovery. You are the one who is "prolonging" discovery by interposing innumerable discovery requests both before and after the long-past discovery deadline. This exceedingly straightforward case was filed over a year ago and is ready for the pre-trial conference which the Court established months ago.

With regard to mediation, the Court has ordered us to discuss settlement and I plan to abide by the Court's order. We will make a judgment as to the propriety of mediation following those discussions. Your representation that there has been an agreement to mediate is, typically, inaccurate.

With regard to your effort to conduct even further discovery by way of a further deposition of Dr. Bowman, please be advised that any further deposition of Dr. Bowman is wholly unnecessary and a product of your scorched-earth discovery efforts in this case. However, in an effort to speedily resolve this issue without the necessity of Court intervention, we have offered to produce Dr. Bowman for further deposition on the simple condition that you not ask any question that you covered in her first deposition. Absent your agreement to that

KROKIDAS & BLUESTEIN LLP

Tamsin R. Kaplan, Esq.
May 23, 2006
Page 2

condition, we will oppose any effort by you to further "protract" discovery in this case. Since
any further deposition is wholly unnecessary, we do not believe that the pre-trial requirements
should be extended to accommodate your demands.

Very truly yours,

Allison L. Huppe

ALH/rh

2129\0001\163757.1

COUNSELORS AT LAW

90 Concord Avenue
Belmont, MA 02478
Tel: 617-484-3210  Fax: 617-484-3162

May 24, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Vincent J. Pisegna
Allison Huppe
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

   Re: Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
      U. S. District Court Docket No. 05-10981-RCL

Dear Mr. Pisegna and Ms. Huppe:

  I am in receipt of Attorney Huppe's letter of May 23rd. It is my understanding that you have withdrawn Dr. Bowman's agreement to mediate her claims at this time. The Defendants remain willing to attempt to negotiate a mutually satisfactory resolution of this matter and continue to be available for mediation. Contrary to the representation in Attorney Huppe's letter, to date you have been unwilling to discuss settlement. This will re-confirm that the Defendants' settlement offer communicated to you in July 2005 is still open.

  In view of your client's unwillingness to mediate, we must move forward as quickly as possible with Dr. Bowman's deposition. Regarding the scope of Dr. Bowman's continued deposition, in view of the time constraint imposed by the Federal Rules of Civil Procedure, you can be assured that I will not unnecessarily ask your client questions that she has already answered during the first part of her deposition. However, since my office has subsequently learned about and obtained many documents pertinent to Dr. Bowman's prior testimony, I anticipate that it will be necessary to review certain issues and events about which Dr. Bowman has already testified. Assuming that Dr. Bowman is cooperative and that you do not impede the taking of the deposition, I anticipate that we will be able to complete Dr. Bowman's deposition in the time allowed by the Rules.

  It is unfortunate that you continue to cause unnecessary delay in the litigation of this matter. As you know, I have been trying to schedule Dr. Bowman's continued deposition with you since May 5th, at which time I offered seven possible dates. Dr.

Vincent J. Pisegna
Allison Huppe
May 24, 2006
Page 2

Smith and I are still available on Thursday, June 1st. We can begin the deposition at 10:00 a.m. at my office.

Please be aware that I consider our written and oral correspondence since May 4th regarding the second part of Dr. Bowman's deposition to meet the requirements of Local Rule 37.1. Please advise me today if Dr. Bowman will attend her deposition. If we are not able to schedule a date certain for the continuation of Dr. Bowman's deposition today, I will have no choice but to immediately file with the court a motion to compel Dr. Bowman's attendance.

In addition, if you will not agree to a joint motion to postpone the Pre-trial Conference, I will have to file the motion on behalf of my clients alone. Clearly the pre-trial process is premature where discovery has not been completed. I will request a status conference rather than the pre-trial conference currently scheduled on June 15th. I invite Dr. Bowman to join in this motion and await your reply today.

Thank you for your attention to this matter and for your prompt reply.


                                   Very truly yours,


                                   Tamsin R. Kaplan


cc:     Richard A. Smith, M.D.

# KROKIDAS ❧ BLUESTEIN

### ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE HERBST PEABODY
AMANDA MOBER RETTIG

ELIZABETH C. ROSS
BARBARA S. PARKER
JULIA F. FELDMAN
OF COUNSEL

May 25, 2006

**Via Facsimile and First Class Mail**

Tamsin R. Kaplan, Esq.
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA  02478

Re:  <u>Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial</u>
     <u>Hospital, Inc. and Richard A. Smith</u>
     **(US District Court) Docket No. 05 10981 RCL**

Dear Ms. Kaplan:

I reply to your correspondence to Attorney Pisegna and me dated May 24, 2006.

The Court entered an Order for Final Pre-Trial Conference at the end of February, and we intend to abide by that Order.  We sent you our draft of the joint pre-trial memorandum last week, and we suggested that you propose a date for us to meet, as ordered by the Court, to discuss the items identified in the Order.  All of the depositions of witnesses that were noticed have occurred.  Our document production is complete, as we presume yours is.  As such, this case is ready for a final pre-trial conference and we have prepared accordingly.

We offered to produce Dr. Bowman for a further deposition subject only to the condition that you not ask of her questions that you covered in her first deposition.  This simple condition does not limit you from asking her questions about documents that our office produced subsequent to the date of her first deposition.  You chose to sequence discover in the manner that you took it; the Rules do not permit you a second bite at the apple.

Very truly yours,

Allison L. Huppe

2129\0001\164660.1

KROKIDAS & BLUESTEIN LLP

May 25, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Vincent J. Pisegna
Allison Huppe
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

      Re:    Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
                U. S. District Court Docket No. 05-10981-RCL

Dear Mr. Pisegna and Ms. Huppe:

      I am in receipt of Attorney Huppe's letter of today's date.  It appears from your letter that we are in agreement about the scope of Dr. Bowman's continued deposition.  My clients and I do not seek a "second bite at the apple."  I will agree not to ask questions that were completely "covered" in the first part of the deposition.  Please understand, however, since my office has subsequently obtained documents that pertain to issues and events about which Dr. Bowman was questioned in December, I reasonably anticipate that it will be necessary to review certain issues and events about which your client has already testified.  Again, assuming you and your client are cooperative, I expect that we will be able to complete her deposition within a total of seven hours as provided by Fed R. Civ P. 30(d)(2).

      Please let me know immediately if we can schedule Dr. Bowman's continued deposition on June 1st.  Also, in view of the delays in the discovery of this matter, will you now agree to join in a motion for a status conference rather than a pre-trial conference on June 15th?

      Since I did not hear from you until late today, my office is prepared to file tomorrow morning Defendants' Motion to Compel Plaintiff to Appear for Deposition and Defendants' Motion for Status Conference Instead of Pre-trial Conference.  Accordingly, thank you for your immediate reply.

                Very truly yours,

                Tamsin R. Kaplan

cc:    Richard A. Smith, M.D.