UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>      Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC. and RICHARD A. SMITH,<br><br>      Defendants. | Civil Action No. 05-10981-RCL |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF
TO APPEAR FOR DEPOSITION
AND FOR ATTORNEYS' FEES AND COSTS**

      Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith hereby move this Court for an Order to compel Plaintiff Cynthia Foss Bowman to appear for the continuation of her deposition on Friday, July 7, 2006 or on the earliest mutually convenient date to be agreed upon by the parties, with no limitation of the scope of questioning other than that which is provided by the Federal Rules of Civil Procedure. Defendants further move for attorneys' fees and costs associated with all efforts by Defendants' counsel to schedule the second part of the Plaintiff's deposition and with the preparation and filing of this Motion and supporting Affidavits.

      The deposition of the Plaintiff was commenced on December 2, 2005 and suspended after approximately three hours of testimony, to be continued as needed. During the deposition and subsequently the Defendants learned about and, after considerable effort and a Motion to Compel, obtained from the Plaintiff hundreds of pages of documents pertinent to this matter as follows.

1

1. Documents from Sturdy Memorial Hospital produced to Plaintiff's counsel on October 17, 2005 in response to a subpoena served by Plaintiff's counsel, received by Defendants' counsel on or about December 16, 2005.

2. Plaintiff's Supplemental Document Production, after Local Rule 37.1 conference, received by Defendants' counsel on or about December 23, 2005.

3. Plaintiff's Initial Disclosure documents, after further correspondence pursuant to Local Rule 37.1, received by Defendants' counsel on February 2, 2006.

4. Plaintiff's additional Supplemental Document Production, after Defendants' Motion to Compel and a Court Order (Collings, J.), received by Defendants' counsel on April 21, 2006.

On May 5, 2006, Defendants' counsel notified Plaintiff's counsel of the need to schedule the continuation of Plaintiff's deposition. In her May 5, 2006 letter, Defendants' counsel offered seven available dates between May 22, 2006 and June 2, 2006 for the deposition. Alternatively, Defendants offered to stay the deposition if Plaintiff would agree to participate in mediation to attempt to settle her claims.

To date, despite repeated requests by Defendants' counsel, Plaintiff has refused to agree to attend her continued deposition or to participate in mediation.

In view of the additional documents produced by Plaintiff since the first part of her deposition in this matter on December 2, 2005, it is necessary and entirely appropriate for Defendants' counsel to have an opportunity to further depose the Plaintiff. In addition, many of the documents produced subsequent to the first part of her deposition contain information that pertains to issues and events about which the Plaintiff was questioned during the first part of her deposition. Accordingly, Defendants' counsel anticipates that it will be necessary to review certain issues and events about which the Plaintiff has already testified. (For example, Plaintiff herself stated in her December 2, 2005 deposition testimony that she could not answer certain questions without seeing her

2

calendars, emails and other documents.  See excerpt from Plaintiff's Deposition Transcript, pp. 35-36, attached hereto at Exhibit 1.  At that time, Plaintiff's calendars, emails and other pertinent documents had been requested in Defendant's Requests for Production, but not produced by Plaintiff.  Plaintiff's calendars were subsequently produced only after a Motion to Compel by Defendants and a Court Order.)

Assuming that the Plaintiff and her counsel are cooperative and do not impede the taking of the deposition, Defendants' counsel anticipates that the Plaintiff's deposition will be completed within the total time limit of seven hours provided in Fed. R. Civ. P. 30(d)(2).

This Motion is supported by the May 26, 2006 Affidavit of Tamsin R. Kaplan, Esq. and the Supplemental Affidavit of Tamsin R. Kaplan, Esq., dated June 1, 2006. Also, a proposed Order is enclosed herewith.

    Respectfully submitted,
    PATHOLOGY ASSOCIATES OF STURDY
    MEMORIAL HOSPITAL, INC. and
    RICHARD A. SMITH,
    By their Attorneys,


    /s/ Tamsin R. Kaplan _____
    Tamsin R. Kaplan BBO #561558
    TAMSIN R. KAPLAN & ASSOCIATES, P.C.
    90 Concord Avenue
    Belmont, MA 02478
    (617) 484-3210

June 1, 2006

CERTIFICATE OF SERVICE

  I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 1st day of June, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

            /s/ Tamsin R. Kaplan
            Tamsin R. Kaplan

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>     Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC. and RICHARD A. SMITH,<br><br>     Defendants. | Civil Action No. 05-10981-RCL |

## **ORDER**

This matter comes before the Court on Defendants' Motion to Compel Plaintiff to Appear for Deposition and For Attorneys' Fees and Costs. After review of the submissions from the parties in this matter, this Court hereby orders as follows:

Plaintiff shall appear at the offices of Defendants' counsel to be deposed on July 7, 2006 or on the earliest mutually convenient date to be agreed upon by the parties. Plaintiff's deposition is to proceed without any limitation of the scope of questioning other than that which is provided by the Federal Rules of Civil Procedure.

This Court further orders that Plaintiff pay for all of the Defendants' attorneys' fees and costs related to all efforts by Defendants' counsel to schedule the second part of Plaintiff's deposition and all attorneys' fees and costs incurred in bringing Defendants' Motion to Compel Plaintiff to Appear for Deposition and for Attorneys' Fees and Costs.

_____
Lindsay, J.

Dated:

Page 33

1  You may answer.
2  Q Did Dr. Smith make any efforts of any kind to
3    recruit you for this position?
4  A Yes.
5  Q What were those efforts?
6  A At the end of the day when I asked Dr. Smith what
7    he was looking for in a pathologist, he said me.
8    He said that I was exactly what he wanted, that
9    he had done his due diligence. Those were his
10   exact terms. He had spoken to people and he knew
11   that I was the pathologist he wanted to come, and
12   he and his wife took me out to dinner and then
13   encouraged me to look at the area. We met
14   another time when we toured in the area to look
15   at places to live. He met my husband.
16 Q How many times did you meet with Dr. Smith prior
17   to beginning your employment with Pathology
18   Associates?
19 A Several times.
20 Q Were those all in March of 2002?
21 A There would have been other times because I
22   didn't join the practice until actually July of
23   2002.
24 Q So you told me about the first time you met him

Page 34

1    when you went to Sturdy; that was in March?
2  A Yes.
3  Q Then when was the next time that you met with
4    Dr. Smith?
5  A I believe the next time was when my husband and I
6    went down to -- I wanted my husband to see the
7    area and Dr. Smith wanted us to see the area. He
8    took my husband and I to lunch, pointed out areas
9    where we might like to live. We also met his
10   wife; my husband and I met his wife.
11 Q During that second visit?
12 A I believe it was during the second visit.
13 Q And approximately when did that second visit
14   occur?
15 A I believe it was within a week or two of the
16   first visit.
17 Q Were there other visits after that?
18 A Yes.
19 Q When was the next one?
20 A I cannot remember exactly, without looking at
21   records.
22 Q Approximately?
23 A It would have been within several weeks after
24   that, again to go and look at the area, to come

Page 35

1    down and meet people at the hospital.
2  Q So on that third visit, did you bring your
3    husband with you?
4  A I cannot remember the visits where my husband
5    went and he didn't, but I know he went several
6    times.
7  Q You mentioned that you were looking for places to
8    live with your husband. Did your husband
9    ultimately move to Massachusetts with you?
10 A No.
11 Q Why is that?
12 A My husband has a permanent position, a career in
13   Maine.
14 Q What does he do there?
15 A He's a teacher. He's a high school history
16   teacher.
17 Q You've described for me briefly three visits.
18   Were there any other visits to Sturdy Memorial
19   before you began your employment there?
20 A Yes. I know there were others at times when I
21   was in the area looking or making arrangements or
22   to meet people, I went to Sturdy Memorial
23   Hospital. I believe there was a conference one
24   time, but I cannot remember without my records

Page 36

1    the exact dates and times.
2  Q What records are you referring to? What records
3    would remind you?
4  A A calendar.
5  Q Anything else?
6  A Records of meetings or communications with
7    Dr. Smith.
8  Q Would those communications be in the way of
9    e-mails?
10 A Yes.
11 Q Anything else?
12 A I don't believe.
13 Q Anything else that would refresh your
14   recollection as to when you had these meetings
15   and when you traveled to Sturdy Memorial?
16 A If I went back and looked at receipts or
17   telephone records or things . . . .
18 Q You told me that you spoke with Dr. Smith about
19   the responsibilities of the associate pathologist
20   position; is that correct?
21 A Yes.
22 Q You spoke to him about his expectations as your
23   employer; is that correct?
24 A Yes.