UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

Defendants.

**OPPOSITION OF CYNTHIA FOSS BOWMAN TO DEFENDANTS' MOTION TO
COMPEL PLAINTIFF TO APPEAR FOR DEPOSITION AND FOR ATTORNEY'S
FEES AND COSTS AND MEMORANDUM IN SUPPORT**

Plaintiff, Cynthia Foss Bowman ("Dr. Bowman"), hereby opposes Defendants' Motion to

Compel Plaintiff to Appear for Deposition and for Attorney's Fees and Costs and submits the

Affidavit of Allison Huppé filed herewith.

**I.    Introduction**

In this action, Dr. Bowman, a prominent pathologist, seeks to recover monetary damages

arising out of the breach of a written employment contract executed by her former employers,

Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith

(collectively "Defendants"), wherein Defendants agreed, among other things, to fund a

retirement account for Bowman's benefit and provide reimbursement for other work-related

expenses. The employment contract between Dr. Bowman and Defendants is clear and

unambiguous and entitled Dr. Bowman to compensation and benefits that Defendants

purposefully failed to pay.  Despite raising fifteen (15) affirmative defenses in their Answer,
Defendants appear to be relying on the argument that they can ignore their contractual
obligations because Dr. Bowman was late to work on occasion.

Apparently in recognition of the tenuous defense to Dr. Bowman's simple contract
claims, Defendants embarked on a desperate course of stalling, delay, unnecessary discovery and
mind-numbing bickering in order to avoid the consequences of their contractual breaches and to
drain Dr. Bowman of her time, resources and resolve.  This time, Defendants are looking to take
a second deposition of Dr. Bowman, despite having already questioned her over the course of the
day on December 2, 2005, despite the prohibition on such without Court permission found in
Fed. R. Civ. P. 30(a)(2)(B), and despite Dr. Bowman's offer to engage in such deposition so long
as Defendants do not ask the same questions again.  Dr. Bowman respectfully requests that the
Court put an end to Defendants' manipulation and abuse of the discovery process by denying
their motion to compel her *again* to appear for a deposition and award her costs and fees in
connection with this wasteful and unnecessary motion.

## II.     Background of Discovery Dispute

The history of the case and of Defendants' "scorched earth" discovery efforts are set out
in detail in the Memorandum in Support of Opposition of Cynthia Foss Bowman to Defendants'
Motion to Compel Production of Documents by Plaintiff and for Attorney's Fees and Costs filed
with this Court on March 28, 2006.[1]  Dr. Bowman will limit this summary of relevant facts to the
issue before the Court.

Defendants unilaterally noticed Dr. Bowman's deposition in this case for September 28,
2005.  Defendants served their First Request for Production of documents on Dr. Bowman by

---

[1] That Memorandum and the Affidavit of Vincent J. Pisegna filed therewith are incorporated by reference herein.

mail on August 26, 2005. Dr. Bowman's response to these document requests was due under Rule 6(e) on September 29, 2005, the day after Defendants scheduled Dr. Bowman's deposition. Subsequently, Defendants served a Second Request for Production of Documents on Dr. Bowman by mail on November 2, 2005, with a response due on December 5, 2006. Three days before this deadline, Dr. Bowman's deposition was rescheduled to occur on December 2, 2005, and took place on that day beginning 10:25 a.m. and ending at 3:21 p.m. At the conclusion of Dr. Bowman's deposition, Attorney Tamsin Kaplan, who represents the Defendants, attempted to "suspend" the deposition due to the documents she expected to receive in response to Defendants' Second Request. Dr. Bowman's counsel corrected Attorney Kaplan, stating: "you chose to schedule your deposition today so I'm not waiving my right to say that this is the one shot you get." *See Exhibit A*, Bowman Deposition Transcript at 175.

On December 23, 2005, Dr. Bowman produced 62 pages of documents in response to Defendants' Second Request. In addition, Dr. Bowman re-sent its initial disclosure documents on February 2, 2006 that were previously transmitted to Defendants on July 20, 2005.[2] Finally, Dr. Bowman produced documents to Defendants on April 21, 2006 in response to the Court's Order on Defendant's Motion to Compel Production of Documents by Plaintiff.

On May 5, 2006, long after the close of discovery, Attorney Kaplan sent a letter to Dr. Bowman's counsel, Vincent Pisegna, stating that: "now that I have what appear to be all of Dr. Bowman's responsive documents in this matter, please be aware that I intend to conduct the continuation of Dr. Bowman's deposition as soon as possible." *See Exhibit A of the Affidavit of Tamsin R. Kaplan, Esq.* In the alternative, Defendants demanded that the parties submit to

mediation. *See id.* At that time, Attorney Pisegna was in the midst of preparing for and trying

two unrelated cases. On May 15, 2006, Attorney Pisegna e-mailed Attorney Kaplan,

communicating to her that he was on trial, and suggesting that Attorney Kaplan depose Dr.

Bowman by phone about the documents produced pursuant to the Order on the Motion to

Compel. *See Exhibit E of the Affidavit of Tamsin R. Kaplan, Esq.* Attorney Kaplan responded:

"No. Absolutely not." *See Exhibit F of the Affidavit of Tamsin R. Kaplan, Esq.* Two days later

and with no further discussion, Attorney Kaplan faxed Attorney Pisegna a draft Joint Motion for

Referral to Mediation, and said: "Please authorize me to sign this Motion on your behalf for

filing." *See Exhibit G of the Affidavit of Tamsin R. Kaplan, Esq*; *Affidavit of Allison Huppé* ¶ 2.

Attorney Allison Huppé of Attorney Pisegna's office, who was newly staffed on the case,

promptly called Attorney Kaplan to discuss her demand to re-depose Dr. Bowman or, in the

alternative, to mediate. *See Affidavit of Allison Huppé* ¶ 3. Attorney Huppé communicated the

following positions over the course of several conversations with Attorney Kaplan that day: (1)

that Dr. Bowman would agree to a second deposition, in person, on the condition that the scope

of the be limited to documents produced *by* Dr. Bowman *to* the Defendants subsequent to

December 2, 2005, the date of her deposition; (2) that Dr. Bowman would agree to mediation,

Court-sponsored in the first instance, on the conditions that it not delay the Pre-Trial Conference

on June 15, 2006 and that Dr. Bowman's deposition occur prior to the mediation; and (3) that Dr.

Bowman did not agree to any postponement of the Pre-Trial Conference scheduled on June 15,

2006. *See id.* ¶ 4. During the last conversation of that day, it was clear that Attorney Kaplan

could not identify the particular sets of documents about which she intended to examine Dr.

---

[2] Defendants claim that they never received Plaintiff's initial disclosure documents. If those documents were
inadvertently omitted from the package sent to Defendant's on July 20, 2005, it would have been immediately
apparent that they were missing. *See Exhibit B,* July 20, 2005 Letter and Attachments to T. Kaplan. Defendants

4

Bowman. *See id.* ¶ 5. Attorney Huppé suggested that Attorney Kaplan e-mail to her the list of

those documents, which Attorney Kaplan agreed to do. *See id.* ¶ 6. Attorney Huppé never

received an e-mail from Attorney Kaplan. *See id.* ¶ 7.

Instead, five days later, Attorney Kaplan faxed a letter to Attorneys Pisegna and Huppé

stating that she would not limit the scope of any additional deposition of Dr. Bowman. *See*

*Exhibit H of the Affidavit of Tamsin R. Kaplan, Esq.* As to mediation, Attorney Kaplan stated

that: "At this time, my clients are no longer willing to utilize the court-sponsored program." *See*

*id.* She again requested that a joint motion to postpone the June 15, 2006 Pre-Trial Conference

be filed. *See id.*

In reply, Attorney Huppe reminded Attorney Kaplan that there was no agreement to

mediate, court-sponsored or otherwise, and that the Pre-Trial Conference was not premature. *See*

*Exhibit I of the Affidavit of Tamsin R. Kaplan, Esq.* Further, while pointing out that another

deposition was needlessly wasteful, Dr. Bowman would appear "on the simple condition that

[Attorney Kaplan] not ask any question that [she] covered in [Dr. Bowman's] first deposition."

*See id.* Attorney Kaplan responded with a letter refusing to limit her questioning. *See Exhibit J*

*of the Affidavit of Tamsin R. Kaplan, Esq.* Further, she threatened to file a motion to "compel"

Dr. Bowman's deposition immediately. *See id.* Attorney Huppé attempted to further resolve the

dispute in a letter stating that: "We offered to produce Dr. Bowman for a further deposition

subject only to the condition that you not ask of her questions that you covered in her first

deposition. This simple condition does not limit you from asking her questions about documents

that our office produced subsequent to the date of her first deposition." *See Exhibit K of the*

*Affidavit of Tamsin R. Kaplan, Esq.* This clarification, however, did not put the matter to rest, as

---

instead waited months before claiming that they never received the documents.

Attorney Kaplan responded with another letter in which she cryptically represented that she would not ask questions "that were *completely 'covered'* in the first part of the deposition." *See Exhibit L of the Affidavit of Tamsin R. Kaplan, Esq.* (*emphasis supplied*). Further, she stated that her office had "subsequently *obtained* documents that pertain to issues and events about which Dr. Bowman was questioned in December" and therefore "it will be necessary to review certain issues and events about which your client has already testified." *See id.* (*emphasis supplied*).

Interpreting Attorney Kaplan's statements to mean that she: (1) reserved the right to ask questions she has asked previously if the topic was not "completely 'covered'"; and (2) reserved the right to ask questions about documents her office had obtained from sources other than Dr. Bowman, Attorney Huppé warned: "The documents upon which Dr. Bowman can be examined are limited to those that were produced by us to you subsequent to Dr. Bowman's deposition on December 2, 2005. In addition, to the extent that you intend the scope to include questions not relating to those documents and that you already had an opportunity to ask of Dr. Bowman, we do not agree to that." *See Exhibit A of the Supplemental Affidavit of Tamsin R. Kaplan, Esq.* In response, Defendants filed their Motion to Compel Plaintiff to Appear for Deposition and for Attorney's Fees and Costs.

## III.    Argument

Defendants are prohibited from taking a second deposition of Dr. Bowman unless they obtain permission from this Court. Federal Rule of Civil Procedure 30(a)(2)(B) states that: "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the written stipulation of the parties, the person to be examined already has been deposed in the case." Dr. Bowman was deposed on December 2, 2005, yet Defendants now ask that she be ordered to appear anew for her deposition

"with no limitation on the scope of questioning." A party seeking a second deposition of an

individual must demonstrate that the deposition does not violate the principles of Rule 26(b)(2).

See *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001);

*Karr v. Four Seasons Maritime, Ltd.*, No. Civ. A. 02-3413, 2004 WL 797728, at \*6 (E.D. La.

Apr. 12, 2004). Defendants make no showing, however, that ordering Dr. Bowman's deposition

would be consistent with the principles of Rule 26(b)(2), and therefore have failed to meet their

burden.

Rule 26(b)(2) provides that discovery should be limited by the court if:

> (i) the discovery sought is unreasonably cumulative or duplicative,
> or is obtainable from some other source that is more convenient,
> less burdensome, or less expensive; (ii) the party seeking discovery
> has had ample opportunity by discovery in the action to obtain the
> information sought; or (iii) the burden or expense of the proposed
> discovery outweighs its likely benefit.

Had Defendants attempted to meet their burden, they would have failed on all three prongs of

Rule 26(b)(2).

As stated above, Defendants ask for a second deposition of Dr. Bowman with no

limitation on the scope of her questioning. Defendants go on to list documents produced by Dr.

Bowman after her deposition on December 2, 2005 in support of their argument that another

deposition is "necessary" and "appropriate." Despite their reference to these documents,

Defendants must be asking the Court to allow more than that, since Dr. Bowman already offered

to be deposed: "subject only to the condition that you not ask of her questions that you covered

in her first deposition. This simple condition does not limit you from asking her questions about

documents that our office produced subsequent to the date of her first deposition." *See Exhibit K*

*of the Affidavit of Tamsin R. Kaplan, Esq.* Furthermore, Defendants allege that "many of the

documents produced subsequent to the first part of her deposition contain information that

7

pertains to issues and events about which the Plaintiff was questioned during the first part of her deposition." This suggestion that Defendants would limit themselves to questions relating to the documents produced by Dr. Bowman is belied by their rejection of Dr. Bowman's parameters on scope: "The documents upon which Dr. Bowman can be examined are limited to those that were produced by us to you subsequent to Dr. Bowman's deposition on December 2, 2005. In addition, to the extent that you intend the scope to include questions not relating to those documents and that you already had an opportunity to ask of Dr. Bowman, we do not agree to that." *See Exhibit A of the Supplemental Affidavit of Tamsin R. Kaplan, Esq.* Defendants are not content to limit their questioning of Dr. Bowman in *any* way, including limiting themselves to the documents produced subsequent to December 2, 2005.

Defendants offer no rationale for this duplicative and cumulative discovery. Defendants had a full and fair opportunity to depose Dr. Bowman on December 2, 2005 on any topic relevant to this litigation, and they did so. They are not entitled to another shot at questioning on the mere hope that they will learn something further or will induce Dr. Bowman to say something arguably contradictory. *See Ameristar Jet Charter, Inc.*, 244 F.3d at 193. Nor may they ask questions unrelated to any subsequently learned or discovered information. *See Karr*, 2004 WL 797728, at *6. To allow such badgering is unreasonably duplicative and burdensome to Dr. Bowman, and would be inconsistent with Rule 26(b)(2).

It is worth further examining Defendants' claims that they need a second deposition of Dr. Bowman after having "learned about and, after considerable effort and a Motion to Compel, obtained from the Plaintiff hundreds of pages of documents pertinent to this matter." At no time did Defendants exhibit any urgency or need to review documents in Dr. Bowman's possession

prior to her deposition.[3] They initially scheduled her deposition on a date before *any* document responses were due to Defendants. They then rescheduled her deposition on a date before a response to their second set of document requests were due. It was entirely foreseeable by Defendants that they would receive additional documents from Dr. Bowman after her deposition, since they dictated the timing of their document requests.

It cannot be and is not, in fact, the rule that a party can demand a second deposition after receiving documents that they had not bothered to gather prior to conducting the first deposition. This would give parties no incentive to limit themselves to one deposition, and defeats the purpose of Rule 30(a)(2)(B). Parties must consider the order and sequencing of their discovery in order to comply with the Rules, particularly with Rule 26(b)(2) and 30(a)(2). "These rules were promulgated to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery' and the potential for discovery to be used as an 'instrument for delay or suppression.'" *Whittingham* v. *Amherst College*, 163 F.R.D. 170, 171-72 (D. Mass 1995) (quoting commentary to Rule 26(b)(2)). While Defendants claim that their need for a second deposition of Dr. Bowman is the result of not being given access to documents by the Plaintiff, it is more accurately a consequence of their own scheduling and of their delay in generating document requests. Further, where, as here, they have refused to agree to reasonable limits on this second deposition, and instead bring the matter before the Court triggering a delay of the Pre-Trial Conference, it is obvious that Defendants are not motivated by need but instead by a desire to delay reaching the substance. For these reasons, the Court is

---

[3] Urgency with respect to document collection and production has been entirely absent from Defendants' conduct, and they exhibited complete disregard for the discovery deadline. They produced documents to Dr. Bowman as late as March 3, 2006, in response to document requests served on *September 20, 2005* and nearly *three months* after the close of discovery. Similarly, they served a subpoena for documents on Sturdy Memorial Hospital on February 21, 2006, more than two months after the discovery deadline of December 12, 2005.

warranted in denying Defendants' request on the grounds that they had "ample opportunity" to "obtain the information sought" had they merely requested and obtained Dr. Bowman's documents before her deposition.

Finally, Defendants have offered no concrete objectives that they expect to achieve in taking a second deposition. They reference no particular fact or element of one or more of their defenses that may be elicited through further questioning of Dr. Bowman. *See Ameristar Jet Charter, Inc.*, 244 F.3d at 193. They fail to articulate the topics they wish to cover and to identify the particular documents about which they wish to question Dr. Bowman. *See Vincent* v. *Mortman*, No. 3:04 CV 491(JBA), 2006 WL 726680, at *1 (D. Conn. Mar. 17, 2006) (*slip copy*). The documents produced on April 21st in connection with Defendants' Motion to Compel are, as represented in Plaintiff's opposition to the said motion, totally immaterial to this case. Documents numbered 669-737 are miscellaneous, mostly undated, handwritten notes having nothing to do with this case. Documents numbered 738-929 contain Australian calendar wall hangings with virtually no entries on them (thus, wall hangings) and calendars maintained by Dr. Bowman in connection with her new position *after* she left Defendants' employ.

Dr. Bowman is a prominent pathologist, with a busy practice in Long Island, New York. It is no small imposition to compel her to come to Boston again to submit to questioning by Defendants' counsel. As such, the Defendants have failed to show that the burden of taking Dr. Bowman's deposition is outweighed by its likely benefit to them, and their motion should be denied for that reason.

This is a simple employment contract case. Defendants have attempted to convolute the issues and intimidate Dr. Bowman through unnecessary and irrelevant discovery demands and expensive and time-consuming fights. Dr. Bowman made diligent efforts to resolve this latest

10

demand of Defendants by agreeing to a second deposition subject to reasonable limitations. She went beyond her obligations under the Rules, yet still Defendants were unwilling to reach agreement, betraying their ultimate objectives of delay and waste. This behavior the Court need not and should not condone, because doing so would violate the principles of Rule 26(b)(2).

WHEREFORE, Bowman respectfully requests that this Court deny Defendants' Motion to Compel Plaintiff to Appear for Deposition and for Attorney's Fees and Costs, grant her attorney's fees and costs incurred in connection with same, and grant such other further relief as is just.

CYNTHIA FOSS BOWMAN

By her attorneys,

/s/ Vincent Pisegna

_____

Vincent J. Pisegna, BBO# 400560
Allison Huppé, BBO# 648274
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

DATED:  June 14, 2006

## CERTIFICATE OF SERVICE

I, Vincent J. Pisegna, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that there are no non-registered participants in the case.

/s/ Vincent Pisegna

_____

Vincent J. Pisegna

2129\0001\169103.1

# EXHIBIT A

Volume:            I
Pages:          1-178
Exhibits:    Nos. 1-18

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \*
                              \*

**CYNTHIA FOSS BOWMAN,**      \*
                              \*

       **Plaintiff**        \*

                              \*     Civil Action

        VS             \*
                              \*     **No. 05-10981-RCL**

**PATHOLOGY ASSOCIATES OF**  \*
**STURDY MEMORIAL HOSPITAL,** \*
**INC. and RICHARD A. SMITH,**\*
                              \*

       **Defendants**      \*
                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

DEPOSITION of **CYNTHIA FOSS BOWMAN, M.D.,**
a witness called on behalf of the Defendants, taken
pursuant to the Federal Rules of Civil Procedure
before Nancy Cameron May, a Professional Court
Reporter and Notary Public in and for the
Commonwealth of Massachusetts, at the offices of
Tamsin R. Kaplan & Associates, P.C., 90 Concord
Avenue, Belmont, Massachusetts, 02478, on Friday,
December 2, 2005, commencing at 10:25 a.m.

1          from 3:13 p.m. to 3:20 p.m.)

2

3               MS. KAPLAN:  We're going back on the

4     record.  That concludes my questioning for today.

5     However, this deposition will be suspended

6     because there are additional documents that we

7     are expecting to receive shortly.

8               Do you have any questions, Mr. Pisegna?

9               MR. PISEGNA:  No.  But for the record,

10    you chose to schedule your deposition today so

11    I'm not waiving my right to say that this is the

12    one shot you get.

13               MS. KAPLAN:  I want to be clear that it

14    is our position that the deposition is ongoing.

15    That doesn't necessarily mean that we will have

16    to reconvene.  Okay.

17               MR. PISEGNA:  Thank you.

18

19               (Whereupon, the deposition in the

20    above-entitled matter was suspended at 3:21 p.m.)

EXHIBIT B

# KROKIDAS ☒ BLUESTEIN

ATTORNEYS

Richard M. Bluestein
Maria J. Krokidas
Samuel Nagler
Janet Steckel Lundberg
Robert J. Griffin
Vincent J. Pisegna
Paul V. Holtzman
Anthony J. Cichello
Jennifer Gallop
Elka T. Sachs

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

Hugh Dun Rappaport
Julie A. Herbst
Emily R. Daughters

Elizabeth C. Ross
Linda R. Bosse
Barbara S. Parker
of counsel

July 20, 2005

**Via First Class Mail**

Tamsin R. Kaplan, Esq.
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA  02478

Re:     **Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial
Hospital, Inc. and Richard A. Smith
(US District Court) Docket No. 05 10981 RCL**

Dear Ms Kaplan:

As you know, I represent Plaintiff in the above-referenced action.  Enclosed is our Initial Disclosures of Cynthia Foss Bowman Pursuant To Fed. R. Civ. P. 26(a)(1); Proposed Joint Pre-Trial Schedule; and proposed Joint Case Management Statement of All Parties.  Please contact me no later than fourteen (14) days prior to the date of our initial scheduling conference to discuss the matters covered by the within pleadings.

Please consider our written settlement proposal required by Section I(c) of the Notice of Scheduling Conference dated June 16, 2005 to be the damages identified in Plaintiff's Initial Disclosures dated this date.

Thank you.

Very truly yours,

Vincent J. Pisegna

VJP/rh
Enclosures

2129\0001\153485.1

bcc:    Dr. Cynthia Foss Bowman (w/encls.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

Defendants.

## INITIAL DISCLOSURES OF CYNTHIA FOSS BOWMAN
## PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule

26.2(A), Plaintiff, Dr. Cynthia Foss Bowman ("Bowman"), hereby provides to Defendants,

Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith (collectively

"Defendants"), the following:

(a)     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1.     Cynthia Foss Bowman, 35 Elm Rock Road, Bronxville, N.Y., 718-470-3031. The transaction in dispute, breach of the contract and loss and damages resulting therefrom.

2.     Richard N. Bryant, Esq., Van Meer & Belanger, 20 York Street, Portland, ME., 207-871-7500. The transaction in dispute, breach of contract and loss and damage resulting therefrom.

3.     Richard A. Smith, 11 Dutton Park, Walpole, MA., telephone number unknown. The transaction in dispute, breach of contract and loss and damage resulting therefrom.

4.      Jack Toomey, John T. Toomey Associates, Inc., 175 Derby Street, Hingham, MA, 781-749-7938.  Pension plan matters.

5.      Scott A. Small, CPA, 227 Water Street, Augusta, Maine.  Pension plan matters.

(b)       A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

A copy of such documents has been produced herewith.

(c)       A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Pension plan damages - $157,791.00.

Unpaid salary, reimbursable expenses and bonuses - $24,806.51.

(d)       For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

CYNTHIA FOSS BOWMAN,
By her attorneys,

_____
Vincent J. Pisegna  BBO# 400560
Aaron J. Mango BBO# 660939
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

DATED:      July ____, 2005
2129\0001\152483.1

2



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,
                              Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

                              Defendants.

**JOINT CASE MANAGEMENT STATEMENT OF ALL PARTIES**

INTRODUCTION

In this action, Plaintiff, Dr. Cynthia Foss Bowman ("Bowman"), seeks to recover

monetary damages arising out of the breach of an employment contract wherein Defendants

agreed, among other things, to fund a retirement account for Bowman's benefit and to reimburse

Bowman for certain work related expenses.

Defendants contend _____.

To date, Bowman's Complaint and Defendants' Answer have been filed and Bowman

has served her initial disclosures pursuant to Rule 26(a)(1).

I.      PROPOSED CASE MANAGEMENT CONFERENCE AGENDA

        A.      Status of settlement;

        B.      Proposed pre-trial schedule;

        C.      Whether ADR and/or trial before magistrate judge is appropriate; and

    D.    Additional case management conferences.

## II.    STATUS OF SETTLEMENT

    Bowman has presented a written settlement proposal to Defendants.  Defense counsel has

conferred with his clients on the subject of settlement prior to the scheduling conference and is

prepared to respond to any proposal by Plaintiff at the scheduling conference.

## III.    PROPOSED PRE-TRIAL SCHEDULE

    The parties have agreed to a proposed pre-trial schedule, submitted herewith.

## IV.    ADR AND REFERENCE TO TRIAL BEFORE MAGISTRATE JUDGE

    The parties have conferred and agree to consent to trial before a Magistrate Judge.

Certifications of counsel and parties as required by Local Rule 16.1(D)(3) are attached hereto or

will be filed at the scheduling conference.

## V.    ADDITIONAL CASE MANAGEMENT CONFERENCES

    The parties do not foresee the need for additional case management conferences at this

time.

| | |
|---|---|
| PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL and RICHARD A. SMITH, By their attorneys, | CYNTHIA FOSS BOWMAN, By her attorneys, |
| DRAFT | DRAFT |
| _____ Tamsin R. Kaplan, BBO# 561558 TAMSIN R. KAPLAN & ASSOCIATES, P.C. 90 Concord Avenue Belmont, MA  02478 (617) 484-3210 | _____ Vincent J. Pisegna  BBO# 400560 Aaron J. Mango BBO# 660939 KROKIDAS & BLUESTEIN LLP 600 Atlantic Avenue Boston, MA  02210 (617) 482-7211 |

DATED:    July _____, 2005

2129\0001\152480.1

DRAFT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

Defendants.

## PROPOSED JOINT PRE-TRIAL SCHEDULE

Pursuant to the Notice of Scheduling Conference and Additional Matters dated June 16,

2005 and Local Rules 16.1(B) and (D), the parties hereto have conferred and agreed upon the

following proposed pre-trial schedule:

1.        Phase 1 (discovery desired to develop information needed for an assessment

of the case) - This phase may include (a) the production of documents by both parties pursuant to

document requests, (b) interrogatories, (c) depositions of the parties, and (d) if necessary to

achieve the purposes of Phase 1 discovery, depositions of the individuals listed in the initial

disclosures of the parties, and any other person discovered in connection with responses to

document requests, interrogatories or deposition questions.  To be completed by September 30,

2005.

2.        Phase 2 (all other non-expert discovery and any persons not deposed in Phase

1) - To be completed by October 31, 2005.

DRAFT

3.      Phase 3 (dispositive motions) - All dispositive motions to be submitted by November 30, 2005.  All oppositions thereto to be submitted by December 20, 2005.

4.      Phase 4 (expert discovery, if necessary) - Answers and supplemental answers to expert interrogatories to be completed by February 28, 2006 and expert depositions to be completed by March 31, 2006.

5.      A final pre-trial conference will be scheduled on or after March 31, 2006, at the Court's convenience.


PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL and
RICHARD A. SMITH,
By their attorneys,

CYNTHIA FOSS BOWMAN,
By her attorneys,



DRAFT

_____
Tamsin R. Kaplan, BBO# 561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA  02478
(617) 484-3210

_____
Vincent J. Pisegna  BBO# 400560
Aaron J. Mango BBO# 660939
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211


DATED:      July ____, 2005

2129\0001\152482.1

2