UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,
       Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

       Defendants.

## AFFIDAVIT OF ALLISON HUPPÉ

I Allison Huppé, being duly sworn to depose and state as follows:

1. I, with Vincent J. Pisegna, represent Plaintiff in the above-captioned action and submit this Affidavit in support of the Opposition of Cynthia Foss Bowman to Defendants' Motion to Compel Plaintiff to Appear for Deposition and for Attorney's Fees and Costs and Memorandum in Support.

2. Contrary to the representations of Attorney Tamsin Kaplan, counsel for Defendants, her letter dated May 16, 2006 and attached to her Affidavit as Exhibit G was not faxed or otherwise sent to the offices of Krokidas and Bluestein LLP until May 17, 2006. *See Exhibit A*, attached hereto.

3. On that day, May 17, 2006, I called Attorney Kaplan to discuss her demand to re-depose Dr. Bowman or, in the alternative, to mediate.

4. Attorney Kaplan and I spoke by phone twice on May 17, 2006, during which time

I told her that: (1) Dr. Bowman would agree to a second deposition, in person, on the condition that the scope of the be limited to documents produced *by* Dr. Bowman *to* the Defendants subsequent to December 2, 2005, the date of her deposition; (2) Dr. Bowman would agree to mediation, Court-sponsored in the first instance, on the conditions that it not delay the Pre-Trial Conference on June 15, 2006 and that Dr. Bowman's deposition occur *prior* to the mediation; and (3) Dr. Bowman did not agree to any postponement of the Pre-Trial Conference scheduled on June 15, 2006.

5. On May 17th, Attorney Kaplan and I went back and forth several times about which documents Dr. Bowman could be examined. At that time, Attorney Kaplan could not tell me the specific documents about which she intended to question Dr. Bowman.

6. We could not reach agreement about the scope of and limitations on an additional deposition of Dr. Bowman without knowing the particular documents to which each side was referring. Accordingly, I suggested that Attorney Kaplan send me a list of her intended documents, and she agreed to do so.

7. I never received any correspondence from Attorney Kaplan in which she agreed to limit the scope of the second deposition of Dr. Bowman to certain identified document groups.

Signed under the penalties of perjury this 14th day of June, 2006.

/s/ Name of Signatory
_____
Allison Huppé

## CERTIFICATE OF SERVICE

    I, Allison Huppé, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that there are no non-registered participants in the case.

/s/ Allison Huppé

_____
Allison Huppé

2129\0001\169558.1

# EXHIBIT A

## TAMSIN R. KAPLAN & ASSOCIATES
## COUNSELORS AT LAW

90 Concord Avenue
Belmont, MA 02478
Tel: 617-484-3210  Fax: 617-484-3162

---

TO:              Vincent J. Pisegna

FIRM:            Krokidas & Bluestein

FAX NO.:         617-482-7212

DATE:            May 17, 2006

NUMBER OF PAGES (INCLUDING COVER SHEET): 4

---

MESSAGE:

   *FOR IMMEDIATE ATTENTION*

   Re:   Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
         U. S. District Court Docket No. 05-10981-RCL

   Please see following. Thank you.

---

This facsimile contains PRIVILEGED AND CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone. Thank you.

**TAMSIN R. KAPLAN & ASSOCIATES, P.C.**
──────── COUNSELORS AT LAW ────────

90 Concord Avenue
Belmont, MA 02478
Tel: 617-484-3210  Fax: 617-484-3162

May 16, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Vincent J. Pisegna
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

  Re: Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
     U. S. District Court Docket No. 05-10981-RCL

Dear Mr. Pisegna:

  Enclosed please find for your review a draft Joint Motion for Referral to Mediation. Please authorize me to sign this Motion on your behalf for filing.

  Thank you for your prompt reply.

               Very truly yours,

               Tamsin R. Kaplan

Enclosure

cc: Richard A. Smith, M.D.

DRAFT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CYNTHIA FOSS BOWMAN, )
         Plaintiff, )
 )
v. )
 )
PATHOLOGY ASSOCIATES OF STURDY )   Civil Action No. 05-10981-RCL
MEMORIAL HOSPITAL, INC. and )
RICHARD A. SMITH, )
         Defendants. )

### JOINT MOTION FOR REFERRAL TO MEDIATION

The parties to this action hereby jointly request that the Court refer this matter for mediation at the earliest convenience of the Court.

Respectfully submitted,

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br>By her attorneys, | PATHOLOGY ASSOCIATES OF<br>STURDY MEMORIAL HOSPITAL<br>and RICHARD A. SMITH |
| **DRAFT**<br>Vincent J. Pisegna BBO #400560<br>Aaron J. Mango BBO #660939<br>KROKIDAS & BLUESTEIN LLP<br>600 Atlantic Avenue<br>Boston, MA 02210 | By their attorneys,<br>**DRAFT**<br>Tamsin R. Kaplan BBO #561558<br>TAMSIN R. KAPLAN & ASSOCIATES, P.C.<br>90 Concord Avenue<br>Belmont, MA 02478<br>(617) 484-3210 |

Dated: May __, 2006

## CERTIFICATE OF SERVICE

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this ___ day of June, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

_____
Tamsin R. Kaplan