UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
CYNTHIA FOSS BOWMAN,                    )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )
PATHOLOGY ASSOCIATES OF STURDY          )   Civil Action No. 05-10981-RCL
MEMORIAL HOSPITAL, INC.  and            )
RICHARD A. SMITH,                       )
                    Defendants.         )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY PURSUANT TO FED. R. CIV. P. 37(c)

**I.      Summary of Argument**

Plaintiff has consistently ignored her obligations to provide Defendants with the expert witness disclosures required by the Federal Rules of Civil Procedure and applicable case law. By denying Defendants these mandatory disclosures, Plaintiff has seriously prejudiced Defendants' ability to counter Plaintiff's last-minute attempt to inject expert testimony into this case. For these reasons, Plaintiff should be precluded from calling an expert witness at trial and precluded from presenting expert evidence through the guise of any fact witness.

**II.     Plaintiff Ignored Her Obligation to Provide Expert Witness Disclosures**

**A.  Plaintiff's Allegations**

Plaintiff, an experienced Pathologist, was employed by Defendant Pathology Associates of Sturdy Memorial Hospital for a period of approximately twenty months,

from July 2002 until March 2004.  Plaintiff has sued Defendants for breach of contract

and other claims, arising out of Defendants' alleged failure to provide Plaintiff with a

pension plan and certain other payments during her employment.  According to Plaintiff,

Defendants promised to contribute $40,000 per year into a pension plan for Plaintiff.  The

parties disagree about whether the total amount of pension funding in dispute is $64,000

as calculated by Defendants, or "approximately $80,000" as alleged by Plaintiff.

However, by "grossing up" her damages based on purported tax consequences of

pension plans, estimated lost earnings on investments, etc., Plaintiff is claiming that she

is entitled to more than $157,791 in damages as a result of Defendants' alleged failure to

make pension contributions.  In Plaintiff's Proposed Joint Pre-trial Memorandum, she

alleges:

> Defendants have breached the Contract by failing and refusing to make the
> required annual $40,000 contribution to a SEP [Simplified Employee Pension] set
> up for Bowman.  The sum of money to be paid to Bowman necessary to put her in
> the same position she would have been had Defendants made the pension
> contributions as required (the so-called "grossed-up" number) equals $157,791.00
> as of June 30, 2005.

(See Exhibit G, p.2)

To prove that the alleged amount of pension funding at issue in this case,

"approximately $80,000" according to the Plaintiff, should be increased to $157,791 or

more, Plaintiff seeks to rely upon expert testimony.  However, Plaintiff has failed to

provide the expert disclosures required by law in order to present expert testimony at

trial.

### B.  Mandatory Expert Disclosure Requirements

The directives for expert disclosures "are mandatory and self-executing."  Lohnes

v. Level 3 Communications, Inc., 272 F.3d 49, 59 (1st Cir. 2001).  Specifically, as part of

Plaintiff's Initial Disclosures under Fed. R. Civ. P. 26(a)(2)(A), Plaintiff was automatically required to disclose to Defendants the identity of any person who may be used at trial under Federal Rules of Evidence 702 (testimony by experts), 703 (bases of opinion testimony by experts), or 705 (disclosure of facts or data underlying expert opinion).   Rule 26(a)(2)(B) required Plaintiff to provide a detailed written report prepared and signed by any person retained as an expert witness.  The report was to contain (a) a complete statement of all opinions the expert would express at trial; (b) the bases and reasons for the opinions; (c) all data or information the expert considered in formulating the opinions; (d) any exhibits the experts would use to summarize or support the opinions; (e) the expert's qualifications, including a list of the expert's publications within the last 10 years; (f) compensation to be paid to the expert by Plaintiff; and (g) a list of all cases in which the expert testified as an expert at trial or deposition in the last four years.

Plaintiff was further required under Rule 26(e)(1) to seasonably supplement her Initial Disclosures regarding the identity of experts to be called at trial and the subject matter and substance of expected testimony.  See Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003) ("Once such a disclosure is made, it must be kept current.")  Importantly, Local Rule 26.4 requires that the expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be made at least 90 days before the final pretrial conference.

### C. Plaintiff's Failure to Comply

Despite these clear and specific requirements, Plaintiff failed to provide expert disclosures to the Defendants.  In fact, until June 8, 2006, one week before the original Pre-trial Conference date in this matter and five months after the close of discovery,

Defendants had no way of knowing that Plaintiff intended to designate her accountant Scott Small as an expert witness or that Plaintiff intended to present any expert testimony in this case.

Plaintiff first failed to provide expert witness information in her Initial Disclosures dated July 2005 and failed to seasonably supplement her Initial Disclosures. In addition, Plaintiff entirely ignored the requirement in Local Rule 26.4 to provide expert disclosures to Defendants at least 90 days before the final pretrial conference, which was originally scheduled for June 15, 2005 and has now been postponed to August 16, 2006 with the trial set for September 5, 2006.[1]  Also, although Defendants requested any experts' curriculum vitae and expert reports in Defendants' First Request for Production of Documents, Plaintiff provided nothing.[2]

In July 2005, Plaintiff's Initial Disclosures (Exhibit A) did not indicate that she would be calling any expert witnesses.  Plaintiff merely listed her accountant Scott A. Small as a witness on her Initial Disclosures in this way:  "Scott A. Small, CPA, 227 Water Street, Augusta, Maine.  Pension plan matters."  Nowhere is there any indication in her Initial Disclosures that Plaintiff intended Mr. Scott to be an expert witness.  Nor did Plaintiff provide any expert report by Mr. Scott, as required under Fed. R. Civ. P. 26(a)(2)(B).

On August 26, 2005, Defendants requested in their First Request for Production of Documents Propounded to Plaintiff that Plaintiff provide to Defendants "the

---

[1] The Scheduling Order issued by this Court, dated August 4, 2005, required expert discovery to follow the Court's decision on any dispositive motions.  However, no dispositive motions were filed in this matter.
[2] The close of discovery was originally set for December 12, 2005 and was extended to January 12, 2006 by the Court upon request by the Defendants.  By utilizing Local Rule 37.1 procedures and obtaining an Order from this Court to compel Plaintiff to produce certain documents, Defendants subsequently obtained additional responsive documents initially withheld by Plaintiff.  However, at no time did Defendants seek through such efforts any expert disclosures from Plaintiff because Defendants had no notice that Plaintiff intended to introduce any expert evidence in this case.

curriculum vitae of any expert who has been consulted or retained for this case by the Plaintiff" and "all reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff."  (Exhibit B, No. 15 and No. 16)   Plaintiff replied on September 28, 2005, in her Response to Defendants' First Request for Production of Documents (Exhibit C, No. 15 and No. 16), subject to objections, that she would produce the curriculum vitae and reports of any experts retained for this case.  Yet, Plaintiff provided no documents whatsoever in response to these document requests.

Because Plaintiff's accountant Mr. Small was listed in Plaintiff's Initial Disclosures as a fact witness with respect to "Pension plan matters," Defendants served Mr. Small with a subpoena for "[a]ny and all documents referring or pertaining in any way to pension plan matters at issue" in this matter, and "[a]ny and all documents referring or pertaining in any way to Cynthia Bowman's retirement benefits and/or retirement savings from March 2002 through the present, including but not limited to all pension plans, IRA's, SEP's [Simplified Employee Pensions], and other retirement accounts." (Exhibit D).

In response to that subpoena, on December 19, 2005, Mr. Small provided to the Defendants by facsimile several pages of documents. (Exhibit E)  Included in those documents was a letter indicating that Mr. Small had been Plaintiff's tax preparer for more than 10 years.  The documents provided by Mr. Small purport to show various calculations he made concerning Plaintiff's alleged damages.  However, there was nothing provided by Mr. Small in the form of a report.

Mr. Small's documents in no way indicated that the Plaintiff intended Mr. Small to testify as an expert witness.  It is impossible to ascertain from the documents he

provided whether Mr. Small's papers provide a complete statement of all opinions Mr. Small would express at trial, the bases and reasons for the opinions, the data or information he considered in formulating the opinions, or any exhibits he would use to summarize or support the opinions.  Moreover, the documents received from Mr. Small did not include any information about Mr. Small's qualifications, a list of his publications within the last 10 years, compensation to be paid to him by Plaintiff, or a list of cases in which he has testified as an expert in the last four years, as required by the Federal Rules of Civil Procedure for an expert witness.

On May 19, 2006, Plaintiff provided Defendants with a Draft Joint Pre-trial Memorandum.  Mr. Small is listed, along with the fact witnesses, this way:  "Scott A. Small, CPA, Macdonald, Page Schatz, Fletcher, LLC, 31 Long Creed Drive, South Portland Maine."  (Exhibit F, p. 7)  Again, there was no indication that Mr. Small, or anyone else, would appear as an expert witness.

On June 8, 2006, Plaintiff filed with the Court Plaintiff's Proposed Joint Pre-Trial Memorandum.  In this document, for the first time in the course of this litigation, Mr. Small was identified as an expert witness.  However, Mr. Small was merely listed among Plaintiff's witnesses as "Scott A. Small (expert witness), CPA, Macdonald, Page, Schatz, Fletcher, LLC, 31 Long Creek Drive, South Portland, Maine."  (Exhibit G, p. 7)  Still, no expert report nor any other expert information was provided.

On June 15, 2006, counsel for the parties attended a Status Conference in this matter.  In the context of addressing possible settlement of plaintiff's claims, Defendants' counsel discussed with Plaintiff's counsel and the Court the Plaintiff's failure to provide expert disclosures and, hence, her inability to prove her "so called 'grossed up' number."

Subsequently, on June 21, 2006, by facsimile, Defendants' counsel received Mr. Small's

very brief resume with a letter from Plaintiff's counsel stating that the documents

provided by Mr. Small in December 2005 in response to Defendants' subpoena will serve

as his expert report.  With respect to expert disclosure requirements, the June 21, 2006

letter states only:

> Mr. Small has not been published in the last ten years, nor
> has he testified at trial or by deposition in the last four
> years.  Mr. Small was compensated for his work preparing
> the letter report at his usual hourly rate ($270) discounted
> by fifteen percent.  If he testifies, he will be compensated at
> the same hourly rate or some discounted rate thereof.

(Exhibit H).

The Pre-trial Conference in this matter was originally scheduled for June 15,

2006.  At this time, the final Pre-trial Conference is scheduled for August 16, 2006 (55

days from now) with the trial to follow soon after, on September 5, 2006.  Yet, Plaintiff

still has not provided the expert report required if she seeks to introduce Mr. Small as an

expert witness or present any expert evidence at trial.

### III.     Exclusion of Expert Testimony is the Appropriate Sanction for Plaintiff's Failure to Comply

Because Mr. Small's role as an expert witness was concealed by Plaintiff until the

very end of this litigation, Plaintiff has gained an unfair advantage over Defendants who

did not have an opportunity to consider the proposed expert testimony, depose Mr. Small

as an expert witness, consult with their own expert or engage a rebuttal expert.

According, expert testimony or any expert evidence sought to be presented at trial by

Plaintiff must be excluded.  See Fed. R. Civ. P. 37(c)(1).  The June 21, 2006 letter from

Plaintiff's counsel is simply too little, too late.  This tactic by Plaintiff is "nothing short of

a sneak attack….[and] exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate. " Lohnes v. Level 3 Communications, Inc., 272 F. 3d 49, 60 (1st Cir. 2001) (expert affidavit properly disregarded where expert disclosures were not provided in a timely manner). The very purpose of the disclosure rules, among other things, is to "prevent an ambush at trial." Ortiz-Lopez v. Sociedad Espanola, 248 F.3d 29, 35 (1st Cir. 2001) (plaintiff's expert properly excluded where expert disclosure was deficient).

Plaintiff has not even come close to meeting her obligations to provide an expert report by Mr. Small. As discussed above, the documents received from Mr. Small (Exhibit E) do not qualify as an expert report under the Rules. See Pena-Crespo v. Commonwealth of Puerto Rico, 408 F.3d 10, 13-14 (1st Cir. 2005) (finding inadequate a series of documents that included psychiatric expert's evaluation, resume, plaintiff's medical records; missing were basis and reasons for opinions, exhibits, list of publications, other cases in which expert had testified, compensation).

The expert disclosure requirements are "not merely aspirational, and courts must deal decisively with a party's failure to adhere to them." Lohnes v. Level 3 Communications, Inc., 272 F.3d at 60. Fed. R. Civ. P. 37(c)(1) provides, in relevant part (emphasis added):

> A party who without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), **is not**, unless such failure is harmless, **permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information** not so disclosed.

Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rules, and the *required sanction* in the ordinary case

is mandatory preclusion." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), cert.

denied sub nom. Mary Hitchcock Memorial Hosp. v. Klonoski, 526 U.S. 1039 (1999)

(emphasis added). See also Laplace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002)

(noting that exclusion of evidence is standard sanction for violation of duty of disclosure

under Rule 26(a)); Pena-Crespo v. Commonwealth of Puerto Rico, 408 F.3d 10, 13 (1st

Cir. 2005) (same); Norris v. Murphy, Civ. No. 00-12599-RBC, 2003 U.S. Dist. LEXIS

10795, *4 (D. Mass., June 26, 2003) (sanction of exclusion is automatic and mandatory,

unless sanctioned party can show that its violation was either justified or harmless).

Many courts have found disclosure inadequate where the party seeking to call an

expert failed to comply with the letter of the law. See Norris v. Murphy, 2003 U.S. Dist.

LEXIS at *8 (finding disclosures inadequate where expert produced the names of four

other cases in which he had testified, but failed to produce any other information about

prior matters); Pomales v. Bridgestone Firestone, Inc., 217 F.R.D. 290, 292-93 (D. P. R.

2003) (precluding testimony of expert for failure to provide curriculum vitae, discussing

the importance of producing same to opposing party); Pell v. E.I. DuPont de Nemours &

Co. Inc., 231 F.R.D. 186, 193 (D. Del. 2005) (expert report inadequate where it did not

contain qualifications, list of other cases in which expert had testified, or indication of

compensation).

Plaintiff had more than ample time to comply with the expert disclosure rules.   It

is inexcusable that she waited until June 8, 2006, one week before the originally

scheduled Pre-trial Conference, even to list Mr. Small as an expert.  Plaintiff's conduct is

even more inexplicable since the documents produced by Mr. Small indicate that he has

been Plaintiff's CPA for more than 10 years, and most of the documents he apparently

prepared to calculate Plaintiff's alleged damages are dated June 2005.  (Exhibit E)
Plaintiff cannot, therefore, claim that she only recently located Mr. Small.  See Macaulay,
321 F.3d at 51-52 (district court properly precluded expert testimony when plaintiff did
not timely submit report).

Plaintiff's failure to comply with her expert disclosure obligations has seriously
prejudiced Defendants.  Plaintiff has deprived Defendants of the opportunity to depose
Mr. Small as an expert, challenge his credentials, solicit appropriate expert opinions,
conduct expert-related discovery or engage a rebuttal expert.  See Lohnes, 272 F.3d at 60.
Consequently, excluding Mr. Small's expert testimony in this matter is an appropriate
and just consequence for Plaintiff's failures to abide by the rules of expert disclosure.

**IV.    Plaintiff Should Not Be Permitted to Present Expert Testimony Under the
Guise of Any Fact Witness.**

Because Plaintiff has utterly failed to meet the requirements of expert disclosure,
any testimony concerning the so-called "gross up" of Plaintiff's alleged pension losses
should be precluded.  That is, neither Mr. Small nor any other witness should be
permitted to testify—as fact or expert witness—on the subject of "grossed up" pension
losses.

Any testimony as to the reasons for and the methodology behind the "grossing
up" of Plaintiff's alleged damages would be in the nature of expert testimony because it
would take scientific, technical, or other specialized knowledge to assist the jury to
understand how Plaintiff's alleged loss of her pension ballooned from approximately
$80,000 (the amount Plaintiff alleges Defendants failed to contribute to a pension fund)
into a demand for damages in excess of $157,791.00.   See FRE 702.  See O'Neill v.

Sears, Roebuck & Co., 108 F. Supp. 2d 443, 447 (E.D. Pa. 2000) (noting that calculation of supplement to damage award because of tax consequences generally requires expert analysis); Shovlin v. Timemed Labeling Sys., Inc., No. 95-cv-4808, 1997 U.S. Dist. LEXIS 2350, *6 (E.D. Pa. Feb. 27, 1997) (denying "gross up" of damage award because there was "no testimony by a tax expert calculating the 'negative tax consequences' to the Plaintiff in the future in connection with an award of back pay and front pay and this court is not inclined to engage in the speculative task of determining the Plaintiff's future tax liability."); Gelof v. Papineau, 829 F.2d 452, 455-56 (3d Cir. 1987) (remanding for further expert testimony on issue of whether supplement to damage award because of tax consequences was appropriate).

Federal Rule of Evidence 701(c) explicitly bars the admission of lay opinions that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The purpose of Rule 701(c) is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 Notes of Advisory Committee on 2000 Amendments.

Allowing Mr. Small or any other lay witness to testify to so-called "gross up" calculations of Plaintiff's alleged pension losses would be letting Plaintiff do an end run around the mandatory expert disclosure rules. See Bank of China v. NBM LLC, 359 F.3d 171, 180-81 (2d Cir. 2004) (finding that trial court erred in permitting lay testimony based not on witness' perceptions, but on his experience and specialized knowledge); Cooper v. Southern Co., 390 F.3d 695, 730 (11th Cir. 2004), cert. denied, 126 S. Ct. 478, 163 L.Ed. 2d 363 (2005) (affirming district court's preclusion of testimony of witness

originally identified as a fact witness, but later identified as expert witness, where expert report was not provided).

**V.    Conclusion**

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).

Respectfully submitted,
PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and
RICHARD A. SMITH,
By their Attorneys,


/s/ Tamsin R. Kaplan _____
Tamsin R. Kaplan BBO #561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

June 22, 2006


CERTIFICATE OF SERVICE

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 22nd day of June, 2006, by electronic filing and pre-paid overnight delivery, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

/s/ Tamsin R. Kaplan ____
Tamsin R. Kaplan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

Defendants.

## INITIAL DISCLOSURES OF CYNTHIA FOSS BOWMAN
## PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule

26.2(A), Plaintiff, Dr. Cynthia Foss Bowman ("Bowman"), hereby provides to Defendants,

Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith (collectively

"Defendants"), the following:

(a)     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1.     Cynthia Foss Bowman, 35 Elm Rock Road, Bronxville, N.Y., 718-470-3031. The transaction in dispute, breach of the contract and loss and damages resulting therefrom.

2.     Richard N. Bryant, Esq., Van Meer & Belanger, 20 York Street, Portland, ME., 207-871-7500. The transaction in dispute, breach of contract and loss and damage resulting therefrom.

3.     Richard A. Smith, 11 Dutton Park, Walpole, MA., telephone number unknown. The transaction in dispute, breach of contract and loss and damage resulting therefrom.

4.  Jack Toomey, John T. Toomey Associates, Inc., 175 Derby Street, Hingham, MA, 781-749-7938.  Pension plan matters.

5.  Scott A. Small, CPA, 227 Water Street, Augusta, Maine.  Pension plan matters.

(b)  A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

A copy of such documents has been produced herewith.

(c)  A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Pension plan damages - $157,791.00.

Unpaid salary, reimbursable expenses and bonuses - $24,806.51.

(d)  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

CYNTHIA FOSS BOWMAN,
By her attorneys,

_____
Vincent J. Pisegna  BBO# 400560
Aaron J. Mango BBO# 660939
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

DATED:    July ____, 2005
2129\0001\152483.1

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CYNTHIA FOSS BOWMAN,

     Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and
RICHARD A. SMITH,

     Defendants.

Civil Action No. 05-10981-RCL

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF

Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith ("Defendants") request Plaintiff Cynthia Foss Bowman ("Plaintiff") to produce the documents and things listed below, pursuant to Rule 34 of the Federal Rules of Civil Procedure. Items are required to be produced at Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue, Belmont, MA 02478 on or before the time provided for in Fed.R.Civ.P. 34. Plaintiff may comply with this request by forwarding all documents and tangible things requested to Defendants' counsel postmarked prior to the date called for inspection.

## DEFINITIONS

1. Except as may be more broadly defined herein, the full text of the definitions set forth in Local Rule 26.5(C) shall be deemed incorporated into all requests herein.

2. As used herein, the term "document" means any written, recorded or graphic matter however produced or reproduced and includes, but is not limited to, writings, books, records, papers, minutes of meetings, agreements, contracts, memoranda, charts, diagrams, graphs, drawings, illustrations, photographs, telegrams, telexes, cables, letters, written analyses, reports, recordings, notes, including notations and memoranda of any sort of telephone communications or face-to-face oral meetings or conversations, financial statements, surveys, calculations, diaries, calendars, address and telephone records, data compilations from which information can be obtained, translated, if necessary, by Plaintiff through detection devices into reasonably usable form, or other documents, as well as electronically stored data, information, or material, including e-mail, voice-mail, deleted and erased computer records available on hard drives, floppy disks, and back-up systems, as well as any transcript or summary thereof. It includes the original, any copy which differs in any regard from the original and

any drafts thereof.

3. As used herein, the terms "you" and "your" refer to the Plaintiff and her employees, servants, agents and representatives.

INSTRUCTIONS

1.    Unless indicated otherwise, the time period relevant to this Request for Production of Documents is the period from January 1, 1995 through the present.

2.    This request for production of documents demands production of all responsive documents which are in the possession, custody or control of Plaintiff or her employees, servants, agents or representatives.

(A)    If your response is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

(B)    If your response is that the documents are not in your control, identify who has control and the location of the records.

(C)    If your response is that no such document exists, identify whether such documents existed at any time, give a description of the document, the date destroyed and the reason destroyed.

3.    Originals of documents are to be produced wherever possible, and, in particular, when copies are illegible or obscured in any fashion. In the event that originals are not produced, please set forth in writing for each copy or group of copies produced:

(A)    a description of the document or documents in question;
(B)    the location and custodian of the original(s) thereof; if the original has been destroyed or is otherwise unavailable, the last known location or custodian thereof, as well as the latest date upon which such document or documents was known to be in existence or available; and
(C)    the reason(s) why the original has not been produced.

4.    All documents called for by this request as to which Plaintiff claims privilege of any sort as grounds for non-production shall be listed chronologically as follows:

(A) date;
(B) title;
(C) names of author(s), addressee(s) and all individuals listed or known to have received or seen copies thereof;
(D) type of document (e.g., memorandum, report, chart, etc.);
(E) subject matter (without revealing the information as to which privilege is claimed); and

(F) factual and legal basis for claimed privilege, or specific statutory authority which provides the claimed ground for non-production.

5.     This document request is continuing in nature and requires you to promptly supplement your production whenever any other documents responsive to this Document Request enter your possession, custody or control at any time prior to the trial of this action.

## DOCUMENTS TO BE PRODUCED

1.     All documents identified, described or referred to in the Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this matter.

2.     All documents which refer or pertain in any way to the observations, experiences and/or anticipated testimony of the individuals identified in the Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this matter, which relate in any way to the claims or defenses in this lawsuit.

3.     All statements or other documents from any person who Plaintiff believes has any information or knowledge relating to the facts alleged in the Complaint.

4.     All documents which relate or pertain to any communications, discussions or conversations Plaintiff had with any individuals, organizations or agencies regarding any of the allegations in her Complaint.

5.     All documents which refer or pertain in any way to the events and damages alleged in Plaintiff's Complaint in this matter or to any other claims or damages alleged by Plaintiff against Defendants.

6.     All documents which constitute, refer or pertain in any way to any communications, discussions or conversations between Plaintiff and Defendant Richard A. Smith.

7.     All documents which constitute, relate or refer to records of any kind which Plaintiff received or has taken from Defendants.

8.     All documents which refer or pertain in any way to compensation or benefits related to Plaintiff's employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

9.     Your resume and curriculum vitae, including all current and past versions.

10.     All documents which refer or pertain in any way to any employment of Plaintiff since separation from employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

11.     All documents which refer or pertain in any way to income received by Plaintiff at any time since her separation from employment by Pathology Associates of Sturdy Memorial Hospital, Inc.

12.     All diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs or other records Plaintiff maintained from March 1, 2002 through the present.

13.     All documents which relate or pertain in any way to any claim or suit filed by Plaintiff or on behalf of Plaintiff against any person or entity, filed with any court or agency.

14.     All documents which relate or pertain in any way to any claim or suit filed against Plaintiff in any court or agency, in which Plaintiff is or was named as a defendant or respondent.

15.     A copy of the curriculum vitae of any expert who has been consulted or retained for this case by Plaintiff.

16.     All reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff.

Respectfully submitted,

PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC., and RICHARD A. SMITH,
By their attorneys,

Tamsin R. Kaplan (BBO #561558)
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA  02478
(617) 484-3210

Dated:  August 26, 2005

## CERTIFICATE OF SERVICE

I, Tamsin R. Kaplan, hereby certify that I have served a copy of the foregoing document on this 26th day of August, 2005 by facsimile and first-class mail, postage prepaid, upon the attorney of record for the Plaintiff, Vincent J. Pisegna, Esq., Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA  02210.

Tamsin R. Kaplan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

Defendants.

**RESPONSE OF CYNTHIA FOSS BOWMAN TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Cynthia Foss Bowman ("Bowman"), hereby responds to Defendants' First

Request For Production of Documents Propounded To Plaintiff ("Defendants' Request") as

follows:

General Objections

Bowman objects to Defendants' Request to the extent that such Request seeks documents

protected by the work product, attorney-client, or any other applicable privilege and to the extent

documents requested are not capable of leading to the discovery of admissible material in this

proceeding.  Bowman also objects to the production of proprietary information without the filing

of an acceptable confidentiality stipulation.

Further, Bowman objects to Defendants' Request to the extent said Request imposes

obligations in addition to those required pursuant to Fed. R. Civ. P. 34.

In addition, Bowman reserves the right to revise, correct, clarify or supplement this

Response and any production of documents.

Bowman specifically incorporates into its response to each numbered Request each of the above objections.

Subject to these general objections, Bowman responds as follows:

<u>Response to Documents Requested</u>

1.    Bowman has produced all documents in her possession and control responsive to Defendants' Request No. 1.

2.    Objection.  Defendants' Request No. 2 is vague, ambiguous and overbroad. Subject to Bowman's objections, Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 2.

3.    Objection.  Defendants' Request No. 3 is vague, ambiguous and overbroad. Subject to Bowman's objections, Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 3.

4.    Objection.  Defendants' Request No. 4 is vague, ambiguous and overbroad. Subject to Bowman's objections, Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 4.

5.    Objection.  Defendants' Request No. 5 is vague, ambiguous and overbroad. Subject to Bowman's objections, Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 5.

6.    Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 6.

7.    Objection.  Defendants' Request No. 7 is vague, ambiguous and overbroad. Subject to Bowman's objections, Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 7.

8.     Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 8.

9.     Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 9.

10.     Objection.  Defendants' Request No. 10 is not capable of leading to the discovery of admissible evidence in the above-captioned action and is made to annoy, embarrass, oppress and unduly burden Bowman.

11.     Objection.  Defendants' Request No. 11 is not capable of leading to the discovery of admissible evidence in the above-captioned action and is made to annoy, embarrass, oppress and unduly burden Bowman.

12.     Objection.  Defendants' Request No. 12 is vague, ambiguous and overbroad. Subject to Bowman's objections, Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 12.

13.     Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 13.

14.     Bowman will produce any documents in her possession or control responsive to Defendants' Request No. 14.

15.     Subject to Bowman's objections, Bowman will produce the curriculum vitae of any expert retained for this case by Bowman.

16.     Subject to Bowman's objections, Bowman will produce the reports of any expert retained for this case by Bowman.

CYNTHIA FOSS BOWMAN,
By her attorneys,

Vincent J. Pisegna  BBO# 400560
Aaron J. Mango BBO# 660939
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

DATED:        September 28, 2005

2129\0001\156101.1

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

Defendants.

## CERTIFICATE OF SERVICE

I, Vincent J. Pisegna, hereby certify that on September 28, 2005, I served a Response of Cynthia Foss Bowman To Defendants' First Request For Production of Documents, via e-mail and first class mail, postage prepaid, upon Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue, Belmont, MA 02478.

Vincent J. Pisegna

2129\0001\156103.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA FOSS BOWMAN,<br>         Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC.  and<br>RICHARD A. SMITH,<br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-10981-RCL<br>)<br>)<br>)<br>) |

SUBPOENA FOR TAKING DEPOSITION
Fed. R. Civ. P. Rule 30(a) and Rule 45

To:      Scott A. Small
         227 Water Street
         Augusta, ME

GREETINGS:

YOU ARE HEREBY COMMANDED in the name of the United States District
Court for the District of Massachusetts in accordance with the applicable provisions of
the Federal Rules of Civil Procedure to appear and testify before a Notary Public of the
Commonwealth of Massachusetts and Tamsin R. Kaplan, Esquire (617) 484–3210, at the
office of Brown & Meyers, located at Eastern Book Company, 55 Bradley Drive, 2nd
Floor, Westbrook, Maine, 04092, on Thursday, December 22, 2005 beginning at 11:00
a.m. and from day to day thereafter to give evidence of what you know at the taking of
the deposition in the above entitled action.

**YOU ARE FURTHER REQUIRED TO BRING WITH YOU THOSE
DOCUMENTS LISTED ON SCHEDULE A, ATTACHED HERETO.**

Federal Rule of Civil Procedure Rule 45 states the following:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i)     fails to allow reasonable time for compliance;
    (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv)   subjects a person to undue burden.

(B) If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosures of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

      HEREOF FAIL NOT as you will answer your default under the pains and penalties in the law that on behalf are made and provided.

Dated: December 9, 2005

Tamsin R. Kaplan, BBO #561558
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

<u>CERTIFICATE OF SERVICE</u>

    I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 9th day of December, 2005, by first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

Tamsin R. Kaplan

SCHEDULE A

Definition:

As used herein, the term "document" means any written, recorded or graphic matter however produced ore reproduced and includes, but is not limited to, books, records, papers, minute of meeting, agreements contracts, memoranda, charts, diagrams, drawings, illustrations, photographs, telegrams, telexes, cables, letters, written analyses, reports, recordings, notes, including notations and memoranda of any sort of telephone communications or face-to-face oral meetings or conversations, financial statements, surveys, calculations, diaries, calendars, address and telephone records, or other documents, as well as electronically stored data, information, or material, including e-mail, voice-mail, deleted and erased computer records available on hard drives, floppy disks, and back-up systems, as well as any transcript or summary thereof. It includes the original, and any copy which differs in any regard from the original and any drafts thereof.

You are required to provide:

1.    Any and all documents referring or pertaining in any way to pension plan matters at issue in the pending action Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc. et al., Civil Action No. 05-10981-RCL, U.S. District Court for the District of Massachusetts. (A copy of the complaint in this action is attached hereto as Exhibit 1).

2.    Any and all documents referring or pertaining in any way to Cynthia Bowman's retirement benefits and/or retirement savings from March 2002 through the present, including but not limited to all pension plans, IRA's, SEP's, and other retirement accounts.

# FAX COVER SHEET



227 Water Street
P.O. Box 2749
Augusta, ME 04338-2749
(207) 622-4766
FAX (207) 622-6545
Email: cpa@macpage.com • Web Site: www.macpage.com

Date:           December 19, 2005

To:             Tamsin R. Kaplan

Company:        Tamsin R. Kaplan & Associates, P.C.

Fax #:          617-484-3162

From:           Scott Small

Re:             Cynthia Foss Bowman

Total # pages, including cover sheet:    7

Comments:

  The following is the information I am planning to bring to the deposition on Thursday. Although I think the information is fairly self explanatory, the first two pages are a letter and attached schedule of computations explained in the letter. The next page is a June 22nd memo documenting my conversations with Dr. Bowman and Vince Pisegna; the next page is contact information for Mr. Pisegna's firm; the next page is the same as the computations attached to the June 28th letter except that I have added explanatory information regarding the actual computations; and the final page documents the 2002 tax computation which basically uses up the remainder of the 28% tax rate and then shows the additional tax which is in the 33% bracket.

  Please contact me if you have any questions regarding the computations.

*We are here to help you in many ways. Please take a moment to review our list of services.*

✧ Litigation Support ✧ Management Consulting ✧Business Plan Development ✧ Estate Planning/Trusts ✧Budgets ✧Business Start-Ups ✧Compensation Programs ✧Personnel Recruitment ✧ Tax Planning
✧ Software Consultation ✧Sale or Purchase of Business ✧ Physician Practices ✧ 501(c) (3)
✧ Health Care Consulting ✧Liquidation of Business ✧Reorganization of Business
✧ Personal Financial Plans ✧ Inventory Methods ✧Employee Manual
✧Cost Reports ✧Costing Systems ✧ Buy-Sell Agreements
✧Bookkeeping Services ✧ Selection of Tax Entity ✧Payroll Tax Return Preparation
✧ Retirement/Pension Planning ✧Section 125 (Cafeteria) Plans

This message is for the use of the individual or entity addressed above, and may contain information that is privileged, confidential, and exempt from disclosure. Any distribution or copying of this is prohibited. If you receive in error, please call us immediately and return original via U.S. postal service. Thank you for your cooperation.

➤ *C.C. Vincent Pisegna   617-482-7212*

# Macdonald Page Schatz Fletcher
### LLC

Management Advisors & Certified Public Accountants

June 28, 2005

Vincent J. Pisegna, Esq.
Krokidas & Bluestein, LLP
600 Atlantic Avenue
Boston, MA 02210

Re:    Cynthia L. Bowman, M.D.

Dear Vince:

Please find enclosed the information you requested for Dr. Bowman. We have been providing tax services for Dr. Bowman for over ten years. The calculations are based on Dr. Bowman's actual 2004 tax situation with the assumption that 2005 will be similar to 2004 except for the payment from Pathology Association.

Dr. Bowman filed as a ME resident and in both MA and NY as non-residents. In this situation, Dr. Bowman pays tax on income earned in each non-resident state at their rates. All income is subject to ME tax with a credit given for actual taxes paid to other states. Therefore, the marginal ME rate of 8½ % becomes the effective state tax rate.

We prepared the calculations using information that you provided about the case. You indicated that Dr. Bowman was entitled to a $40,000 pension contribution for calendar years 2002 and 2003. You also told us to assume the 2002 and 2003 deposits would have been made on December 31, 2002 and December 31, 2003, respectively. Finally, you indicated that we should calculate the lost earnings from each assumed deposit date to June 30, 2005 using a simple interest rate of twelve percent.

If the settlement is paid to Dr. Bowman in 2005 as compensation, it will be subject to Medicare taxes as well as income taxes (Dr. Bowman is over the Social Security cap). If the "employer" pays this tax, the employee's compensation is grossed up for the employee's portion of the tax. Thus, the calculation of this tax and the income taxes are circular. We simplified the calculation by calculating the income taxes for Medicare and income taxes separately. This may result in a slight variance but should not be significant for your purposes.

Please let us know if you have any questions.

Sincerely,

Scott A. Small, CPA

30 Long Creek Drive • South Portland, ME 04106-2437 • 207-774-5701 • FAX: 207-774-7835
227 Water Street • P.O. Box 1071 • Augusta, ME 04332-1071 • 207-622-4766 • FAX: 207-622-6545
87 Elm Street • Camden, ME 04843-1959 • 207-236-8455 • FAX: 207-236-8672

www.macpage.com • cpa@macpage.com

An Independently Owned Member of the McGladrey Network

Cynthia L. Bowman, MD
Calculation of amount due from Pathology Association
as of 6/30/2005

|  | 2002 | 2003 |
|---|---|---|
| Pension Contribution | $ 40,000 | $ 40,000 |
| Lost earnings at 12% | 12,000 | 7,200 |
| Total prior to gross up for medicare taxes | 52,000 | 47,200 |
| Federal tax | 15,360 | 15,576 |
| State tax | 4,420 | 4,012 |
| Amount subject to Gross up for Medicare | 71,780 | 66,788 |
| Gross up for Medicare taxes (.0145) | 1,056 | 983 |
| Amount subject to income taxes | 72,836 | 67,771 |
| Additional federal tax on Medicare and income taxes | 6,876 | 6,788 |
| Additional state tax on Medicare and income taxes | 1,771 | 1,749 |
|  | 81,483 | 76,308 |
| Total amount due for 2 years as of 6/30/05 | $ 157,791.00 | |

Assumptions:
Deposit dates for each were 12/31/02 and 12/31/03
Lost earnings were calculated using a simple interest calculation of 12%
Medicare taxes were calculated as Dr Bowman was over the social security cap
Federal tax calculated at taxpayers marginal rates for 2004
State tax calculated at 8.5% (top rate for Maine)

# MEMO

**To:**        **52500**

**From:**      **SAS**

**Date:**      **June 22, 2005**

**Re:**         **Dr. Bowman**
                **718-470-3031**

Talked to Dr. Bowman 6/21.  Okay to provide any tax/financial information to Attorney Vincent J. Pisegna.  He is representing Dr. Bowman in claims against Dr. Smith (Pathology Association), former MA employer, for breach of employment agreement.

Per Vince, Dr. Bowman was entitled to a $40,000 pension contribution for calendar years 2002 and 2003.

Vince would like calculation of grossed up amount of what Dr. Smith would have to pay Dr. Bowman on 6/30/2005 to compensate for $40,000 pension contribution 12/31/2002 and 12/31/2003 including lost earnings from each deposit date to 6/30/05 @ 12%.

Use marginal 2004 tax rates to gross up as actual 2005 rate unknown.

Contact information:

                Vince Pisegna
                Krokidas & Bluestein LLP
                600 Atlantic Avenue
                Boston, MA   02210
                617-482-7211        vpisegna@kb-law.com

top

HOME          ABOUT US          PRACTICE AREAS          ATTORNEYS          CONTACT

KROKIDAS & BLUESTEIN
ATTORNEYS

CONTACT

**Krokidas & Bluestein LLP**

600 Atlantic Avenue
Boston, MA  02210
617.482.7211
617.482.7212 (fax)
www.kb-law.com

Maria Krokidas
mkrokidas@kb-law.com

Richard Bluestein
rbluestein@kb-law.com

©2004 Krokidas & Bluestein LLP

Cynthia L. Bowman, MD.
Calculation of amount due from Pathology Association
as of 6/30/2005

| | 2002 | 2003 |
|---|---|---|
| Pension Contribution | $ 40,000 | $ 40,000 |
| Lost earnings at 12% | 12,000 ① | 7,200 ② |
| Total prior to gross up for medicare taxes | 52,000 | 47,200 |
| Federal tax | 15,360 ③ | 15,576 ④ |
| State tax | 4,420 ⑤ | 4,012 ⑥ |
| Amount subject to Gross up for Medicare | 71,780 | 66,788 |
| Gross up for Medicare taxes (.0145) | 1,056 ⑦ | 983 ⑧ |
| Amount subject to income taxes | 72,836 | 67,771 |
| Additional federal tax on Medicare and income taxes | 6,876 ⑨ | 6,788 ⑩ |
| Additional state tax on Medicare and income taxes | 1,771 ⑪ | 1,749 ⑫ |
| | 81,483 | 76,308 |
| Total amount due for 2 years as of 6/30/05 | $ 157,791.00 | |

Assumptions:
Deposit dates for each were 12/31/02 and 12/31/03
Lost earnings were calculated using a simple interest calculation of 12%
Medicare taxes were calculated as Dr Bowman was over the social security cap
Federal tax calculated at taxpayers marginal rates for 2004
State tax calculated at 8.5% (top rate for Maine)

① = 40,000 × 12% × 2.5 (yrs)
② = 40,000 × 12% × 1.5
③ = computation attached
④ = 47,200 × 33%
⑤ = 52,000 × 8.5%
⑥ = 47,200 × 8.5%
⑦ = 72,836 × 1.45%
⑧ = 67,771 × 1.45%
⑨ = (15,360 + 4,420 + 1056) × 33%
⑩ = (15,576 + 4,012 + 983) × 33%
⑪ = same as ⑨ but at 8.5% state rate
⑫ = same as ⑩ but at 8.5% state rate

| 2004 | FEDERAL INCOME TAX SUMMARY | PAGE 1 |
|---|---|---|

DAVID J AND CYNTHIA L BOWMAN                    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

| | 2004 | 2003 | DIFF |
|---|---|---|---|
| **INCOME** | | | |
| WAGES, SALARIES, TIPS, ETC | 254,275 | 225,403 | 28,872 |
| INTEREST INCOME | 0 | 21 | -21 |
| DIVIDEND INCOME | 316 | 0 | 316 |
| REFUNDS OF STATE AND LOCAL TAXES | 0 | 272 | -272 |
| TAXABLE PENSIONS | 12,601 | 11,847 | 754 |
| OTHER INCOME | 0 | 1,000 | -1,000 |
| TOTAL INCOME | 267,192 | 238,543 | 28,649 |
| **ADJUSTMENTS TO INCOME** | | | |
| MOVING EXPENSES | 3,331 | 0 | 3,331 |
| ONE-HALF OF SELF-EMPLOYMENT TAX | 0 | 14 | -14 |
| TOTAL ADJUSTMENTS | 3,331 | 14 | 3,317 |
| ADJUSTED GROSS INCOME | 263,861 | 238,529 | 25,332 |
| **ITEMIZED DEDUCTIONS** | | | |
| TAXES | 32,231 | 23,999 | 8,232 |
| INTEREST | 64,128 | 60,162 | 3,966 |
| CONTRIBUTIONS | 2,165 | 200 | 1,965 |
| MISCELLANEOUS (SUBJECT TO 2% OF AGI) | 17,065 | 8,097 | 8,968 |
| OVERALL ITEMIZED DEDUCTIONS LIMITATION | -3,635 | -2,971 | -664 |
| TOTAL ITEMIZED DEDUCTIONS | 111,954 | 89,487 | 22,467 |
| **TAX COMPUTATION** | | | |
| STANDARD DEDUCTION | 9,700 | 9,500 | 200 |
| LARGER OF ITEMIZED OR STANDARD DEDUCTION | 111,954 | 89,487 | 22,467 |
| INCOME PRIOR TO EXEMPTION DEDUCTION | 151,907 | 149,042 | 2,865 |
| EXEMPTION DEDUCTION | 5,580 | 6,954 | -1,374 |
| TAXABLE INCOME | 146,327 | 142,088 | 4,239 |
| TAX BEFORE AMT | 30,888 | 29,965 | 923 |
| ALTERNATIVE MINIMUM TAX | 8,456 | 3,021 | 5,435 |
| TAX BEFORE CREDITS | 39,344 | 32,986 | 6,358 |
| **CREDITS** | | | |
| TOTAL CREDITS | 0 | 0 | 0 |
| TAX AFTER CREDITS | 39,344 | 32,986 | 6,358 |
| **OTHER TAXES** | | | |
| SELF-EMPLOYMENT TAX | 0 | 27 | -27 |
| TOTAL TAX | 39,344 | 33,013 | 6,331 |
| **PAYMENTS** | | | |
| FEDERAL INCOME TAX WITHHELD | 48,870 | 42,339 | 6,531 |
| EXCESS FICA AND RRTA TAX WITHHELD | 2,583 | 0 | 2,583 |
| TOTAL PAYMENTS | 51,453 | 42,339 | 9,114 |
| **REFUND OR AMOUNT DUE** | | | |
| AMOUNT OVERPAID | 12,109 | 9,326 | 2,783 |
| AMOUNT REFUNDED TO YOU | 12,109 | 9,326 | 2,783 |
| AMOUNT YOU OWE | 0 | 0 | 0 |
| **TAX RATES** | | | |
| MARGINAL TAX RATE | 28.0% | 28.0% | 0.0% |
| EFFECTIVE TAX RATE | 26.9% | 23.2% | 3.7% |

*[handwritten notes:]*

Up to 182800 for '05
after that 33%

2002
36000 x 28% = 10080
16000 x 33% = 5280
_____
15360

2003
47200 x 33% = 15576

State 8.5%

# KROKIDAS ✠ BLUESTEIN
## ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE HERBST PEABODY
AMANDA MOGER RETTIG

ELIZABETH C. ROSS
BARBARA S. PARKER
JULIA F. FELDMAN
OF COUNSEL

May 19, 2006

**Via Email and First Class Mail**

Tamsin R. Kaplan, Esq.
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA  02478

Re: **Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial
Hospital, Inc. and Richard A. Smith
(US District Court) Docket No. 05 10981 RCL**

Dear Ms. Kaplan:

In accordance with the Order For Final Pre-Trial Conference dated February 28, 2006 entered in the above-captioned action, I propose that we meet at my office at a mutually agreeable date to discuss the matters which we are required to discuss pursuant to that Order.   I also attach/enclose a rough draft of a Joint Pre-Trial Memorandum required to be filed pursuant to Paragraph 7 of the Order.

I note that you have not produced document No. 21 listed in your initial disclosures. Kindly produce same at your first convenience.  Otherwise, I am assuming that you have now produced to me all of the documents identified in your initial disclosures as well as any and all documents required to be produced in response to my client's request for production of documents.

Very truly yours,

Vincent J. Pisegna (RH)

Vincent J. Pisegna

VJP/rh
Enclosure

2129\0001\162618.1

DRAFT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

Defendants.

## DRAFT [JOINT] PRE-TRIAL MEMORANDUM

In accordance with the Order For Final Pre-Trial Conference in the above-captioned

action dated February 28, 2006, [the parties] submit the within Joint Pre-Trial Memorandum.

A.    Trial Counsel.

Vincent J. Pisegna, Esq., Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA

02210, tel: 617-482-7211 (Plaintiff's counsel).

Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue

Belmont, MA  02478, tel: 617-484-3210 (Defendants' counsel).

B.    Concise Summary Of The Positions Asserted By The Parties.

In this action, Plaintiff, Dr. Cynthia Foss Bowman ("Bowman"), currently Vice Chair,

Laboratory Medicine, North Shore Long Island Jewish Health System and Chief of the Clinical

Labs, Long Island Jewish Medical Center, seeks to recover damages arising out of the breach of

a written employment contract between Bowman and Defendants dated April 9, 2002

("Contract"). From July 2002 through March 2004, Bowman was employed by Defendants as an

Associate Pathologist pursuant to the Contract which provides, among other things, that

Defendants would pay to Bowman a salary of $200,000.00 per year and a "pension" as follows:

> "To maximum allowable to your current plan or a SEP set-up for you. This is
> estimated to be a $40,000.00 per annum contribution."

The Contract further states that the "financial package" for Bowman would include a

leased automobile, malpractice insurance, continuing education, books and dues allowance, a

digital camera, health insurance and moving allowance.

Bowman alleges in this case that Defendants have breached the Contract by failing and

refusing to make the required annual $40,000.00 contribution to a SEP set up for Bowman. The

sum of money to be paid to Bowman necessary to put her in the same position she would have

been had Defendants made the pension contributions as required (the so-called "grossed-up"

number) equals $157,791.00 as of June 30, 2005.

In addition, Defendants have further breached the contract as follows: (a) Bowman's final

pay check from PASM did not pay Bowman for two (2) days worth of salary totaling $1,538.00,

(b) Defendants failed and refused to reimburse Bowman for unpaid continuing medical education

and books and allowance dues in the sum of $3,254.11, (c) since Bowman elected not to obtain

health insurance through PASM, Bowman was entitled to an end of year bonus of $10,000.00 per

year.

In total, Bowman seeks in excess of $182,583.11 from Defendants.

In the Complaint, Bowman alleges claims against PASM sounding in breach of contract

(Count I) and breach of the covenant of good faith and fair dealing (Count II). In addition,

Bowman alleges claims against both Smith and PASM for fraudulent, negligent, and innocent

2

misrepresentation (Counts III through V).

In response, Defendant alleges _____.

C.    Waived Claims Or Defenses.

(Plaintiff Does Not Intend To Waive Any Of Her Claims).

D.    Statement of Facts Established By The Pleadings Stipulation Of Counsel And
Admissions.

The Complaint and Answer in the above-captioned action established the following facts:

1.    Defendant, PATHOLOGY ASSOCIATES OF STURDY MEMORIAL

HOSPITAL, INC. ("PASM"), is a Massachusetts corporation with a principal place of business

located at 211 Park Street, Attleboro, Massachusetts.

2.    Defendant, RICHARD A. SMITH ("Smith"), is an individual who, upon

information and belief, resides at 11 Dutton Park, Walpole, Massachusetts.

3.    PASM is in the business of providing pathology services to Sturdy Memorial

Hospital in Attleboro, Massachusetts.  Smith is the President, Treasurer, and Director of PASM.

4.    On April 30, 2002, Smith, in his capacity as President of PASM, signed the

Contract.

5.    Pursuant to the Contract, Bowman began working for PASM as an associate

pathologist and given the title Associate Chief of the Department.

6.    Pursuant to the Contract, PASM was required to provide health insurance for

Bowman, if Bowman so elected.

7.    PASM owed Bowman a duty to act in good faith and deal fairly under the

Contract.

In addition, the parties stipulate to the following further facts:

3

1.   In or about March, 2002, Smith began to aggressively recruit Bowman for the position of associate pathologist with PASM.

2.   On or about March 28, 2002, Smith and Bowman met, at which time Smith offered to Bowman employment as an associate pathologist with PASM on the following terms: base salary of $200,000 per year, $40,000 per year contribution to a pension plan, $4,000 per year in continuing medical education and dues, $4,800 per year for a car lease allowance, and health insurance, if needed, for a total annual package of $248,800.

3.   By correspondence dated April 9, 2002 ("Contract") from PASM to Bowman, PASM memorialized its offer of employment as an associate pathologist with PASM as follows:

- a base salary of $200,000 per year;
- the maximum allowable payment into Bowman's current pension plan or to set up a SEP for Bowman's benefit, estimated to be a $40,000 per year contribution;
- use of a BMW X5 3.0 automobile;
- full malpractice insurance coverage;
- up to $3,000 per year for continuing education expenses;
- up to $3,000 per year for book and dues expenses;
- a digital camera; and
- health insurance, if needed, otherwise an additional end-of-year bonus.

4.   In reliance upon the representations made by the Defendants during the meeting on or about March 28, 2002 and on the promises contained in the Contract itself, Bowman signed the Contract on May 2, 2002, and relocated from Maine to Massachusetts, at considerable expense to Bowman.

5.   While employed by PASM, Bowman duly performed all of her contractual obligations pursuant to the Contract.

6.   Bowman's final paycheck from PASM is dated March 10, 2004, and covers the period ending on that date. Bowman was not paid two (2) days worth of salary, totaling $1,538.

7.      On numerous occasions during her term of employment, Bowman asked Smith about the status of the required $40,000 contribution to a SEP.  In response, Smith ignored Bowman's requests.

8.      By correspondence dated July 2, 2003 from Bowman's attorney to Smith, Bowman requested documentation regarding the required $40,000 contribution to a SEP.  In response, Smith ignored the request.

9.      Defendants failed to make the maximum allowable contribution to Bowman's plan or set up a SEP for Bowman's benefit for approximately two (2) years, resulting in a loss of $80,000 in tax-free retirement benefits to Bowman.

10.     The Contract explicitly states that PASM will reimburse Bowman up to $3,000 per year in continuing education and up to $3,000 per year for book and dues allowance.

11.     Upon leaving PASM, Bowman properly sought reimbursement for unpaid continuing education and book and dues allowances in the amount of $9,554.11.  On March 9, 2004, PASM remitted a check to Bowman in the amount of $6,300, leaving a balance due and owing to Bowman of $3,254.11.

12.     In an e-mail dated March 27, 2002 from Smith to Bowman, Smith agreed that if Bowman elected not to receive health insurance from PASM, PASM would provide Bowman an additional end-of-year bonus or discretionary spending funds.  Smith represented to Bowman that her end-of-year bonus would be $10,000 per year.

13.     Throughout the course of her employment with PASM, Bowman did not elect health insurance coverage and did not receive any end-of-year bonuses as promised by Smith.

14.     Bowman should have received approximately $20,000 in end-of-year bonuses.

15.    In total, as a direct and proximate result of Defendants failure to comply with the terms of the Contract, Bowman has lost approximately $80,000 in tax-free retirement benefits plus $24,792.11 in unpaid salary, reimbursable expenses and bonuses, plus interest, costs, and attorneys' fees.

E.    Contested Issues Of Fact.


F.    Jurisdictional Questions.

None.

G.    Questions Raised By Pending Motions.

None.

H.    Issues of Law.

None.

I.    Requested Amendments To The Pleadings.

None.

J.    Additional Matter.

None.

K.    Probable Length Of Trial.

Plaintiff estimates that the presentation of her case-in-chief will take one day.

L.    Witnesses.

Plaintiff's witnesses:

1.    Cynthia Foss Bowman, 35 Elm Rock Road, Bronxville, New York.

2.    Richard N. Bryant, Esq., Van Meer & Belanger, 20 York Street, Portland, Maine.

3.  Richard A. Smith, 11 Dutton Park, Walpole, Massachusetts.

4.  Jack Toomey, John T. Toomey Associates, Inc., 175 Derby Street, Hingham, Massachusetts.

5.  Scott A. Small, CPA, Macdonald, Page, Schatz, Fletcher, LLC, 31 Long Creek Drive, South Portland, Maine.

6.  Keeper of the Records, Sturdy Memorial Hospital, 211 Park Street, Attleborough, Massachusetts.

7.  Joseph Figueiredo, 161 Park Avenue, Cranston, Rhode Island.

8.  Dr. Barbara Stricker, OB-GYN Group of Attleboro, 687 North Main Street, Attleboro, Massachusetts.

Plaintiff reserves the right to designate additional witnesses in response to any witnesses designated by the Defendants.

Defendants' Witnesses:

M.    <u>List Of Proposed Exhibits</u>.

See attached Exhibit A.  In addition, Plaintiff reserves the right to designate additional exhibits in response to any exhibits designated by the Defendants.

N.    <u>Jury Instructions</u>.

See attached Appendix B (*pending*).

O.    <u>Voir Dire Examination Questions And Special Verdict Form</u>.

See attached Appendix C (*pending*).

CYNTHIA FOSS BOWMAN,
By her attorneys,

**DRAFT**

Vincent J. Pisegna  BBO# 400560
Allison Huppé BBO# 648274
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

DATED:

2129\0001\162614.1

8

DRAFT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,
                                                    Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

                                                    Defendants.

**APPENDIX A**
**LIST OF DOCUMENTS**

1.      Handwritten notes.

2.      E-mail dated March 4, 2002 to Bowman from Holiday Inn Hotel.

3.      E-mail dated March 4, 2002 to Bowman from RASMD.

4.      E-mail dated March 9, 2002 to Bowman from Richard Smith.

5.      E-mail dated March 11, 2002 to Bowman from Richard Smith.

6.      E-mail dated March 11, 2002 to Bowman from Richard Smith.

7.      E-mail dated March 12, 2002 to Bowman from Richard Smith.

8.      E-mail dated March 18, 2002 to Bowman from Richard Smith.

9.      E-mail dated March 18, 2002 to Bowman from Richard Smith.

10.     E-mail dated March 18, 2002 to Bowman from Richard Smith.

11.     E-mail dated March 25, 2002 from Bowman to Richard Smith.

12.     E-mail dated March 25, 2002 to Richard Smith from Bowman.

13. E-mail dated March 27, 2002 to Bowman from Richard Smith.

14. E-mail dated March 28, 2002 to Richard Smith from Bowman.

15. Correspondence dated April 9, 2002 to Bowman from Richard Smith.

16. Correspondence dated July 2, 2003 to Richard Smith from Richard N. Bryant.

17. Correspondence (undated) to Richard N. Bryant from Richard Smith.

18. 401(K) Take Home Pay Illustration.

19. Correspondence dated February 27, 2004 to Richard Smith from Cynthia Foss Bowman.

20. Correspondence dated April 20, 2004 to Richard Smith from Richard N. Bryant.

21. Memorandum dated March 27, 2004 to Richard N. Bryant from Bowman.

22. Correspondence dated May 25, 2004 to Kaplan from Richard N. Bryant.

23. Hospital Contract For Pathology Services.

24. Correspondence to extend the Independent Contractor Agreement signed by Richard Smith and Sturdy Memorial hospital on November 20, 2000.

25. Correspondence to extend the Independent Contractor Agreement signed by Richard Smith on October 23, 2003 and Sturdy Memorial Hospital on October 22, 2003.

26. Amendment To Hospital Contract For Pathology Services dated September 2002.

27. Job Description For Pathologist Assistant.

28. 2004 Practice Characteristics Survey Report.

29. All documents from Sturdy Memorial Hospital.

30. Enrollment Confirmation/Receipt to Cynthia F. Bowman, MD for June 2-3, 2003 Harvard Medical School Course on *Breast Pathology: Current Concepts and Controversies*.

31. Meal and Parking Receipts dated June 2-3, 2003 of Cynthia Bowman for attendance at Harvard Medical School Course on *Breast Pathology: Current Concepts and Controversies*.

2

32.  Reservation of Cynthia Bowman, MD for Harvard Medical School Conference on *Current Topics in Breast Pathology* held on November 12, 2003.

33.  Registration Form and Confirmation to Cynthia Foss Bowman for 2003 Pathologists' Meeting.

34.  Rental Car, Meal, Parking and Toll Receipts dated August 10-14, 2003 of Cynthia Foss Bowman for Attendance at 2003 Pathologists' Meeting.

35.  E-mail Confirmation of United Airlines Reservations with Ticket Stubs for Flights to and from Boston/Los Angeles/San Diego on September 10 & 14, 2003 for CFBOWMAN@AOL.COM.

36.  Correspondence dated October 1, 2003 to Cynthia Foss Bowman from College of American Pathologists re confirmation of deposit for The 2004 Pathologists' Meeting.

37.  2003 Membership Dues Invoice #90386816 from College of American Pathologists to Cynthia Foss Bowman MD.

38.  2004 Membership Dues Invoice from College of American Pathologists to Cynthia Foss Bowman.

39.  2003 Application for Membership to Massachusetts Society of Pathologists, Inc. by Cynthia Foss.

40.  2004 Membership Renewal Notice to Cynthia Foss Bowman from Massachusetts Society of Pathologists.

41.  E-mail dated June 30, 2003 to Cynthia Foss Bowman from ASC re automatic membership renewal.

42.  2003 Membership Dues Invoice dated December 5, 2002 to Cynthia F. Bowman from American Association for Clinical Chemistry.

43.  2004 Membership Dues (and Subscription to *Clinical Chemistry Journal*) Invoice dated November 24, 2003 to Cynthia F. Bowman from American Association for Clinical Chemistry.

44.  2003 Membership Application from American Society for Microbiology.

45.  2004 Membership Renewal (and Subscription to *Clinical Microbiology Reviews* and *Journal of Clinical Microbiology*) Invoice dated December 31, 2003 to Dr. Cynthia F. Bowman from American Society for Microbiology.

46.    2004 Annual Dues Notice to Cynthia F. Bowman, M.D. dated December 31, 2003 from United States and Canadian Academy of Pathology, Inc.

47.    2003 American Society for Clinical Pathology Membership Renewal Notice (and Subscription to *Pathology Patterns Review*) to Cynthia L. Bowman, MD.

48.    2004 American Society for Clinical Pathology Membership Renewal Notice (and Subscription to *Pathology Patterns Review*) to Cynthia L. Bowman, MD.

49.    Subscription Renewal Notice of *Human Pathology* to Cynthia F. Bowman, MD, and Invoice #61284683 dated January 27, 2003.

50.    Subscription Renewal Notice of *Human Pathology* to Cynthia Foss Bowman dated December 31, 2003.

51.    Invoice #6406987 to Cynthia L. Foss-Bowman MD dated November 20, 2002 for Subscription Renewal of *Cancer*.

52.    Subscription Renewal Notice to Cynthia Foss Bowman dated October 18, 2003 for *Cancer*.

53.    Subscription Renewal Notice to Cynthia Foss Bowman dated December 9, 2002 for *Morbidity and Mortality Weekly Report*.

54.    Subscription Renewal Notice to Cynthia Foss Bowman dated October 14, 2003 for *MMWR*.

55.    2003 Subscription Renewal Notice to Dr. Cynthia Foss Bowman for *Histopathology*.

56.    2004 Subscription Renewal Notice to Cynthia Foss Bowman for *Histopathology*.

57.    Subscription correspondence to Cynthia L. Bowman MD for *The American Journal of Surgical Pathology*.

58.    Subscription Renewal Form to Cynthia L. Bowman dated August 4, 2003 for *The American Journal of Surgical Pathology*.

59.    Credit Card Receipt for Purchase of Publications: *Clinical Lab Medicine 2E*, *Flow Cytrometric Txt/Atlas 2E*, and *Disorders Thrombos & Hemost 3E*.

60.    Invoice/Packing Slip dated July 6, 2003 to Cynthia F. Bowman MD for Publications: *Clinical Lab Medicine 2E*, *Flow Cytrometric Txt/Atlas 2E*, and *Disorders Thrombos & Hemost 3E*.

61.    Credit Card Receipt dated July 2, 2002 for Publications: *Blaustein's Pathology of 5/E*, *AJCC Cancer Staging Manual 6/E*, and *Fetal & Neonatal Pathology 3ED*.

62.    Invoice #3749899 dated July 26, 2002 to Cynthia F. Bowman MD for Publications: *Blaustein's Pathology of 5/E*, *AJCC Cancer Staging Manual 6/E*, and *Fetal & Neonatal Pathology 3ED*.

63.    Invoice #48279460 dated July 24, 2002 and Packing List to Cynthia Bowman for *SRGCL Path Nervous Sysm/Coverings 4/E* and backordered *Skin Pathology, 2E* and *Diagnostic Immunohistochemistry*

64.    Invoice #48573930 dated August 9, 2002 and Packing List to Cynthia Bowman for *Skin Pathology, 2E*.

65.    Invoice #48529548 dated August 9, 2002 and Packing List to Cynthia Bowman for *Diagnostic Immunohistochemistry*.

66.    Correspondence from AFIP Atlas Subscriber Program (AAS) to Non-Tumor Atlas Subscriber for Subscription to Volume 2 of the Non-Tumor Atlas, "*Non-neoplastic Disorders of the Lower Respiratory Tract*".


CYNTHIA FOSS BOWMAN,
By her attorneys,

# DRAFT

_____
Vincent J. Pisegna  BBO# 400560
Allison Huppé BBO#  648274
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

DATED:


2129\0001\162660.1


5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,
                              Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

                              Defendants.

## PLAINTIFF'S PROPOSED JOINT PRE-TRIAL MEMORANDUM

In accordance with the Order For Final Pre-Trial Conference in the above-captioned

action dated February 28, 2006, Plaintiff, Cynthia Foss Bowman, submits this Proposed Joint

Pre-Trial Memorandum.  In so doing, Plaintiff notes that a draft of the Proposed Joint Pre-Trial

Memorandum was submitted to defense counsel on May 19, 2006 for Defendants' comments and

submissions.  Defendants have not responded to that draft, and instead filed a Motion for Status

Conference.  In submitting this Proposed Joint Pre-Trial Memorandum, therefore, Plaintiff

reserves her right to make changes to any part or portions of this Pre-Trial Memorandum and/or

the attached Appendices in response to Defendant's submissions, which Plaintiff presumes

eventually will be forthcoming, or to respond to developments in the case.

A.    Trial Counsel.

Vincent J. Pisegna, Esq., Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA

02210, tel: 617-482-7211 (Plaintiff's counsel).

Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue

Belmont, MA  02478, tel: 617-484-3210 (Defendants' counsel).

B.     Concise Summary Of The Positions Asserted By The Parties.

In this action, Plaintiff, Dr. Cynthia Foss Bowman ("Bowman"), currently Vice Chair,

Laboratory Medicine, North Shore Long Island Jewish Health System and Chief of the Clinical

Labs, Long Island Jewish Medical Center, seeks to recover damages arising out of the breach of

a written employment contract between Bowman and Defendants dated April 9, 2002

("Contract").  From July 2002 through March 2004, Bowman was employed by Defendants as an

Associate Pathologist pursuant to the Contract which provides, among other things, that

Defendants would pay to Bowman a salary of $200,000.00 per year and a "pension" as follows:

> "To maximum allowable to your current plan or a SEP set-up for you.  This is
> estimated to be a $40,000.00 per annum contribution."

The Contract further states that the "financial package" for Bowman would include a

leased automobile, malpractice insurance, continuing education, books and dues allowance, a

digital camera, health insurance and moving allowance.

Bowman alleges in this case that Defendants have breached the Contract by failing and

refusing to make the required annual $40,000.00 contribution to a SEP set up for Bowman.  The

sum of money to be paid to Bowman necessary to put her in the same position she would have

been had Defendants made the pension contributions as required (the so-called "grossed-up"

number) equals $157,791.00 as of June 30, 2005.

In addition, Defendants have further breached the contract as follows: (a) Bowman's final

pay check from PASM did not pay Bowman for two (2) days worth of salary totaling $1,538.00,

(b) Defendants failed and refused to reimburse Bowman for unpaid continuing medical education

and books and allowance dues in the sum of $3,254.11, (c) since Bowman elected not to obtain

health insurance through PASM, Bowman was entitled to an end of year bonus of $10,000.00 per

year.

In total, Bowman seeks in excess of $182,583.11 from Defendants.

In the Complaint, Bowman alleges claims against PASM sounding in breach of contract

(Count I) and breach of the covenant of good faith and fair dealing (Count II).  In addition,

Bowman alleges claims against both Smith and PASM for fraudulent, negligent, and innocent

misrepresentation (Counts III through V).

In response, Defendant alleges _____.

C.    Waived Claims Or Defenses.

(Plaintiff Does Not Intend To Waive Any Of Her Claims).

D.    Statement of Facts Established By The Pleadings Stipulation Of Counsel And
Admissions.

The Complaint and Answer in the above-captioned action established the following facts:

1.    Defendant, PATHOLOGY ASSOCIATES OF STURDY MEMORIAL

HOSPITAL, INC. ("PASM"), is a Massachusetts corporation with a principal place of business

located at 211 Park Street, Attleboro, Massachusetts.

2.    Defendant, RICHARD A. SMITH ("Smith"), is an individual who, upon

information and belief, resides at 11 Dutton Park, Walpole, Massachusetts.

3.    PASM is in the business of providing pathology services to Sturdy Memorial

Hospital in Attleboro, Massachusetts.  Smith is the President, Treasurer, and Director of PASM.

4.    On April 30, 2002, Smith, in his capacity as President of PASM, signed the

Contract.

3

5.    Pursuant to the Contract, Bowman began working for PASM as an associate pathologist and given the title Associate Chief of the Department.

6.    Pursuant to the Contract, PASM was required to provide health insurance for Bowman, if Bowman so elected.

7.    PASM owed Bowman a duty to act in good faith and deal fairly under the Contract.

In addition, Plaintiff has proposed that the parties stipulate to the following further facts:

1.    In or about March, 2002, Smith began to aggressively recruit Bowman for the position of associate pathologist with PASM.

2.    On or about March 28, 2002, Smith and Bowman met, at which time Smith offered to Bowman employment as an associate pathologist with PASM on the following terms: base salary of $200,000 per year, $40,000 per year contribution to a pension plan, $4,000 per year in continuing medical education and dues, $4,800 per year for a car lease allowance, and health insurance, if needed, for a total annual package of $248,800.

3.    By correspondence dated April 9, 2002 ("Contract") from PASM to Bowman, PASM memorialized its offer of employment as an associate pathologist with PASM as follows:

- a base salary of $200,000 per year;
- the maximum allowable payment into Bowman's current pension plan or to set up a SEP for Bowman's benefit, estimated to be a $40,000 per year contribution;
- use of a BMW X5 3.0 automobile;
- full malpractice insurance coverage;
- up to $3,000 per year for continuing education expenses;
- up to $3,000 per year for book and dues expenses;
- a digital camera; and
- health insurance, if needed, otherwise an additional end-of-year bonus.

4.    In reliance upon the representations made by the Defendants during the meeting on or about March 28, 2002 and on the promises contained in the Contract itself, Bowman signed

4

the Contract on May 2, 2002, and relocated from Maine to Massachusetts, at considerable

expense to Bowman.

5.    While employed by PASM, Bowman duly performed all of her contractual

obligations pursuant to the Contract.

6.    Bowman's final paycheck from PASM is dated March 10, 2004, and covers the

period ending on that date. Bowman was not paid two (2) days worth of salary, totaling $1,538.

7.    On numerous occasions during her term of employment, Bowman asked Smith

about the status of the required $40,000 contribution to a SEP. In response, Smith ignored

Bowman's requests.

8.    By correspondence dated July 2, 2003 from Bowman's attorney to Smith,

Bowman requested documentation regarding the required $40,000 contribution to a SEP. In

response, Smith ignored the request.

9.    Defendants failed to make the maximum allowable contribution to Bowman's

plan or set up a SEP for Bowman's benefit for approximately two (2) years, resulting in a loss of

$80,000 in tax-free retirement benefits to Bowman.

10.    The Contract explicitly states that PASM will reimburse Bowman up to $3,000

per year in continuing education and up to $3,000 per year for book and dues allowance.

11.    Upon leaving PASM, Bowman properly sought reimbursement for unpaid

continuing education and book and dues allowances in the amount of $9,554.11. On March 9,

2004, PASM remitted a check to Bowman in the amount of $6,300, leaving a balance due and

owing to Bowman of $3,254.11.

12.    In an e-mail dated March 27, 2002 from Smith to Bowman, Smith agreed that if

Bowman elected not to receive health insurance from PASM, PASM would provide Bowman an

additional end-of-year bonus or discretionary spending funds. Smith represented to Bowman

that her end-of-year bonus would be $10,000 per year.

13.    Throughout the course of her employment with PASM, Bowman did not elect

health insurance coverage and did not receive any end-of-year bonuses as promised by Smith.

14.    Bowman should have received approximately $20,000 in end-of-year bonuses.

15.    In total, as a direct and proximate result of Defendants failure to comply with the

terms of the Contract, Bowman has lost approximately $80,000 in tax-free retirement benefits

plus $24,792.11 in unpaid salary, reimbursable expenses and bonuses, plus interest, costs, and

attorneys' fees.

E.    Contested Issues Of Fact.


F.    Jurisdictional Questions.

    None.

G.    Questions Raised By Pending Motions.

    None.

H.    Issues of Law.

    None.

I.    Requested Amendments To The Pleadings.

    None.

J.    Additional Matter.

    None.

K.    Probable Length Of Trial.

Plaintiff estimates that the presentation of her case-in-chief will take one day.

L.    Witnesses.

Plaintiff's witnesses:

1. Cynthia Foss Bowman (fact witness), 35 Elm Rock Road, Bronxville, New York.

2. Richard N. Bryant, Esq. (fact witness), Van Meer & Belanger, 20 York Street, Portland, Maine.

3. Richard A. Smith (fact witness), 11 Dutton Park, Walpole, Massachusetts.

4. Jack Toomey (fact witness), John T. Toomey Associates, Inc., 175 Derby Street, Hingham, Massachusetts.

5. Scott A. Small (expert witness), CPA, Macdonald, Page, Schatz, Fletcher, LLC, 31 Long Creek Drive, South Portland, Maine.

6. Keeper of the Records, Sturdy Memorial Hospital, 211 Park Street, Attleborough, Massachusetts.

7. Joseph Figueiredo (fact witness), 161 Park Avenue, Cranston, Rhode Island.

8. Lucia Jean Charles (fact witness), 41 Foundry St., Apt. 233, South Easton, MA 02375.

9. Dr. Barbara Stricker (fact witness), OB-GYN Group of Attleboro, 687 North Main Street, Attleboro, Massachusetts.

Plaintiff reserves the right to designate additional witnesses in response to any witnesses designated by the Defendants.


Defendants' Witnesses:


M.    List Of Proposed Exhibits.

See attached Exhibit A.  In addition, Plaintiff reserves the right to designate additional exhibits in response to any exhibits designated by the Defendants.

7

N.    Jury Instructions.

See attached Appendix B. In addition, Plaintiff reserves the right to amend jury

instructions in response to any jury instructions submitted by the Defendants.

O.    Voir Dire Examination Questions And Special Verdict Form.

None.

CYNTHIA FOSS BOWMAN,
By her attorneys,

/s/ Vincent Pisegna

_____
Vincent J. Pisegna  BBO# 400560
Allison Huppé BBO# 648274
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

DATED:  June 8, 2006

2129\0001\162614.1

## CERTIFICATE OF SERVICE

I, Vincent J. Pisegna, hereby certify that on June 8, 2006, I caused to be served a true and accurate copy of the foregoing document, via first class mail, postage prepaid, upon Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue, Belmont, MA 02478.

/s/ Vincent Pisegna

_____

Vincent J. Pisegna

2129\0001\162614.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,
                              Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

                              Defendants.

**APPENDIX A**
**PLAINTIFF'S LIST OF DOCUMENTS**

1.      Handwritten notes.

2.      E-mail dated March 4, 2002 to Bowman from Holiday Inn Hotel.

3.      E-mail dated March 4, 2002 to Bowman from RASMD.

4.      E-mail dated March 9, 2002 to Bowman from Richard Smith.

5.      E-mail dated March 11, 2002 to Bowman from Richard Smith.

6.      E-mail dated March 11, 2002 to Bowman from Richard Smith.

7.      E-mail dated March 12, 2002 to Bowman from Richard Smith.

8.      E-mail dated March 18, 2002 to Bowman from Richard Smith.

9.      E-mail dated March 18, 2002 to Bowman from Richard Smith.

10.     E-mail dated March 18, 2002 to Bowman from Richard Smith.

11.     E-mail dated March 25, 2002 from Bowman to Richard Smith.

12.     E-mail dated March 25, 2002 to Richard Smith from Bowman.

13.    E-mail dated March 27, 2002 to Bowman from Richard Smith.

14.    E-mail dated March 28, 2002 to Richard Smith from Bowman.

15.    Correspondence dated April 9, 2002 to Bowman from Richard Smith.

16.    Correspondence dated July 2, 2003 to Richard Smith from Richard N. Bryant.

17.    Correspondence (undated) to Richard N. Bryant from Richard Smith.

18.    401(K) Take Home Pay Illustration.

19.    Correspondence dated February 27, 2004 to Richard Smith from Cynthia Foss Bowman.

20.    Correspondence dated April 20, 2004 to Richard Smith from Richard N. Bryant.

21.    Memorandum dated March 27, 2004 to Richard N. Bryant from Bowman.

22.    Correspondence dated May 25, 2004 to Kaplan from Richard N. Bryant.

23.    Hospital Contract For Pathology Services.

24.    Correspondence to extend the Independent Contractor Agreement signed by Richard Smith and Sturdy Memorial hospital on November 20, 2000.

25.    Correspondence to extend the Independent Contractor Agreement signed by Richard Smith on October 23, 2003 and Sturdy Memorial Hospital on October 22, 2003.

26.    Amendment To Hospital Contract For Pathology Services dated September 2002.

27.    Job Description For Pathologist Assistant.

28.    2004 Practice Characteristics Survey Report.

29.    All documents from Sturdy Memorial Hospital.

30.    Enrollment Confirmation/Receipt to Cynthia F. Bowman, MD for June 2-3, 2003 Harvard Medical School Course on *Breast Pathology: Current Concepts and Controversies*.

31.    Meal and Parking Receipts dated June 2-3, 2003 of Cynthia Bowman for attendance at Harvard Medical School Course on *Breast Pathology: Current Concepts and Controversies*.

32.    Reservation of Cynthia Bowman, MD for Harvard Medical School Conference on *Current Topics in Breast Pathology* held on November 12, 2003.

33.    Registration Form and Confirmation to Cynthia Foss Bowman for 2003 Pathologists' Meeting.

34.    Rental Car, Meal, Parking and Toll Receipts dated August 10-14, 2003 of Cynthia Foss Bowman for Attendance at 2003 Pathologists' Meeting.

35.    E-mail Confirmation of United Airlines Reservations with Ticket Stubs for Flights to and from Boston/Los Angeles/San Diego on September 10 & 14, 2003 for CFBOWMAN@AOL.COM.

36.    Correspondence dated October 1, 2003 to Cynthia Foss Bowman from College of American Pathologists re confirmation of deposit for The 2004 Pathologists' Meeting.

37.    2003 Membership Dues Invoice #90386816 from College of American Pathologists to Cynthia Foss Bowman MD.

38.    2004 Membership Dues Invoice from College of American Pathologists to Cynthia Foss Bowman.

39.    2003 Application for Membership to Massachusetts Society of Pathologists, Inc. by Cynthia Foss.

40.    2004 Membership Renewal Notice to Cynthia Foss Bowman from Massachusetts Society of Pathologists.

41.    E-mail dated June 30, 2003 to Cynthia Foss Bowman from ASC re automatic membership renewal.

42.    2003 Membership Dues Invoice dated December 5, 2002 to Cynthia F. Bowman from American Association for Clinical Chemistry.

43.    2004 Membership Dues (and Subscription to *Clinical Chemistry Journal*) Invoice dated November 24, 2003 to Cynthia F. Bowman from American Association for Clinical Chemistry.

44.    2003 Membership Application from American Society for Microbiology.

45.    2004 Membership Renewal (and Subscription to *Clinical Microbiology Reviews* and *Journal of Clinical Microbiology*) Invoice dated December 31, 2003 to Dr. Cynthia F. Bowman from American Society for Microbiology.

46.    2004 Annual Dues Notice to Cynthia F. Bowman, M.D. dated December 31, 2003 from United States and Canadian Academy of Pathology, Inc.

47.    2003 American Society for Clinical Pathology Membership Renewal Notice (and Subscription to *Pathology Patterns Review*) to Cynthia L. Bowman, MD.

48.    2004 American Society for Clinical Pathology Membership Renewal Notice (and Subscription to *Pathology Patterns Review*) to Cynthia L. Bowman, MD.

49.    Subscription Renewal Notice of *Human Pathology* to Cynthia F. Bowman, MD, and Invoice #61284683 dated January 27, 2003.

50.    Subscription Renewal Notice of *Human Pathology* to Cynthia Foss Bowman dated December 31, 2003.

51.    Invoice #6406987 to Cynthia L. Foss-Bowman MD dated November 20, 2002 for Subscription Renewal of *Cancer*.

52.    Subscription Renewal Notice to Cynthia Foss Bowman dated October 18, 2003 for *Cancer*.

53.    Subscription Renewal Notice to Cynthia Foss Bowman dated December 9, 2002 for *Morbidity and Mortality Weekly Report*.

54.    Subscription Renewal Notice to Cynthia Foss Bowman dated October 14, 2003 for *MMWR*.

55.    2003 Subscription Renewal Notice to Dr. Cynthia Foss Bowman for *Histopathology*.

56.    2004 Subscription Renewal Notice to Cynthia Foss Bowman for *Histopathology*.

57.    Subscription correspondence to Cynthia L. Bowman MD for *The American Journal of Surgical Pathology*.

58.    Subscription Renewal Form to Cynthia L. Bowman dated August 4, 2003 for *The American Journal of Surgical Pathology*.

59.    Credit Card Receipt for Purchase of Publications: *Clinical Lab Medicine 2E*, *Flow Cytrometric Txt/Atlas 2E*, and *Disorders Thrombos & Hemost 3E*.

60.    Invoice/Packing Slip dated July 6, 2003 to Cynthia F. Bowman MD for Publications: *Clinical Lab Medicine 2E*, *Flow Cytrometric Txt/Atlas 2E*, and *Disorders Thrombos & Hemost 3E*.

61.    Credit Card Receipt dated July 2, 2002 for Publications: *Blaustein's Pathology of 5/E*, *AJCC Cancer Staging Manual 6/E*, and *Fetal & Neonatal Pathology 3ED*.

62.    Invoice #3749899 dated July 26, 2002 to Cynthia F. Bowman MD for Publications: *Blaustein's Pathology of 5/E*, *AJCC Cancer Staging Manual 6/E*, and *Fetal & Neonatal Pathology 3ED*.

63.    Invoice #48279460 dated July 24, 2002 and Packing List to Cynthia Bowman for *SRGCL Path Nervous Sysm/Coverings 4/E* and backordered *Skin Pathology, 2E* and *Diagnostic Immunohistochemistry*

64.    Invoice #48573930 dated August 9, 2002 and Packing List to Cynthia Bowman for *Skin Pathology, 2E*.

65.    Invoice #48529548 dated August 9, 2002 and Packing List to Cynthia Bowman for *Diagnostic Immunohistochemistry*.

66.    Correspondence from AFIP Atlas Subscriber Program (AAS) to Non-Tumor Atlas Subscriber for Subscription to Volume 2 of the Non-Tumor Atlas, "*Non-neoplastic Disorders of the Lower Respiratory Tract*".


                              CYNTHIA FOSS BOWMAN,
                              By her attorneys,


                              /s/ Vincent Pisegna
                              _____
                              Vincent J. Pisegna  BBO# 400560
                              Allison Huppé BBO#  648274
                              KROKIDAS & BLUESTEIN LLP
                              600 Atlantic Avenue
                              Boston, MA  02210
                              (617) 482-7211

DATED:  June 8, 2006



2129\0001\162660.1

5

## CERTIFICATE OF SERVICE

I, Vincent J. Pisegna, hereby certify that on June 8, 2006, I caused to be served a true and accurate copy of the foregoing document, via first class mail, postage prepaid, upon Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue, Belmont, MA 02478.

/s/ Vincent Pisegna
_____

Vincent J. Pisegna

2129\0001\162660.1

# KROKIDAS ▩ BLUESTEIN

### ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

☙❧

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE HERBST PEABODY
AMANDA MOGBE RETTIG
ALLISON HUPPÉ

ELIZABETH C. ROSS
BARBARA S. PARKER
JULIA F. FELDMAN
OF COUNSEL

June 21, 2006

**Via Facsimile and First Class Mail**

Tamsin R. Kaplan, Esq.
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA  02478

Re:  <u>Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial
Hospital, Inc. and Richard A. Smith</u>
(US District Court) Docket No. 05 10981 RCL

Dear Ms. Kaplan:

The Court now has assigned a trial date in the above-referenced action. Previously, we disclosed that we intend to call Scott Small as an expert witness at trial. In addition, you were provided his report and underlying calculations on December 19, 2006 (by fax) and again by mail on December 22, 2005. Attached is Mr. Small's résumé. Mr. Small has not been published in the last ten years, nor has he testified at trial or by deposition in the last four years. Mr. Small was compensated for his work preparing the letter report at his usual hourly rate ($270) discounted by fifteen percent. If he testifies, he will be compensated at the same hourly rate or some discounted rate thereof.

Very truly yours,

Allison L. Huppe

Attachment

2129\0001\176371.1

KROKIDAS & BLUESTEIN LLP

| | |
|---|---|
| Resume of: | **SCOTT A. SMALL, CPA** |
| Present Position: | Director, Vice President. Macdonald Page & Co LLC |
| Experience: | Mr. Small joined the Firm in 1981 and became a Certified Public Accountant in 1983 and became a director in 1989. He is currently the director in charge at the Augusta, Maine office, which was opened in 1989. His experience includes accounting and tax services with emphasis on trade associations, automobile, truck and equipment dealerships, insurance agencies, unions, group self-insured workers' compensation trusts, medical professionals, water and waste-water utilities. |
| Education: | Husson College, Bangor, Maine. Degree in Public Accounting, 1981 |
| Professional Affiliations: | American Institute of Certified Public Accountants<br>Maine Society of Certified Public Accountants |