UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

| |
|---|
| CYNTHIA FOSS BOWMAN,<br>                            Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and RICHARD A.<br>SMITH,<br><br>                            Defendants. |

**OPPOSITION OF CYNTHIA FOSS BOWMAN TO DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY PURSUANT TO FED. R. CIV. P. 37(c)**

Plaintiff, Cynthia Foss Bowman ("Dr. Bowman"), hereby opposes Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).

**I.**    **Introduction**

As the Court at this point is well familiar, Dr. Bowman, a prominent pathologist, brought this case seeking to recover monetary damages arising out of the breach of a written employment contract executed by her former employers, Defendants Pathology Associates of Sturdy Memorial Hospital, Inc. and Richard A. Smith (collectively "Defendants"), wherein Defendants agreed, among other things, to fund a retirement account for Bowman's benefit and provide reimbursement for other work-related expenses. The employment contract between Dr. Bowman and Defendants is clear and unambiguous and entitled Dr. Bowman to compensation and benefits that Defendants purposefully failed to pay.

In filing their Motion to Preclude Expert Testimony, Defendants continue the course that they set at the outset of discovery of bickering through motion practice in order to avoid the consequences of their contractual breaches and to drain Dr. Bowman of her time and money. Defendants' latest complaint is that they have been prejudiced by Dr. Bowman's "last-minute attempt to inject expert testimony into this case," and they ask the Court to preclude Scott Small, CPA, Dr. Bowman's long-time accountant and an expert who has been identified as a witness in this case as early as in Dr. Bowman's Initial Disclosures. As will be detailed below, Defendants have had full disclosure of Dr. Bowman's intent to use Scott Small as a witness for a year, had in their possession Mr. Small's report and calculations since December of last year, and were given full opportunity to interview Mr. Small, an offer of which they took advantage, and to depose Mr. Small, an offer of which they chose not to take advantage. Dr. Bowman respectfully requests that the Court summarily deny Defendants' latest motion and award her costs and fees in connection with this wasteful and unnecessary motion.

## II. Disclosures Relating to Testimony of Scott Small, CPA

On July 20, 2005, Dr. Bowman provided her initial disclosures to Defendants pursuant to Fed. R. Civ. P. 26(a)(1). In that document, as admitted by Defendants, Dr. Bowman identified her accountant, Scott A. Small, CPA, and provided his address, as a witness with information relating to "pension plan matters." *See Exhibit A of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).* Presumably relying on that disclosure, Defendants subpoenaed Mr. Smith to appear for a deposition and to bring documents with him on December 22, 2005. *See Exhibit D of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).* When Defendants' counsel said she did not want to incur the time and expense of traveling to Maine to

2

take Mr. Small's deposition, Dr. Bowman allowed Defendants' attorney the opportunity to interview Mr. Small by telephone instead, and she did so. Mr. Small provided the documents subpoenaed to Defendants by fax on December 19, 2005 and by mail on December 21, 2005. *See Exhibit E of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).* On his fax cover sheet, Mr. Small explained the documents he transmitted as follows:

> [T]he first two pages are a letter and attached schedule of computations explained in the letter. The next page is a June 22nd memo documenting my conversations with Dr. Bowman and Vince Pisegna; . . . the next page is the same as the computations attached to the June 28th letter except that I have added explanatory information regarding the actual computations; and the final page documents the 2002 tax computation which basically uses up the remainder of the 28% tax rate and then shows the additional tax which is in the 33% bracket.

He also writes: "Please contact me if you have any questions regarding the computations." *See id.* Having interviewed Mr. Small and received his report and supporting computations, Defendants apparently did not want to travel to Maine for his deposition, and they canceled it.

The original Final Pre-Trial Conference was scheduled for June 15, 2006. Dr. Bowman endeavored to comply with her obligations and submitted a draft joint pre-trial memorandum to Defendants on May 19, 2006. *See Exhibit F of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).* In that draft, Dr. Bowman disclosed that she intended to call Scott Small as a witness at trial. *See id.* Defendants refused to participate in drafting a Joint Pre-Trial Memorandum, and succeeded in having the Final Pre-Trial Conference converted into a Status Conference. As a result, Defendants have had full disclosure of Dr. Bowman's trial plan, including witnesses, for nearly two months while she remains in the dark as to Defendants' trial plan and witnesses.

At the status conference on June 15, 2006, the Court set a Final Pre-Trial Conference date of August 16, 2006 and a trial date of September 5, 2006. Upon returning from that conference, Dr. Bowman provided Defendants with four pieces of information which Defendants may (and could) have received when they interviewed Mr. Small: (1) Mr. Small's resume; (2) information relating to his publications over the last ten years; (3) information relating to his prior testimony over the last four years; and (4) information relating to his compensation as an expert in this case. *See Exhibit H of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c)*. In response, Defendants filed their Motion to Preclude Mr. Small's Testimony.

**III.    Argument**

Defendants raise the alarm of *serious prejudice* in asking the Court to preclude Mr. Small from testifying at trial, yet they fail to show any prejudicial effect on Defendants' case. *See, e.g., David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Samos Imex Corp. v. Nextel Commun., Inc.*, 194 F.3d 301, 305 (1st Cir. 1999). Defendants had full written disclosure of his opinions, the bases thereof, and the extent of Mr. Small's expert testimony since December of last year. Defendants have known about Mr. Small for a year, and Dr. Bowman gave Defendants the opportunity to interview Mr. Small directly. In that interview, which was not on the record as an accommodation of Defendants' counsel's request not to have to travel to Maine, they could have fully explored his opinions, his qualifications, his history as an expert witness, and his compensation. A party cannot manufacture a claim of prejudice when any lack of information is attributable entirely to his or her own conduct. Further, Defendants have all the information necessary for them to be fully prepared for Mr. Small's testimony at trial.

4

Defendants have known of Mr. Small's existence as a potential witness in this case since July of last year. He was first identified in Dr. Bowman's initial disclosures. *See Exhibit A of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c)*. Armed with this information, Defendants subpoenaed Mr. Small to appear for a deposition on December 22, 2005. Defendants' counsel received Mr. Small's reports and calculations, interviewed Mr. Small, and then canceled Mr. Small's deposition, apparently satisfied that they had all the information they needed from Mr. Small. Consistent with her position articulated in the disclosures provided and discovery taken in this case, Dr. Bowman reiterated her intent to call Mr. Small as a witness at trial in her draft Joint Pre-Trial Memorandum on May 18, 2006. *See Exhibit F of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c)*. The use of Mr. Small as a witness in Dr. Bowman's case, therefore, comes as no surprise to Defendants, and they have suffered no prejudice.

In addition, Mr. Small provided a report and supporting documentation to Defendants on December 19, 2005. *See Exhibit E of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c)*. In his letter dated June 28, 2005 to Vincent Pisegna, he stated that he performed calculations using information provided by Attorney Pisegna, namely a $40,000 annual pension contribution made on December 31st of 2002 and 2003. Lost earnings were calculated from the above deposit dates through June 30, 2005 using a "simple interest rate of twelve percent." Mr. Small goes on to describe his calculations of Medicare and income taxes on the pension contributions at issue. On the next sheet, Mr. Small shows his calculations in a simple spreadsheet. These calculations further were supported by additional, line-by-line calculations in handwritten notes on the spreadsheet. This

report amply fulfilled the disclosure requirements of Fed. R. Civ. P. 26(a)(2) that: (1) the report be prepared and signed by the witness; (2) the report include a complete statement of the experts opinions, reasons for, and bases thereof; (3) the report show the underlying data used by the expert to reach his conclusions; and (4) the report include any documents to be used as a summary or in support of the witness's opinion. Defendants have full disclosure of the substance of Mr. Small's testimony, known to them since December of 2005.

The supplementing information provided to Defendants on June 21, 2006 contributed virtually nothing of substance about Mr. Small's testimony, because Defendants have had full disclosure of that testimony in their possession for months. *See Exhibit H of the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c). See, e.g., Currier v. United Tech. Corp.*, 213 F.R.D. 87 (D. Me. 2003). Defendants criticize the resume provided by Mr. Small as "very brief." Mr. Small is a CPA, not a doctor or PhD, and his resume contains all of his academic and employment history. It cannot be more than that. Defendants also criticize Dr. Bowman's disclosure that Mr. Small has not been published in the last ten years, and that he has given no testimony in the last four years. These disclosures are taken straight from Rule 26(a)(2). Unless Defendants accuse Dr. Bowman of lying about this, or are demanding information about Mr. Small beyond the requirements of the Rules, they have nothing about which to complain. Finally, Mr. Small's compensation for his testimony is fully disclosed, with reference to his hourly rate.

The information provided to Defendants on June 21st is minimal, which only proves that Defendants have known about Mr. Small as a witness and had everything they needed to know about his testimony since last year. They had the rather unusual opportunity to interview Mr.

Small and ask anything that they wanted, so any prejudice they claim to suffer is a result of their own failures. As such, Defendants' Motion is not supportable, and should be denied.

WHEREFORE, Bowman respectfully requests that this Court deny Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c), grant her attorney's fees and costs incurred in connection with same, and grant such other further relief as is just.

CYNTHIA FOSS BOWMAN

By her attorneys,

/s/ Vincent Pisegna

Vincent J. Pisegna, BBO# 400560
Allison Huppé, BBO# 648274
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

DATED: July 6, 2006

## CERTIFICATE OF SERVICE

I, Vincent J. Pisegna, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that there are no non-registered participants in the case.

/s/ Vincent Pisegna

Vincent J. Pisegna

2129\0001\186640.1