UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br>　　　　　Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br>　　　　　Defendants. | Civil Action No. 05-10981-RCL |

**REPLY BY DEFENDANTS
TO OPPOSITION OF PLAINTIFF TO DEFENDANTS'
MOTION TO PRECLUDE EXPERT TESTIMONY
PURSUANT TO FED. R. CIV. P. 37(c)
AND MOTION FOR ATTORNEYS' FEES AND COSTS**

By failing to identify an expert witness and failing to provide an expert report to the Defendants, Plaintiff did not comply with the clear mandates of Fed. R. Civ. P. 26(a)(2).[1] It was not until June 8, 2006, five months after the close of discovery in this matter, that the Plaintiff first identified accountant Scott A. Small as an expert witness. As a result of the Plaintiff's non-compliance with the Rules of Civil Procedure in this regard, the Defendants had no way of knowing that the Plaintiff intended to use Mr. Small as an expert. Therefore, the Defendants have been seriously prejudiced because they were denied the opportunity to retain their own expert to rebut the testimony of Mr. Small.

---

[1] In fact, the record in this matter demonstrates the Plaintiff's persistent failure to comply with the requirements and deadlines established by the Federal Rules of Civil Procedure, the Local Rules and this Court. The Plaintiff's recalcitrance has resulted in unnecessary expense by all parties, as well as unnecessary burden on the resources of this Court. The Plaintiff's characterization in her Opposition of the Defendants as "bickering through motion practice…to drain Dr. Bowman of her time and money" is not only inappropriate but also typical of the frequent rhetorical attacks and false accusations leveled at the Defendants and their counsel throughout this litigation.

Plaintiff did identify her longtime accountant Scott Small in her Initial Disclosures, regarding the topic of "pension plan matters," but as a **fact witness**. Defendants subsequently subpoenaed from Mr. Small his documents pertaining to this case.[2]  However, the documents obtained from Mr. Small by the Defendants simply do not comply with the mandatory expert disclosure requirements.

Mr. Small's documents do not contain the substantive information that is required in an expert report. Rather, the documents obtained from Mr. Small consist of computations based on assumptions and opinions provided to Mr. Small by the Plaintiff and her counsel, regarding pension funding deadlines, pension funding limits, lost earnings on pension contributions, and related tax consequences. (See copies of Mr. Small's documents contained in Exhibit E to the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).) The letter from Mr. Small to Plaintiff's counsel accompanying his computations is dated June 28, 2005, apparently for the purpose of establishing a rough estimate of damages for Plaintiff's Initial Disclosures in this matter. Mr. Small's documents do not include "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [or] any exhibits to be used as a summary of or support for the opinions." Fed. R. Civ. P. 26(a)(2)(B).

If this Court allows Mr. Small to testify and present expert testimony at trial, the Defendants respectfully request that the Court (1) preclude Plaintiff from using in

---

[2] Defendants disagree with Plaintiff's assertion that Defendants' counsel "interviewed" Mr. Small. On December 19, 2005 and December 20, 2005, defense counsel spoke briefly with Mr. Small on the telephone to request and confirm that he would provide the subpoenaed documents in advance of the date set for deposition, to try to avoid the need for a deposition. After review of the documents provided by Mr. Small, defense counsel or her assistant left a telephone message for Mr. Small to inform him that the deposition was indefinitely postponed. (See Affidavit of Tamsin R. Kaplan, Esq. in support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c)).

evidence any opinions or documents supporting Mr. Small's testimony which have not been provided to Defendants prior to the date of the filing of this Reply; (2) grant leave to Defendants to present a rebuttal expert to testify in this matter; and (3) grant leave to Defendants to use at trial exhibits in support of the opinions of such rebuttal expert, such exhibits to be provided to Plaintiff in advance of trial.  An alternative proposed Order is enclosed herewith.

      For the reasons set forth above and contained in the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c), Defendants respectfully request that this Court grant their Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c), and award to the Defendants all attorneys' fees and costs associated with the bringing of Defendants' Motion to Preclude Expert Testimony.

      Respectfully submitted,
PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and
RICHARD A. SMITH,
By their Attorneys,


/s/ Tamsin R. Kaplan _____
Tamsin R. Kaplan BBO #561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

July 14, 2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>      Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC. and RICHARD A. SMITH,<br><br>      Defendants. | Civil Action No. 05-10981-RCL |

ORDER
---

This matter comes before the Court on Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c). After review of the submissions from the parties and oral argument, this Court hereby orders as follows:

(1) Plaintiff is precluded from using in evidence any opinions or documents supporting Scott A. Small's testimony which were not provided to Defendants prior to July 14, 2006;

(2) Defendants are granted leave to present a rebuttal expert to testify in this matter; and

(3) Defendants are granted leave to use at trial exhibits in support of the opinions of such rebuttal expert, such exhibits to be provided to Plaintiff in advance of trial.

                                                                                                    Lindsay, J.

Dated:

5

CERTIFICATE OF SERVICE

    I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 14th day of July, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

                                      /s/ Tamsin R. Kaplan
                                      Tamsin R. Kaplan