UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br><br>    Defendants. | Civil Action No. 05-10981-RCL |

**AFFIDAVIT OF TAMSIN R. KAPLAN, ESQ.
IN SUPPORT OF DEFENDANTS'
MOTION TO PRECLUDE EXPERT TESTIMONY
PURSUANT TO FED. R. CIV. P. 37(c)**

I, Tamsin R. Kaplan, first being duly sworn do depose and state as follows:

1. I am an attorney in good standing in the Commonwealth of Massachusetts.

2. I represent the Defendants, Pathology Associates of Sturdy Memorial Hospital, Inc. and Dr. Richard A. Smith, in the above-referenced matter.

3. I present this Affidavit in support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).

4. Scott A. Small was identified by Plaintiff as a fact witness in this case, regarding "pension plan matters."

5. On December 13, 2005, my office served Scott A. Small with a Subpoena to produce documents and be deposed on December 22, 2005 in Westbrook, Maine. (See Exhibit D to the Memorandum in Support of Defendants' Motion to Preclude Expert Testimony Pursuant to Fed. R. Civ. P. 37(c).)

6. On December 16, 2005, I spoke on the telephone with Plaintiff's counsel Vincent Pisegna. Mr. Pisegna informed me that he would not travel to Maine for Mr. Small's deposition because he was going to attend his law firm holiday party instead. Mr. Pisegna said that he would participate by speaker phone.

7. On December 19, 2005, I spoke with Mr. Small on the telephone and asked him to provide to me his responsive documents in advance of the deposition date. I

explained that after reviewing the documents, I hoped that I would be able to avoid the need to depose him on December 22nd. In reply, Mr. Small offered that he had "very little" and he went on (voluntarily) to briefly summarize the responsive documents in his possession. I did not interview Mr. Small or ask him any substantive questions.

8. On December 20, 2005, I again spoke briefly with Mr. Small and he confirmed that he was faxing his documents to my office.

9. On December 20, 2005, I received the fax from Mr. Small containing 7 pages of documents, including a cover sheet dated December 19, 2005. A note on the bottom of the cover sheet indicated that a copy of the fax had been sent to Attorney Pisegna by Mr. Small's office.

10. On December 21, 2005, after I reviewed Mr. Small's documents, either my assistant or I left a telephone message for Mr. Small instructing him to send clean copies of his documents to my office by overnight delivery, and informing Mr. Small that his deposition was indefinitely postponed.

11. On that day, I also sent a letter to Mr. Small by facsimile and first class mail, with a copy to Mr. Pisegna. The letter confirmed that Mr. Small would provide his documents to my office by overnight delivery and that his deposition on December 22, 2005 was cancelled. On my clients' behalf, the letter explicitly reserved the right to re-schedule Mr. Small's deposition at a later date. (See Exhibit A hereto.)

12. On December 22, 2005, Mr. Small called my office and spoke with my assistant to confirm the cancellation of his deposition on that day.

13. During the discovery of this matter, I was at no time informed that Mr. Small was to be designated by Plaintiff as an expert witness, nor was I provided at any time with an expert report by Mr. Small.

Signed under the pains and penalties of perjury this 14th day of July, 2006.

/s/ Tamsin R. Kaplan
Tamsin R. Kaplan

CERTIFICATE OF SERVICE

      I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 14th day of July, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

    /s/ Tamsin R. Kaplan\_\_\_
    Tamsin R. Kaplan

# TAMSIN R. KAPLAN & ASSOCIATES, P.C.
## —— COUNSELORS AT LAW ——

90 Concord Avenue
Belmont, MA 02478
Tel: 617-484-3210   Fax: 617-484-3162

December 21, 2005

*VIA FACSIMILE AND FIRST CLASS MAIL*

Scott Small, CPA
227 Water Street
P.O. Box 2749
Augusta, ME 04338-2749

    Re:    Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc., et al.
             U. S. District Court Docket No. 05-10981-RCL

Dear Mr. Small:

    Pursuant to the subpoena you received in the above referenced matter, a copy of which is enclosed, this will confirm that you will provide all responsive documents in your possession, custody and/or control by sending all such documents to this office via overnight delivery for receipt tomorrow. Your document production at this time will be in lieu of your bringing the documents to the location designated for your deposition tomorrow. At this time, your deposition tomorrow is cancelled. On behalf of my clients and pursuant to the enclosed subpoena, I retain the right to re-schedule your deposition at a later date.

    Thank you for your cooperation in this matter.

                                      Very truly yours,

                                      Tamsin R. Kaplan

Enclosure

cc:    Richard A. Smith, M.D.
        Vincent Pisegna, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br>          Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br>          Defendants. | Civil Action No. 05-10981-RCL |

SUBPOENA FOR TAKING DEPOSITION
Fed. R. Civ. P. Rule 30(a) and Rule 45

To:    Scott A. Small
        227 Water Street
        Augusta, ME

GREETINGS:

      YOU ARE HEREBY COMMANDED in the name of the United States District Court for the District of Massachusetts in accordance with the applicable provisions of the Federal Rules of Civil Procedure to appear and testify before a Notary Public of the Commonwealth of Massachusetts and Tamsin R. Kaplan, Esquire (617) 484–3210, at the office of Brown & Meyers, located at Eastern Book Company, 55 Bradley Drive, 2nd Floor, Westbrook, Maine, 04092, on Thursday, December 22, 2005 beginning at 11:00 a.m. and from day to day thereafter to give evidence of what you know at the taking of the deposition in the above entitled action.

**YOU ARE FURTHER REQUIRED TO BRING WITH YOU THOSE DOCUMENTS LISTED ON SCHEDULE A, ATTACHED HERETO.**

Federal Rule of Civil Procedure Rule 45 states the following:

(c) Protection of Persons Subject to Subpoenas.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.

    (B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosures of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

HEREOF FAIL NOT as you will answer your default under the pains and penalties in the law that on behalf are made and provided.

Dated: December 9, 2005

_____
Tamsin R. Kaplan, BBO #561558
Tamsin R. Kaplan & Associates, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210

## CERTIFICATE OF SERVICE

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 9th day of December, 2005, by first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

*[signature]*
Tamsin R. Kaplan

SCHEDULE A

Definition:

As used herein, the term "document" means any written, recorded or graphic matter however produced ore reproduced and includes, but is not limited to, books, records, papers, minute of meeting, agreements contracts, memoranda, charts, diagrams, drawings, illustrations, photographs, telegrams, telexes, cables, letters, written analyses, reports, recordings, notes, including notations and memoranda of any sort of telephone communications or face-to-face oral meetings or conversations, financial statements, surveys, calculations, diaries, calendars, address and telephone records, or other documents, as well as electronically stored data, information, or material, including e-mail, voice-mail, deleted and erased computer records available on hard drives, floppy disks, and back-up systems, as well as any transcript or summary thereof. It includes the original, and any copy which differs in any regard from the original and any drafts thereof.

You are required to provide:

1. Any and all documents referring or pertaining in any way to pension plan matters at issue in the pending action Cynthia Foss Bowman v. Pathology Associates of Sturdy Memorial Hospital, Inc. et al., Civil Action No. 05-10981-RCL, U.S. District Court for the District of Massachusetts. (A copy of the complaint in this action is attached hereto as Exhibit 1).

2. Any and all documents referring or pertaining in any way to Cynthia Bowman's retirement benefits and/or retirement savings from March 2002 through the present, including but not limited to all pension plans, IRA's, SEP's, and other retirement accounts.