UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CYNTHIA FOSS BOWMAN,<br>　　　　　Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10981-RCL |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO PRECLUDE FACT WITNESS TESTIMONY
AND FOR ATTORNEYS' FEES AND COSTS
PURSUANT TO FED. R. CIV. P. 37(c)**

**I.　Summary of Argument**

Plaintiff ignored entirely her obligation to provide Defendants with notice of three fact witnesses she intends to call at trial in this matter, as required by the Federal Rules of Civil Procedure and applicable case law. By denying Defendants such basic and mandatory disclosures, Plaintiff has seriously prejudiced Defendants' ability to defend this case. As a result, Plaintiff should be precluded from calling as witnesses at trial the following individuals: Joseph Figueredo, Dr. Barbara Stricker, and Lucia Jean Charles. In addition, the Plaintiff should be required to pay for all of Defendants' attorneys' fees and costs associated with the bringing of their Motion to Preclude Fact Witness Testimony.

**II.     Plaintiff has failed to meet her obligations to provide Defendants with timely and sufficient notice of three of her fact witnesses.**

As part of Plaintiff's Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A), Plaintiff was automatically required to disclose to Defendants the names, addresses, and telephone numbers of each individual likely to have discoverable information that Plaintiff may use to support her claims, and to identify the subject of the information.  In addition, Plaintiff was required under Fed. R. Civ. P. 26(e)(1) to seasonably supplement her Initial Disclosures regarding the identity of witnesses to be called at trial and the subject matter and substance of expected testimony.

In spite of these requirements, Plaintiff did not timely and properly designate the following individuals as trial witnesses:  Joseph Figueredo, Dr. Barbara Stricker, and Lucia Jean Charles.  Instead, five months after the close of discovery in this matter, these three individuals were mentioned <u>for the first time</u> when Plaintiff identified them as trial witnesses in Plaintiff's Proposed Joint Pre-Trial Memorandum, filed with the court on June 8, 2006.[1]  Each of these people is listed with an address only.  The Plaintiff has provided no telephone numbers and no information whatsoever concerning these witnesses' expected testimony, other than designating each as a "fact witness."

As a result of Plaintiff's failure to abide by the discovery rules, Defendants' case has been substantially compromised.  By the time Defendants learned of the existence of these witnesses, the period for discovery was long over, and Defendants were unable to depose these individuals or otherwise explore in discovery the nature of their expected testimony.

---

[1] The names of Mr. Figueredo and Dr. Stricker, but not Ms. Charles, were included in a draft pretrial memorandum provided to Defendants on or about May 19, 2006.

**III. Exclusion of witness testimony is the appropriate sanction for Plaintiff's failure to comply.**

By waiting so long to surprise Defendants with the identities of these three witnesses, Plaintiff has again attempted to gain an unfair tactical advantage over Defendants in this matter.[2]

Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part (emphasis added):

> A party who without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), **is not**, unless such failure is harmless, **permitted to use as evidence at a trial**, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rules, and the *required sanction* in the ordinary case is mandatory preclusion." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998) (emphasis added); and see Laplace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002) (noting that exclusion of evidence is standard sanction for violation of duty of disclosure under Rule 26(a)); Norris v. Murphy, Civ. No. 00-12599-RBC, 2003 U.S. Dist. LEXIS 10795, *4 (D. Mass., June 26 2003) (sanction of exclusion is automatic and mandatory, unless sanctioned party can show that its violation of Rule 26(a) was either justified or harmless).

---

[2] Currently pending with the Court is Defendants' motion to preclude the testimony of Plaintiff's proffered expert, because of Plaintiff's failure to make the required expert disclosures.

This is exactly the type of ambush that the disclosure rules were designed to eradicate. Plaintiff had plenty of time to comply with the witness disclosure rules. Plaintiff's attempt to slip in surprise witnesses at such a late date is inexcusable. Plaintiff's failure to comply with the witness disclosure rules has significantly prejudiced the Defendants' case. The Defendants have no information about the nature of the anticipated testimony to be offered by these individuals. Consequently, excluding their testimony in this matter is an appropriate and just consequence for Plaintiff's failures to abide by the rules of witness disclosure.

**IV.   Conclusion**

For the reasons set forth above, Defendants' respectfully request that the Court grant their Motion to preclude the testimony of Joseph Figueredo, Dr. Barbara Stricker, and Lucia Jean Charles, and order the Plaintiff to pay for all of Defendants' Attorneys' Fees and Costs associated with their Motion to Preclude Fact Witness Testimony.

>Respectfully submitted,
>
>PATHOLOGY ASSOCIATES OF STURDY
>MEMORIAL HOSPITAL
>and RICHARD A. SMITH
>
>By their attorneys,
>
>/s/ Tamsin R. Kaplan
>Tamsin R. Kaplan, BBO#561558
>TAMSIN R. KAPLAN & ASSOCIATES, P.C.
>90 Concord Avenue
>Belmont, MA 02478
>(617) 484-3210

July 14, 2006

5

CERTIFICATE OF SERVICE

    I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 14th day of July, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

                                                     /s/ Tamsin R. Kaplan
                                                     Tamsin R. Kaplan