UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

                          Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

                          Defendants.

**OPPOSITION OF CYNTHIA FOSS BOWMAN TO DEFENDANTS' MOTION TO PRECLUDE FACT WITNESS TESTIMONY PURSUANT TO FED. R. CIV. P. 37(c)**

Plaintiff, Cynthia Foss Bowman ("Dr. Bowman"), hereby opposes Defendants' Motion to Preclude Fact Witness Testimony Pursuant to Fed. R. Civ. P. 37(c).

## I.    Introduction

This is the fourth attempt by Defendants to create controversy through pre-trial motion practice and their second effort in less than a month. The Court denied Defendants' Motion to Preclude Expert Testimony on July 26, 2006. Their Motion to Preclude Fact Witness Testimony similarly lacks merit, and Defendants' frivolous pursuit of unwarranted sanctions merits a summary denial of their Motion and an award of costs and fees in defending against it.[1]

---

[1] Counsel for Dr. Bowman would like to bring to the Court's attention that they received a "Fourth Supplemental Document Production" from Defendants at 4:00 p.m. on July 28, 2006 as illustrative of the point that Defendants' high esteem for discovery deadlines and disclosure under the Rules applies only to obligations allegedly owed *to them* and not *by them*.

Despite the fiery rhetoric of Defendants' Motion and Memorandum in Support, there has been no "ambush" nor is there any prejudice to Defendants' case. The three witnesses in question, Joseph Figueredo, Dr. Barbara Stricker, and Lucia Jean Charles, were disclosed shortly after Dr. Bowman's discovery of them. They appropriately were identified in Dr. Bowman's draft Pre-Trial Memorandum, nearly three months before the scheduled trial date. These witnesses are part of Dr. Bowman's rebuttal case and will be offered solely to contradict evidence that Defendants claim they will present at trial.

## II.   Argument

Defendants again raise the alarm of *significant prejudice* in asking the Court to preclude the three fact witnesses from testifying at trial, yet they fail to show any prejudicial effect on their case. *See, e.g., David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Samos Imex Corp. v. Nextel Commun., Inc.*, 194 F.3d 301, 305 (1st Cir. 1999). Defendants were provided with the witnesses names and contact information on May 19, 2006 and June 8, 2006 in Dr. Bowman's draft Pre-Trial Memorandum. This information was disclosed within a week of Dr. Bowman locating the witnesses and her counsel verifying their identities and knowledge of facts that may be relevant in this case. Dr. Bowman hid nothing from Defendants, violated no Rule and should not be punished for her prompt disclosure of these witnesses.

Further, Dr. Bowman disclosed these witnesses approximately three months prior to the scheduled trial in this case. This is not an "eve of trial" disclosure, and Defendants are not prejudiced. Defendants have ample time and opportunity to contact them to learn what their testimony might be. Each of these witnesses all worked either for or with Dr. Richard Smith, one of the Defendants in this case. As a result, there ought be little mystery with respect to their knowledge about the facts relevant to this case.

2

Finally, these witnesses were identified by Dr. Bowman as possibly having information that will contradict allegations Defendants have made about her in this case. Their testimony is unnecessary for her case-in-chief. As such, they are rebuttal witnesses only, and the Court has discretion to allow any rebuttal evidence, irrespective of prior disclosure to a defendant. If their testimony becomes necessary based on the evidence offered during Defendants' defense, they appropriately would be permitted to testify as part of Dr. Bowman's rebuttal case.

## III. Defendants' "Certification Pursuant to Local Rules 7.1 and 37.1"

Counsel for Defendants submitted a "Certification Pursuant to Local Rules 7.1 and 37.1" stating that she complied with the cited Rules and communicated with Dr. Bowman's counsel regarding her objections to the three fact witnesses at-issue. In truth, Defendants' counsel gives the requirement of these Rules that she confer with Dr. Bowman's counsel only the barest of regard, in keeping with her prior behavior with respect to her Rule 7.1 and 37.1 certification accompanying Defendants' Motion to Preclude Expert Testimony. In this instance, she sent an e-mail to Dr. Bowman's counsel at 11:49 a.m. on a Friday, July 14, 2006, (attached as Exhibit A) demanding that Dr. Bowman remove the three witnesses from her trial list. Defendants' counsel filed their Motion to Preclude Fact Witness Testimony a few *hours* later.

3

WHEREFORE, Dr. Bowman respectfully requests that this Court deny Defendants' Motion to Preclude Fact Witness Testimony Pursuant to Fed. R. Civ. P. 37(c), grant her attorney's fees and costs incurred in connection with same, and grant such other further relief as is just.

                CYNTHIA FOSS BOWMAN

                By her attorneys,

                /s/ Vincent Pisegna
                _____
                Vincent J. Pisegna, BBO# 400560
                Allison Huppé, BBO# 648274
                KROKIDAS & BLUESTEIN LLP
                600 Atlantic Avenue
                Boston, MA 02210
                (617) 482-7211

DATED: July 28, 2006

## CERTIFICATE OF SERVICE

I, Vincent J. Pisegna, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that there are no non-registered participants in the case.

                /s/ Vincent Pisegna
                _____
                Vincent J. Pisegna

2129\0001\187378.1

# EXHIBIT A

# Vincent Pisegna

**From:** Tamsin Kaplan [tkaplan@kaplanlawpc.com]
**Sent:** Friday, July 14, 2006 11:49 AM
**To:** Vincent Pisegna
**Subject:** New Fact Witnesses

Hello Vince:

You have identified three new fact witnesses in your proposed pretrial memo, Joseph Figueredo, Dr. Barbara Stricker and Lucia Jean Charles. I'm sure you are aware that these witnesses were never identified previously, and I have no information about their anticipated testimony. Please agree immediately by reply email to remove these three individuals from your witness list. Otherwise, I will be filing a Motion to Preclude this afternoon.

Thank you for your prompt reply,

Tamsin.


Tamsin R. Kaplan & Associates, P.C.
Counselors at Law
90 Concord Avenue
Belmont, MA 02478
Tel (617)484-3210
Fax (617)484-3162
www.kaplanlawpc.com

*****************************************************

NOTE: The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. If you received this in error, please contact the sender and delete the material from any computer. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system, it is the responsibility of the recipient to ensure that any e-mail or attachment opened is virus free and no responsibility is accepted by Tamsin R. Kaplan & Associates, P.C. for any loss or damage arising in any way from receipt of this e-mail.

IRS CIRCULAR 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.