UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA FOSS BOWMAN,<br>            Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY<br>MEMORIAL HOSPITAL, INC. and<br>RICHARD A. SMITH,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-10981-RCL<br>)<br>)<br>)<br>) |

**REPLY BY DEFENDANTS
TO OPPOSITION OF PLAINTIFF TO
DEFENDANTS' MOTION TO PRECLUDE FACT WITNESS TESTIMONY
AND FOR ATTORNEYS' FEES AND COSTS
PURSUANT TO FED. R. CIV. P. 37(c)**

By failing entirely to identify the three fact witnesses at issue until approximately five months after the close of discovery, Plaintiff again flouted the clear mandates of the Federal Rules of Civil Procedure.[1] As a result of Plaintiff's non-compliance with the Rules of Civil Procedure in this regard, Defendants have been seriously prejudiced because they had no way of knowing that Plaintiff intended to call these witnesses at trial and, therefore, no opportunity to conduct any discovery related to these witnesses or their anticipated testimony. Even when Plaintiff finally identified Mr. Figuerido, Dr. Stricker and Ms. Charles on May 19th and June 8th, Plaintiff failed to provide any information about the subjects of the witnesses' anticipated testimony as required in initial disclosures

---

[1] In fact, the record in this matter demonstrates the Plaintiff's persistent failure to comply with the requirements and deadlines established by the Federal Rules of Civil Procedure, the Local Rules and this Court. The Plaintiff's recalcitrance has resulted in unnecessary expense by all parties, as well as unnecessary burden on the resources of this Court. The Plaintiff's characterization in her Opposition of the Defendants' "attempts to create controversy" and "frivolous pursuit of unwarranted sanctions" is not only inappropriate but also typical of the frequent rhetorical attacks and false accusations leveled at the Defendants and their counsel throughout this litigation.

1

and seasonable supplementation under Fed. R. Civ. P. 26(a)(1)(A) and Fed. R. Civ. P. 26(e)(1).

Defendants learned <u>for the first time</u> on July 31, 2006, from Plaintiff's Opposition to Defendants' Motion to Preclude Fact Witnesses, that these three witnesses are intended as rebuttal witnesses. However, still, Plaintiff has failed to provide any information whatsoever about the testimony to be provided by these witnesses.

Plaintiff's delay in identifying these witnesses and providing the requisite information about them is inexcusable. Plaintiff was well aware of the Defendants' position in this case and the facts at issue <u>a year ago</u>. Defendants thoroughly communicated to Plaintiff their response to her claims in July 2005, in legal correspondence and in the Defendants' case management statement. Plaintiff was required to identify her witnesses as early as possible, and had every opportunity to do so months before the close of discovery.

The discovery of this matter is now long over and the parties are approaching trial. It is simply too late for Defendants to be prepared at trial to respond to unanticipated testimony by witnesses who were not disclosed until the eleventh hour.[2]

However, if the Court allows the Plaintiff to present the testimony of Mr. Figueredo, Dr. Stricker and Ms. Charles at trial, Defendants request that the Court: (1) require Plaintiff to immediately disclose in writing to Defendant's counsel in reasonable detail the subject matter of each of these witnesses' anticipated testimony; and (2) limit the trial testimony of each of these witnesses to the subject matter contained in each of

---

[2] Plaintiff notes in her Opposition that Defendants provided a fourth supplemental document production on July 28, 2006. The documents produced consist merely of two financial reports regarding the Defendants' Pension Plan. The fact that Defendants continue to provide supplementation as required by the Rules of Civil Procedure underscores the consistent compliance of Defendants with the Rules and Orders governing these proceedings, in contrast with Plaintiff's recalcitrance.

the Plaintiff's respective written disclosures. Accordingly, an alternative proposed Order is enclosed herewith.

For the reasons set forth above and contained in the Memorandum in Support of Defendants' Motion to Preclude Fact Witness Testimony and for Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 37(c), Defendants respectfully request that this Court grant their Motion to Preclude Fact Witness Testimony and for Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 37(c).

Respectfully submitted,

/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan, BBO#561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210
Attorneys for Defendants

/s/ David Rapaport_____
David Rapaport, BBO#411920
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
Attorneys for Defendants

Dated: August 1, 2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYNTHIA FOSS BOWMAN,<br><br>     Plaintiff,<br><br>v.<br><br>PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC. and RICHARD A. SMITH,<br><br>     Defendants. | Civil Action No. 05-10981-RCL |

<u>ORDER</u>

This matter comes before the Court on Defendants' Motion to Preclude Fact Witness Testimony and For Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 37(c). After review of the submissions from the parties, this Court hereby orders as follows: (1) Plaintiff is required to immediately disclose in writing to Defendant's counsel in reasonable detail the subject matter of the anticipated testimony of each of the witnesses, Joseph Figueredo, Dr. Barbara Stricker and Lucia Jean Charles; and (2) The trial testimony of each of these witnesses shall be limited to the subject matter contained in each of the respective written disclosures provided by Plaintiff.

 

_____
United States District Judge

Dated:

5

CERTIFICATE OF SERVICE

    I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 1st day of August, 2006, by electronic filing and first class mail, postage pre-paid, to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

                                                  /s/ Tamsin R. Kaplan____
                                                  Tamsin R. Kaplan