UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10981 RCL

CYNTHIA FOSS BOWMAN,

Plaintiff,

v.

PATHOLOGY ASSOCIATES OF STURDY
MEMORIAL HOSPITAL, INC. and RICHARD A.
SMITH,

Defendants.

**DEFENDANTS' PRE-TRIAL MEMORANDUM**

In accordance with the Order for Final Pre-Trial Conference in the above-captioned action dated June 19, 2006, the Defendants submit the within Pre-Trial Memorandum.

A.    <u>Defendants' Trial Counsel</u>.

Tamsin R. Kaplan, Esq., Tamsin R. Kaplan & Associates, P.C., 90 Concord Avenue

Belmont, MA  02478, tel: 617-484-3210 (Defendants' counsel).

David Rapaport, Esq., Davis, Malm & D'Agostine, P.C., One Boston Place, Boston, MA 01208, tel: 617-367-2500 (Co-Counsel for Defendants).

B.     <u>Concise Summary Of The Positions Asserted By The Parties</u>.

<u>Defendants' Summary</u>

PASM complied with all the terms of its agreement with Plaintiff.  The Defendants deny that PASM owes Plaintiff any additional moneys.  The Defendants deny making the promises alleged by the Plaintiff with respect to pension funding and year-end bonuses.  The Defendants acted in good faith at all times and deny making any misrepresentations to the Plaintiff.

Plaintiff refused to work the required hours of her position as an associate pathologist, failed to provide adequate support to maintaining PASM's contractual agreement with Sturdy Memorial Hospital, and was insubordinate. Plaintiff's actions constituted repudiation and/or material breach of the parties' agreement, thereby releasing the Defendants from the contractual obligations which Plaintiff now seeks to enforce.

Plaintiff's acceptance of the PASM 401(k) Plan and failure to request any additional pension funding throughout the duration of her employment after being informed on July 21, 2003 of the PASM 401(k) Plan constituted a waiver and/or assent to modification of any agreement between the parties with respect to pension funding.

Plaintiff's failure to request any bonuses throughout the entire duration of her employment constituted a waiver and/or assent to modification of any agreement between the parties with respect to payment of bonuses.

Plaintiff did not sustain any damages as a result of any breach of contract by PASM or reliance on any alleged representations made by Smith or PASM.

Defendants dispute Plaintiff's calculation of her alleged damages and maintain

that Plaintiff failed to adequately mitigate any damages she claims to have suffered in this matter.

C.     <u>Waived Claims Or Defenses</u>.

Defendants waive the following affirmative defenses:

Second Affirmative Defense:  Statute of limitations.

Seventh Affirmative Defense:  Failure to provide condition precedent and/or concurrent condition.

Twelfth Affirmative Defense:  ERISA preemption.

*Defendants maintain and assert all other defenses in this matter.*

D.     <u>Statement of Facts Established By Pleadings Stipulations, Admissions</u>.

The Complaint and Answer in the above-captioned action established the following facts:

1.     Defendant, Pathology Associates of Sturdy Memorial Hospital, Inc. ("PASM"), is a Massachusetts corporation with a principal place of business located at 211 Park Street, Attleboro, Massachusetts.

2.     Defendant, Richard A. Smith ("Smith"), is an individual who resides at 11 Dutton Park, Walpole, Massachusetts.

3.     PASM is in the business of providing pathology services to Sturdy Memorial Hospital in Attleboro, Massachusetts.  Smith is the President, Treasurer, and Director of PASM.

4.    On April 30, 2002, Smith, in his capacity as President of PASM, entered into an agreement with Plaintiff. The parties signed the document dated April 9, 2002; Bowman signed it on May 2, 2002.

5.    Bowman began working for PASM on or about July 22, 2002.

Stipulation of Facts Not In Dispute

The Defendants stipulate that Exhibit A attached hereto is a true and accurate copy of the document dated April 9, 2002 signed by the parties.

The Defendants also stipulate:

1.    Bowman was employed as an Associate Pathologist by PASM from on or about July 22, 2002 through on or about March 12, 2004.

2.    Bowman was appointed as Associate Chief of Pathology for Sturdy Memorial Hospital at the time of her hire by PASM.

3.    PASM made no representations to Bowman regarding vesting of any pension plan funding.

4.    During the period of her employment, salary received by Bowman from PASM totaled $326,674.15.

5.    PASM paid for all malpractice coverage for Dr. Bowman during her employment.

6.    PASM provided Bowman with an interest-free loan of $20,000.

7.    PASM paid $750 monthly toward Bowman's purchase of a Mercedes Benz station wagon.

8.    During her employment, Bowman was paid for 58 days off.

9.      During Bowman's employment, PASM paid a total of $8,930.74 for

continuing education, books and dues for Dr. Bowman.

10.      PASM also paid $1,139 to cover the "tail" on Dr. Bowman's prior

malpractice policy.

11.      During her employment by PASM, Bowman made no request for

payment of any bonuses.

12.      Effective January 1, 2003, PASM established a 401(k) plan for its

employees, including Bowman.  This Profit Sharing and Retirement Savings Plan is

known as the "Pathology Associates of Sturdy Memorial Hospital, Inc. 401(k) Plan."

13.      In addition to salary and other benefits paid to Bowman, PASM

contributed $6,000 to Bowman's 401(k) account for 2003 and $1,250 to Bowman's

401(k) account for 2004.

14.      The amounts contributed to Bowman's 401(k) account by PASM
were

immediately fully vested.

15.      During her employment by PASM, Bowman made no request for

pension funding after she was informed of the establishment of her 401(k) account.

16.      Bowman made no contributions to her PASM 401(k) account or to
any

other pension plan or retirement savings during her employment by PASM.

17.      During her employment by PASM, Bowman was required to report
to

work at 7:30 a.m.

18.     Bowman arrived late by approximately one hour or more on most days.

19.     Bowman's appointment as Associate Chief of Pathology for Sturdy Memorial Hospital was withdrawn effective September 1, 2003.

20.     On October 31, 2003, Bowman told Smith that she had accepted another job and was awaiting credentialing before resigning from PASM.

21.     On February 27, 2004, Bowman gave Smith written notice of her resignation from employment by PASM.

22.     Since her separation from employment by PASM, Bowman has elected to invest in a money market fund the monies paid into a pension plan for her by her new employer.

23.     Bowman has made no contributions to any 401(k) account or other pension plan or retirement savings since her separation from employment by PASM.

E.     Contested Issues Of Fact.

1.     Whether PASM promised Bowman that she would be paid the maximum amount into a pension plan regardless of her performance.

2.     Whether the parties agreed that Bowman would be paid the maximum amount into a pension plan or agreed that Bowman would be paid an amount *up to* the maximum into a pension plan.

3.     Whether PASM promised Bowman that her pension would be tax free or that her pension would be tax deferred.

4.     Whether Bowman refused to work the required hours of her position with

PASM.

F.    <u>Jurisdictional Questions</u>.

None.

G.    <u>Questions Raised By Pending Motions</u>.

1.    Whether Plaintiff should be precluded from calling three particular fact witnesses, Joseph Figueiredo, Lucia Jean Charles and Dr. Barbara Stricker.

2.    Whether Defendants should be granted leave to designate an expert witness.

H.    <u>Issues of Law</u>.

1. Whether the parties' agreement is ambiguous regarding the obligation of PASM to pay Plaintiff a pension and the amount of any such pension which was to be paid.

2. Whether the Defendants are entitled to judgment as a matter of law with respect to the Plaintiff's claim for year-end bonuses.

3. Whether the Defendants are entitled to judgment as a matter of law with respect to Plaintiff's claim for Breach of the Covenant of Good Faith and Fair Dealing.

4. Whether the Defendants are entitled to judgment as a matter of law with respect to Plaintiff's claim for Innocent Misrepresentation.

*Defendants will brief these issues.*

I.    <u>Requested Amendments To The Pleadings</u>.

None.

J.      Additional Matters.

None.

K.      Probable Length Of Trial.

Length of trial is estimated to be approximately 3 to 6 half days, depending on the

Court's rulings on the pending motions and threshold legal issues.

L.      Witnesses.

Defendants' Witnesses:

1.   Richard A. Smith, M.D. (fact witness), Sturdy Memorial Hospital, 211 Park
     Street, Attleboro, MA

2.   Mary Lee Nunes (fact witness), Sturdy Memorial Hospital, 211 Park Street,
     Attleboro, MA

3.   Sandra LaLiberte (fact witness), Sturdy Memorial Hospital, 211 Park Street,
     Attleboro, MA

4.   Helaine Wolpert, M.D. (fact witness), Sturdy Memorial Hospital, 211 Park
     Street, Attleboro, MA

5.   Richard Statman, M.D. (fact witness), Sturdy Memorial Hospital, 211 Park
     Street, Attleboro, MA

6.   Paula McBrine, M.D. (fact witness), Sturdy Memorial Hospital, 211 Park
     Street, Attleboro, MA

7.   Daniel Pietro, M.D. (fact witness), Sturdy Memorial Hospital, 211 Park
     Street, Attleboro, MA

8.   Mary Pamela Friberg (fact witness), Sturdy Memorial Hospital, 211 Park
     Street, Attleboro, MA

9.   Jack Toomey (fact witness), John T. Toomey & Associates, Inc., 175 Derby
     Street, Hingham, MA.

10. Callum McLain (fact witness), Janney Montgomery Scott, LLC, 60 State Street, Boston, MA 02109.

*Defendants reserve the right to identify additional witnesses or otherwise modify their list of witnesses, pending the Court's rulings on Defendants' Motion to Designate Expert Witness and Motion to Preclude Fact Witness Testimony and the Court's rulings on other threshold legal issues.*

M.    List Of Proposed Exhibits.

See Appendix 1.

*Defendants reserve the right to identify additional trial exhibits.*

N.    Jury Instructions.

See Appendix 2.

*Defendants reserve the right to request additional or modified jury instructions.*

O.    Voir Dire Examination Questions.

Defendants request that the jury be asked the following questions:

1.    Have you, your spouse, or any close friend ever sued an employer? If so, please explain the circumstances including the outcome.

2.    Have you ever been involved in a dispute with your employer? If so, please explain the circumstances including the outcome.

3.    Are you, your spouse, or any close friend a member of a union?

4.    Do you or your spouse receive pension benefits, or expect to receive them in the future?

*Defendants reserve the right to request additional or modified voir dire questions.*

<u>Special Verdict Form</u>

See Appendices 3 and 4.

*Defendants reserve the right to request additional or modified special questions to the jury.*

Respectfully submitted,


/s/ Tamsin R. Kaplan
Tamsin R. Kaplan, BBO#561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210
Attorneys for Defendants


/s/ David Rapaport
David Rapaport, BBO#411920
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
Attorneys for Defendants


Dated: August 9, 2006

CERTIFICATE OF SERVICE

     I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 9th day of August, 2006 by electronic filing and on August 10, 2006 by hand delivery to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.


/s/ Tamsin R. Kaplan
Tamsin R. Kaplan

PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL
Richard A. Smith MD
211 Park Street
Attleboro, MA 02703
April 9, 2002

Cynthia Lee Foss Bowman, MD
PO Box 61
West Rockport, ME 04865

Dear Dr. Bowman:

It is my pleasure to invite you to join Pathology Associates of Sturdy ("PASM") as an associate pathologist. This letter will describe the terms of this proposed relationship for the first year. Obviously, this offer is contingent on gaining a medical license in the Commonwealth of Massachusetts in a timely fashion, passing the credentialing process conducted by each of our insurance carriers and becoming and remaining a member in good standing of the Sturdy Memorial Hospital Medical Staff.

The contract to provide exclusive pathology services to Sturdy Memorial Hospital is held by me personally. The hospital awards this contract on a triannual basis. We are midway through our second term and I anticipate no difficulty in renewing this contract when we renegotiate in 2003. PASM is an "S" corporation set up to collect professional fees, pay expenses, salaries and benefits to pathologists and their assistants performing pathology and laboratory medicine consultative services to the hospital and its medical staff and administration. You will be an employee of PASM. I expect that you will conform to the terms of the contract I have with the hospital and to provide your support to maintaining this contractual agreement with the hospital. You are further expected to conform with each of the quality initiatives enacted by the Department and the Hospital.

You will be the second fulltime pathologist in the practice. As such, you will be appointed Associate Chief of the Department. In my absence yours will be the designated signature for procedures, laboratory proficiency testing and other matters pertaining to the laboratory.

We ordinarily get started in the morning at approximately 7:30 am. The operating room normally requires our presence until approximately 5:30 in the evening. The on-call pathologist is then responsible for coverage after that time. You will ordinarily be on frozen sections and surgicals two days per week and 2.5 to 3 days when another pathologist is on vacation. All surgicals received on your day will be your responsibility to supervise grossing and sign out. We have retained a pathologist assistant to provide grossing services. In her absence, it will be the pathologist's responsibility to process specimens on his or her day. On frozen section day, you will also receive GYN and non GYN cytology for signout. You are expected to attend the three day CYTYC gyn cytology course and to gain Thin Prep certification. I have forwarded to you a list of available dates at the Boxborough, MA training site. The company will provide you with lodging at the nearby Holiday Inn while you attend this class.

Wednesdays are conference days for the medical staff. These begin at 7:30 am on each Wednesday of the month. I would like you to be a regular participant in these conferences and also to provide coverage to the Medical and Surgical Morbidity and Mortality conferences each month and to attend the Department of Medicine monthly

0C087

business meeting as a non voting resource person. You may be appointed to one or more committees of the medical staff by our medical staff president. I look forward to your enthusiastic participation and contribution in these endeavors.

The Department of Pathology also conducts a monthly business meeting, a weekly multidisciplinary breast conference and a biweekly GI-pathology conference in which I expect you to participate.

You will be assigned two on call nights during the week, Tuesday and Thursday, which will be your usual grossing days. You will also rotate weekend call every third weekend. On your weekend on-call I expect you to be present Saturday morning and come in sometime on Sunday to provide consultation services to the laboratory and medical staff, gross specimens and sign out any left over cases. When possible, I will try to give you a part of a day off the week before or after your on-call weekend. The hospital will provide you with a long range digital pager. You will be expected to have it with you at all times when on call and to be able to answer a page in a timely fashion. When on call, you will need to reside within a 45 minute ride to the hospital or to sign out to another pathologist.

Holiday on-call will be in rotation. We staff the department for all Monday holidays at a reduced level. We also staff the department Christmas Eve and New Year's Eve and the day after Thanksgiving.

Your personal leave allowance will be five weeks plus a week's paid leave for a mandatory continuing education experience (total 6 weeks). I try to be reasonable in scheduling, but it is important to reserve time you want to be away as early as possible. It is essential that there be two pathologists in the department each regular weekday, unless extenuating circumstances prevail. I will try to give both weekends before and after a vacation week off call. This may not always be possible and may require more frequent on-calls to accomplish this. Ordinarily vacation leaves are for 9-11 days. Longer leaves represent a hardship to the other pathologists and will be granted only in special circumstances and with the full support of the other two staff members. Sick leave will be assessed from this yearly allowance. After 30 days, a locum may be retained using your salary budget to pay that person. After 3 months of continuous or near continuous sick leave, I will reserve the right to terminate this agreement.

The financial package has been discussed with you. For the first year the following financial terms are offered:

| | |
|---|---|
| Salary | $200,000 per annum paid in twice monthly installments on the 10th and 25th of the month |
| Pension | To maximum allowable to your current plan or a SEP set up for you. This is estimated to be a $40,000 per annum contribution |
| Leased auto | BMW X5 3.0. The corporation will pay the down payment and monthly lease payments in your behalf. You will be responsible for insurance, maintenance and excess mileage as well as additional wear and tear repair fees at the |

termination of the lease.  This obligation will cease if for any reason you terminate your relationship with PASM.

| | |
|---|---|
| Malpractice insurance | $2/6 Million coverage.  Occurrence coverage |
| Continuing education | Up to $3000 per year for expenses to attend a national meeting or legitimate course of study |
| Book and dues allowance | Up to $3000/year |
| Digital camera | The hospital will purchase a digital camera for your microscope.  You will need to provide specific model number and vendor before the end of May 2002 so that I can put this into the capital budget request. |
| Health insurance | If needed. Otherwise allowance for additional expenses will be substituted. |
| Moving allowance | I am prepared to advance a portion of your salary up to $15,000 to assist in relocation. |
| Disability, life insurance | Not currently provided by corporation |

This agreement will commence the day you receive credentials at SMH and begin work.  It will automatically renew each year on July 1.  Either party with 3 months notice, may terminate the agreement.  Both parties agree to notify in writing and give the other 30 days notice to correct potential causes for termination.

I hope you will find this offer meets your needs.  I look forward to a long and mutually rewarding relationship with you.  I would ask you to sign and return one copy of this offer.

Sincerely,

4/30/02

Richard A. Smith MD
President


I accept the terms of this offer.

5/2/02

Cynthia Lee Foss Bowman, MD     Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| CYNTHIA FOSS BOWMAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATHOLOGY ASSOCIATES OF STURDY | ) | Civil Action No. 05-10981-RCL |
| MEMORIAL HOSPITAL, INC.  and | ) | |
| RICHARD A. SMITH, | ) | |
| Defendants. | ) | |

_____)


**DEFENDANTS' LIST OF TRIAL EXHIBITS**


I.  Defendants' trial exhibits:

1.      E-mail dated March 4, 2002 to Bowman from Holiday Inn Hotel.

2.      E-mail dated March 4, 2002 to Bowman from RASMD.

3.      E-mail dated March 9, 2002 to Bowman from Richard Smith.

4.      E-mail dated March 11, 2002 to Bowman from Richard Smith.

5.      E-mail dated March 11, 2002 to Bowman from Richard Smith.

6.      E-mail dated March 12, 2002 to Bowman from Richard Smith.

7.      E-mail dated March 18, 2002 to Bowman from Richard Smith.

8.      E-mail dated March 18, 2002 to Bowman from Richard Smith.

9.      E-mail dated March 18, 2002 to Bowman from Richard Smith.

10.     E-mail dated March 25, 2002 to Bowman from Richard Smith.

11.     E-mail dated March 25, 2002 from Richard Smith to Bowman

12.     Curriculum Vitae of Richard Andrew Smith, M.D., Ph.D.

13.     Letter dated April 9, 2002, 00087-00089; D0165-D0167

14.     Hospital Contract, 00051-00083

15.     Email dated March 27, 2002, 00045-00046

16.     Email dated March 28, 2002, 00049

17.     Schedules, D0008-0018

18.     Memo dated May 15, 2002, 00050

19.     Handwritten Notes, 00026-00029

20.     Handwritten Notes, D0002

21.     Handwritten Notes, D0006

22.     Handwritten Notes, D0019-0020

23.     Handwritten Notes, D0606

24.     Curriculum Vitae, 00618-00621

25.     Email dated October 10, 2001, 00666

26.     Summary of Salary and Benefits, 00653

27.     Letter dated May 6, 2002, no Bates #, Bowman Deposition Exhibit 22; D0173

28.     Handwritten Notes, no Bates #, Bowman Deposition Exhibit 23

29.     Sturdy Memorial Hospital Confidentiality Agreement, SMH0373

30.     Letter dated May 24, 2002, SMH0430-SMH0431

31.     Motor Vehicle Cash Purchase Agreement, 00622

32.     Surgical Pathology Procedure Manual, D0689-D0875

33.     Autopsy Pathology Procedure Manual, D0876-D0920

34.     Letter dated July 2, 2003, no Bates #, Bowman Deposition Exhibit 33

35.     401(k) Take Home Pay Illustration, no Bates #, Bowman Deposition Exhibit 34

36.     Letter to R. Bryant from R. Smith, no Bates #, Bowman Deposition Exhibit 35; D0493

37.    Handwritten notes, no Bates #, Bowman Deposition Exhibit 36

38.    Summary Plan Description, D0626-D0640

39.    Statements of Account, D0499-D0504; D0514-D0518; D0523-D0524; D0531-D0532; D0617-D0619; D0922-D0929 (Bowman Deposition Exhibit 38)

40.    Schedules, 00003–00025

41.    Letter dated August 11, 2003, 00030

42.    Handwritten notes, 00608

43.    Car Payment Documents, 00624-00641

44.    Ohio position documents, 00646-00653

45.    Job search documents, 00658-00668

46.    Handwritten notes, D0001-D0006

47.    Schedules, D0007-D0018

48.    Handwritten notes, D0019-D0020

49.    W-2 Forms, D0109-D0111

50.    Checks payable to Bowman, D0112-D0152

51.    Letter dated March 3, 2004, D0174

52.    Pathology Associates 401(k) Plan, D0175-D0449

53.    Schedules, D0450-D0492

54.    Account Statements, D0494-D0532

55.    Hospital Contract, D0560-D0592

56.    Schedules, D0612-D0614

57.    Summary Plan Description, D0624-D0640

58.    Checks payable to Bowman, D0643-D0682

59.    Letter to extend Hospital Agreement dated October 23, 2003, D0683

60.    Amendment to Hospital Agreement dated September 26, 2002, D0684-D0685

61.    Letter to extend Hospital Agreement dated November 20, 2000, D0688-D0689

62.    2003 Activity Report for PASM 401(k) Plan, D0930-D0945

63.    2004 Activity Report for PASM 401(k) Plan, D0946-D0971

64.    Letter dated May 31, 2002, SMH0041

65.    Medical Staff Officers and Committees, SMH0050-SMH0057

66.    Memo dated July 22, 1999, SMH0058-SMH0059

67.    Memo dated December 18, 2001, SMH0001-SMH0003; SMH0323-SMH0325

68.    Schedules, SMH0468-SMH1293

69.    Documents with December 19, 2005 fax cover sheet from S. Small (7 pages)

70.    Account Statement, D0972-D0974


II.  Defendants object to the following documents included in Plaintiff's List of Documents dated June 8, 2006:

(Numbering corresponds to Plaintiff's List of Documents.)

1.    Handwritten notes.

12.    E-mail dated March 25, 2002 to Richard Smith from Bowman.

20.    Correspondence dated April 20, 2004 to Richard Smith from Richard N. Bryant.

21.    Memorandum dated March 27, 2004 to Richard N. Bryant from Bowman

22.    Correspondence dated May 25, 2004 to Kaplan from Richard N. Bryant.

27.    Job Description for Pathology Assistant.

28.    2004 Practice Characteristics Survey Report

29.    All documents from Sturdy Memorial Hospital

30.    Enrollment Confirmation Receipt to Cynthia F. Bowman, MD for June 2-3, 2003
       Harvard Medical School Course on *Breast Pathology: Current Concepts and
       Controversies*

31.    Meal and Parking Receipts dated June 2-3, 2003 of Cynthia Bowman for
       attendance at Harvard Medical School Course on *Breast Pathology: Curre11t
       Concepts and Controversies*

32.    Reservation of Cynthia Bowman, MD for Harvard Medical School Conference
       on *Current Topics in Breast Pathology* held on November 12, 2003.

33.    Registration Form and Confirmation to Cynthia Foss Bowman for 2003
       Pathologists' Meeting.

34.    Rental Car, Meal, Parking and Ton Receipts dated August 10-14, 2003 of Cynthia
       Foss Bowman for Attendance at 2003 Pathologists' Meeting.

35.    E-mail Confirmation of United Airlines Reservations with Ticket Stubs for
       Flights to and from Boston/Los Angeles/San Diego on September 10 & 14, 2003
       for CFBOWMAN@AOL.COM.

36.    Correspondence dated October 1, 2003 to Cynthia Foss Bowman from College of
       American Pathologists re confirmation of deposit for The 2004 Pathologist'
       Meeting.

37.    2003 Membership Dues Invoice #90386816 from College of American
       Pathologists to Cynthia Foss Bowman MD.

38.    2004 Membership Dues Invoice from Col1ege of American Pathologists to
       Cynthia Foss Bowman.

39.    2003 Application for Membership to Massachusetts Society of Pathologists, Inc.
       by Cynthia Foss.

40.    2004 Membership Renewal Notice to Cynthia Foss Bowman from Massachusetts
       Society of Pathologists.

41.    E-mail dated June 30, 2003 to Cynthia Foss Bowman from ASC re automatic
       membership renewal.

42.    2003 Membership Dues Invoice dated December 5, 2002 to Cynthia F. Bowman
       from American Association for Clinical Chemistry.

43.    2004 Membership Dues (and Subscription to *Clinical Chemistry Journal)* Invoice dated November 24, 2003 to Cynthia F. Bowman from American Association for Clinical Chemistry.

44.    2003 Membership Application from American Society for Microbiology.

45.    2004 Membership Renewal (and Subscription to *Clinical Microbiology Reviews* and *Journal of Clinical Microbiology)* Invoice dated December 31, 2003 to Dr. Cynthia F. Bowman from American Society for Microbiology.

46.    2004 Annual Dues Notice to Cynthia F. Bowman, M.D. dated December 3l, 2003 from United States and Canadian Academy of Pathology, Inc.

47.    2003 American Society for Clinical Pathology Membership Renewal Notice (and Subscription to *Pathology Patterns Review)* to Cynthia L. Bowman, MD.

48.    2004 American Society for Clinical Pathology Membership Renewal Notice (and Subscription to *Pathology Patterns Review)* to Cynthia L. Bowman, MD.

49.    Subscription Renewal Notice of *Human Pathology* to Cynthia F. Bowman, MD, and Invoice #61284683 dated January 27, 2003.

50.    Subscription Renewal Notice of *Human Pathology* to Cynthia Foss Bowmm dated December 31, 2003.

51.    Invoice #6406987 to Cynthia L. Foss-Bowman MD dated November 20,2002 for Subscription Renewal of *Cancer.*

52.    Subscription Renewal Notice to Cynthia Foss Bowman dated October 18, 2003 for *Cancer.*

53.    Subscription Renewal Notice to Cynthia Foss Bowman dated December 9, 2002 for *Morbidity and Mortality Weekly Report.*

54.    Subscription Renewal Notice to Cynthia Foss Bowman dated October 14, 2003 for *MMWR.*

55.    2003 Subscription Renewal Notice to Dr. Cynthia Foss Bowman for *Histopathology.*

56.    2004 Subscription Renewal Notice to Cynthia Foss Bowman for *Histopathology.*

57.    Subscription correspondence to Cynthia L. Bowman MD for *The American Journal of Surgical Pathology.*

58.    Subscription Renewal Form to Cynthia L. Bowman dated August 4, 2003

for *The American Journal of Surgical Pathology*

59.    Credit Card Receipt for Purchase of Publications: *Clinical Lab Medicine 2B, Flow Cytrometric Txt/Atlas 2E,* and *Disorders Thrombos* & *Hemost 3E.*

60.    Invoice/Packing Slip dated July 6, 2003 to Cynthia F. Bowman MD for Publications: *Clinical Lab Medicine 2E, Flow Cytrometric Txt/Atlas 2E,* and *Disorders Thrombos* & *Hemost 3E.*

61.    Card Receipt dated July 2, 2002 for Publications: *Blaustein's Pathology of 51E, AJCC Cancer Staging Manual 61E,* and *Fetal* & *Neonatal Pathology JED.*

62.    Invoice #3749899 dated July 26,2002 to Cynthia F. Bowman MD for Publications: *Blaustein's Pathology of 51E, AJCC Cancer Staging Manual 6/E,* and *Fetal & Neonatal Pathology 3ED.*

63.    Invoice #48279460 dated July 24, 2002 and Packing List to Cynthia Bowman for *SRGCL Path Nervous Sysm/Coverings 4/E* and backordered *Skin Pathology, 2E* and *Diagnostic Immunohistemistry*

64.    Invoice #48573930 dated August 9, 2002 and Packing List to Cynthia Bowman for *Skin Pathology, 2E.*

65.    Invoice #48529548 dated August 9, 2002 and Packing List to Cynthia Bowman for *Diagnostic Immunohistemistry.*

66.    Correspondence from AFIP Atlas Subscriber Program (AAS) to Non- Tumor Atlas Subscriber for Subscription to Volume 2 of the Non-Tumor Atlas, *"Non--neoplastic Disorders of the Lower Respiratory Tract".*

Respectfully submitted,


/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan, BBO#561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210
Attorneys for Defendants


/s/ David Rapaport_____
David Rapaport, BBO#411920
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
Attorneys for Defendants


Dated: August 9, 2006

<u>CERTIFICATE OF SERVICE</u>

     I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 9th day of August, 2006 by electronic filing and on August 10, 2006 by hand delivery to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

<u>/s/ Tamsin R. Kaplan</u>
Tamsin R. Kaplan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
CYNTHIA FOSS BOWMAN,                     )
                    Plaintiff,           )
                                         )
v.                                       )
                                         )
PATHOLOGY ASSOCIATES OF STURDY           )    Civil Action No. 05-10981-RCL
MEMORIAL HOSPITAL, INC.  and             )
RICHARD A. SMITH,                        )
                    Defendants.          )
_____)


**DEFENDANTS' REQUESTS FOR JURY INSTRUCTIONS**


Defendants hereby request that the Court instruct the jury as provided in the

following proposed jury instructions.


                         Respectfully submitted,


                         /s/ Tamsin R. Kaplan_____
                         Tamsin R. Kaplan, BBO#561558
                         TAMSIN R. KAPLAN & ASSOCIATES, P.C.
                         90 Concord Avenue
                         Belmont, MA 02478
                         (617) 484-3210
                         Attorneys for Defendants



                         /s/ David Rapaport_____
                         David Rapaport, BBO#411920
                         Davis Malm & D'Agostine P.C.
                         One Boston Place
                         Boston, MA 02108
                         (617) 367-2500
                         Attorneys for Defendants


Dated: August 9, 2006

<u>Defendant's Proposed Jury Instruction No. 1</u>

Breach of Contract – Definition of Contract

In this case, Dr. Bowman alleges that Pathology Associates of Sturdy Memorial Hospital, Inc. ("Pathology Associates") is liable for breach of contract.  A contract is a promise, or set of promises, between two or more persons to do or not to do a certain thing.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 14.1 (2003).

Given                  _____

Refused                _____

Given as Modified      _____

<u>Defendant's Proposed Jury Instruction No. 2</u>

Breach of Contract – Definition of Contract

Dr. Bowman must prove that there existed a binding contractual relationship between herself and Pathology Associates.  A contract exists when the parties agree to terms and conditions of mutual promises.  A contract may be based upon oral or written promises. This is often referred to as a "meeting of the minds."  "Mutuality" means that the parties communicated their agreement to the terms and conditions in the same sense and at the time of the alleged contract.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 14.1.1 (2003).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 3</u>

Breach of Contract – Definition of Contract

In order to prove the existence of a contract with Pathology Associates, Dr. Bowman must prove each of the following three elements by a preponderance of the evidence:

1. that an offer was made;
2. that the offer was accepted;
3. that Dr. Bowman and Pathology Associates each gave something of value, or promised to give something of value.  This is referred to under the law as "consideration."

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
         Superior Court Civil Jury Instructions, § 14.1.2 (2003).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 4</u>

Breach of Contract – Contract Interpretation

If you determine that a binding contract was formed, you must determine the terms of the contract.  The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 14.1.11 (2003).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 5</u>

Breach of Contract – Contract Interpretation

The basic concept of the interpretation of a written agreement is that the contract is considered as a whole, giving reasonable effect to each of its provisions.

Sources:  17 Bishop, Massachusetts Practice Series, Prima Facie Case – Proof and Defense, § 2.3 (5th ed. 2005).

<u>King Features Syndicate v. Cape Cod Broadcasting Co.</u>, 317 Mass. 652 (1945); <u>G.M. Abodeely Ins. Agency, Inc., v. Commerce Ins. Co.</u>, 41 Mass. App. Ct. 274 (1996), *rev. denied*, 423 Mass. 1112 (1996).

Given            _____

Refused          _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 6</u>

Breach of Contract – Contract Interpretation

Every word should be given meaning and no words should be discarded as surplus.

Sources:  <u>Computer Systems of America, Inc. v. Western Reserve Life Assurance Co. of Ohio</u>, 19 Mass. App. Ct. 430 (1985)

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 7</u>

Breach of Contract – Contract Interpretation

A contract is ambiguous when it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one.  In this case, I instruct you that the part of the contract relating to "pension" payments is ambiguous. You will therefore have to determine the meaning of that part or "term" of the contract. In the next several instructions, I will give you some guidance as to how to make that determination.

Sources:  <u>Diamond Crystal Brands, Inc. v. Backleaf LLC</u>, 60 Mass. App. Ct. 502 (2004)

Given              _____

Refused            _____

Given as Modified  _____

<u>Defendant's Proposed Jury Instruction No. 8</u>

Breach of Contract – Contract Interpretation

When a written agreement is in any respect uncertain or equivocal in meaning, all the surrounding circumstances may be considered for the purpose of elucidating its terms.

Sources:  <u>Robert Industries, Inc. v. Spence</u>, 362 Mass. 751, 753-54 (1973).

Given                          _____

Refused                       _____

Given as Modified      _____

<u>Defendant's Proposed Jury Instruction No. 9</u>

Breach of Contract – Contract Interpretation

To resolve the uncertainties relating to "pension" payments in the parties' written contract, you must determine the intentions of the parties by examining their language and conduct, the objectives they sought to accomplish, and all surrounding circumstances

Sources:  17 Bishop, Massachusetts Practice Series, Prima Facie Case – Proof and
                Defense, § 2.3 (5th ed. 2005).

          <u>MacDonald v. Gough</u>, 326 Mass. 93 (1950).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 10</u>

Breach of Contract – Contract Interpretation

If you find that the parties at the time the contract was made had different meanings in mind about "pension" payments, then you shall give that meaning which you find to be most reasonable, taking into consideration all the circumstances, including but not limited to the following:

the intention of the parties;

the words the parties used;

the purposes the parties sought to achieve; and

the course of the parties' performance of the contract.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 2.1(c) (2000).

<u>Affiliated FM Ins. Corp. V. Constitution Reinsurance Corp.</u>, 416 Mass. 839
(1994).

Given                  _____

Refused                _____

Given as Modified      _____

<u>Defendant's Proposed Jury Instruction No. 11</u>

Breach of Contract – Contract Interpretation

The course of the parties' performance is the way the parties conducted themselves in the performance of this contract.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 2.13(c) (2000).

          J.A. Farnsworth, <u>Contracts</u>, § 7.13 (1982).

Given                   _____

Refused                 _____

Given as Modified       _____

<u>Defendant's Proposed Jury Instruction No. 12</u>

Breach of Contract – Modification of Contract

The parties to a contract can agree to replace the contract with a new contract, or to modify the terms of the contract.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 14.1.12 (2003).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 13</u>

Breach of Contract – Modification of Contract

A modification occurs when the parties intend to continue the contractual relationship, but wish to change one or more of the terms of the contract.  In order for a modification of a contract to occur, both parties must agree to the modification.  Such agreement may be implied from a party's conduct, actions or failure to act.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
   Robertson, Massachusetts Jury Instructions - Civil, § 2.1(c) (2000).

   <u>Maddaloni v. Western Massachusetts Bus Lines, Inc.</u> 386 Mass. 877 (1982);
   <u>Costonis v. Medford Housing Auth.</u>, 343 Mass, 108 (1961);
   <u>Goldhor v. Hampshire College</u>, 25 Mass. App. Ct. 716 (1988).

Given    _____

Refused   _____

Given as Modified _____

<u>Defendant's Proposed Jury Instruction No. 14</u>

Breach of Contract – Modification of Contract

To determine if the terms of the contract between Dr. Bowman and Pathology Associates was modified, you must determine the intentions of the parties by considering their words and actions in the light of all of the circumstances.

Sources:  17 Bishop, Massachusetts Practice Series, Prima Facie Case – Proof and
        Defense, § 2.95 (5th ed. 2005).

        <u>Tudor Press v. University Distributing Co</u>., 292 Mass. 339 (1935);
        <u>Lipson v. Adelson</u>, 17 Mass. App. Ct. 90 (1983).

Given                _____

Refused              _____

Given as Modified    _____

Defendant's Proposed Jury Instruction No. 15

Breach of Contract – Definition of Breach

A breach of contract is a failure to comply with one or more terms of a contract.
However, a failure to perform a contractual obligation must be substantial rather than a
minor or technical failure to constitute a breach.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
            Superior Court Civil Jury Instructions, § 14.1.19 (2003).

            John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
            Robertson, Massachusetts Jury Instructions - Civil, § 2.12(a) (2000).

            Previews, Inc. v. Everets, 326 Mass. 333 (1950).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Propsed Jury Instruction No. 16</u>

Breach of Contract – Definition of Breach

A person or entity may breach a contract by failing to perform a contractual obligation when that performance is called for, unless that performance is otherwise excused.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 2.12 (2000).

Given                  _____

Refused                _____

Given as Modified      _____

Defendant's Proposed Jury Instruction No. 17

Breach of Contract – Definition of Breach

The term "breach of contract" implies wrongful conduct. Mere failure to perform a promise does not in itself constitute "breach of contract." Rather, a failure to perform constitutes "breach of contract" only when a legal excuse is lacking. It is Dr. Bowman's burden in this case to prove that Pathology Associates failed to perform without legal excuse.

Sources:  17 Bishop, Massachusetts Practice Series, Prima Facie Case – Proof and Defense, § 2.19 (5th ed. 2005).

Realty Developing Co., v. Wakefield Ready-Mixed Concrete Co., Inc. 327 Mass. 535 (1951).

Given              _____

Refused            _____

Given as Modified   _____

<u>Defendant's Proposed Jury Instruction No. 18</u>

Breach of Contract – Performance of Contract by Plaintiff

In order to recover for breach of contract, Dr. Bowman must prove that she completely performed all of her obligations under the contract.  If Dr. Bowman failed to perform her obligations under the contract, then as a matter of law Pathology Associates was excused from performing its contractual obligations.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
         Superior Court Civil Jury Instructions, § 14.1.19 (2003).

         <u>Glazer v. Schwartz</u>, 276 Mass. 54 (1931);
         <u>Prozinski v. Northeast Real Estate Services</u>, 59 Mass. App. Ct. 599 (2003);
         <u>Ward v. American Mutual</u>, 15 Mass. App. Ct. 98 (1983).
         .

Given            _____

Refused          _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 19</u>

Breach of Contract – Performance of Contract by Plaintiff

Dr. Bowman must establish her full and complete performance of all obligations under the contract.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
        Superior Court Civil Jury Instructions, § 14.1.21 (2003).


<u>G.M. Abodeely Ins. Agency, Inc. v. Commerce Ins. Co.</u>, 41 Mass. App. Ct. 274;
<u>Lease-It, Inc. v. Massachusetts Port Auth.</u>, 33 Mass. App. Ct. 391 (1992);
<u>Amarin Plastics, Inc.v. Maryland Cup Corp.</u>, 946 F.2d 147 (1st Cir. 1991).


Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 20</u>

Breach of Contract – Performance of Contract by Plaintiff

Dr. Bowman also has the burden to prove that she endeavored in good faith to perform fully her obligations under the contract.

Sources:  17 Bishop, Massachusetts Practice Series, Prima Facie Case – Proof and Defense, § 2.16 (5th ed. 2005).

<u>Previews, Inc. v. Everets</u>, 326 Mass. 333 (1950);
<u>Andre v. Maguire</u>, 305 Mass. 515 (1940);
<u>James Elgar, Inc. v. Newhall</u>, 235 Mass 373 (1920).

Given                          _____

Refused                        _____

Given as Modified       _____

<u>Defendant's Jury Proposed Instruction No. 21</u>

Breach of Contract – Performance of Contract by Plaintiff

The fact that Pathology Associates continued to pay Dr. Bowman her salary throughout her employment must not be interpreted as conclusive evidence that Dr. Bowman's performed fully her obligations under the contract.

Sources:  17 Bishop, Massachusetts Practice Series, Prima Facie Case – Proof and Defense, § 2.18 (5th ed. 2005).

<u>Moulton v. McOwen</u>, 103 Mass. 587 (1870).

Given                        _____

Refused                    _____

Given as Modified      _____

<u>Defendant's Proposed Jury Instruction No. 22</u>

Breach of Contract – Repudiation

When one party repudiates a contract, the other party is excused from performance.

Sources:  <u>Bucciero v. Drinkwater</u>, 13 Mass. App. Ct. 551 (1982).

Given                        _____

Refused                    _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 23</u>

Breach of Contract – Repudiation

If at any time Dr. Bowman communicated an unqualified refusal or declaration of inability to perform according to the terms of her contractual obligation, then Pathology Associates was entitled to treat the contract as broken and was excused from any further obligations to perform under the contract.

Sources:  <u>PDC-El Paso Meriden, LLC v. Alstom Power, Inc.</u>, Civil Action No. 99-6016
         (Mass. Super. 2004, van Gestel, J.), citing <u>Mobley v. New York Life Ins. Co.</u>,
         295 U.S. 632 (1935).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 24</u>

Breach of Contract - Waiver

A party may waive a right under a contract.  Waiver is a voluntary giving up of a known right.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
Robertson, Massachusetts Jury Instructions - Civil, § 2.25 (2000).

<u>McCarthy v. Tobin</u>, 429 Mass. 84 (1999).

Given                    _____

Refused                  _____

Given as Modified        _____

Defendant's Proposed Jury Instruction No. 25

Breach of Contract  – Waiver

A waiver may be implied from a person's statements or actions.  Waiver may also be implied from a person's silence or inaction.  If Dr. Bowman waived her rights under any aspect of her contract with Pathology Associates, then Pathology Associates is excused from its obligations to comply with that aspect of the contract.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine Robertson, Massachusetts Jury Instructions - Civil, § 2.25 (2000).

McCarthy v. Tobin, 429 Mass. 84 (1999).

Given                                    _____

Refused                               _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 26</u>

Breach of Contract – Damages

If you should decide in favor of Dr. Bowman on any aspect of her breach of contract claim, then you must determine the amount of money damages which will restore to Dr. Bowman what was lost as a result of Pathology Associates' breach.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine Robertson, Massachusetts Jury Instructions - Civil, § 2.25 (2000).

<u>John Hetherington and Sons, Ltd v. William Firth Co.</u>, 210 Mass. 8 (1911).

Given          _____

Refused        _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 27</u>

Breach of Contract - Damages

The fact that I charge you on the measurement of damages is not, and should not be considered by you, as any indication that I think damages should be awarded.  I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider.  You will not consider the issue of damages if Dr. Bowman has not proven her breach of contract claim.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
        Superior Court Civil Jury Instructions, § 14.3.1 (2003).

<u>Lease-It, Inc. v. Masachusetts Port Auth</u>., 33 Mass. App. Ct. 391 (1992).

Given            _____

Refused          _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 28</u>

Breach of Contract – Damages

The basic principle of contract damages is that the plaintiff should be put in as good a position as if the defendant had fully performed its obligations under the contract.  In order to recover damages against Pathology Associates, Dr. Bowman must demonstrate that the damages complained of were caused by the conduct of Pathology Associates.  If the damages were caused by Dr. Bowman herself or by someone other than Pathology Associates, then Dr. Bowman is not entitled to damages from Pathology Associates.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 14.3.1(a) (2003).

          <u>Fernandez v. Union Bookbinding Co.</u>, 400 Mass. 27 (1987);
          <u>John Hetherington & Sons, Ltd. v. William Firth Co.</u>, 210 Mass. 8 (1911);
          <u>Kobayashi v. Orion Ventures, Inc.</u>, 42 Mass. App. Ct. 492, *rev. denied*, 425
          Mass. 1102 (1997);
          <u>Sackett v. St. Mary's Church Soc'y</u>, 18 Mass. App. Ct. 186 (1984).

Given                   _____

Refused                 _____

Given as Modified       _____

<u>Defendant's Proposed Jury Instruction No. 29</u>

Breach of Contract – Damages

Any damages found by you must be damages that at the time of making the contract, the parties reasonably could have expected to be a consequence of any breach.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
              Robertson, Massachusetts Jury Instructions - Civil, § 2.25 (2000).

<u>John Hetherington and Sons, Ltd v. William Firth Co.</u>, 210 Mass. 8 (1911).

Given              _____

Refused            _____

Given as Modified   _____

Defendant's Proposed Jury Instruction No. 30

Breach of Contract – Damages

In the case of breach of contract, the plaintiff is entitled to recover damages sufficient to give him or her the benefit of the contractual bargain, as long as such damages are reasonably proven.  Compensation in money must be computed by rational methods upon a firm basis in fact.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 14.3.1(b) (2003).

<u>Productora E Importadoro De Papel v. Fleming</u>, 376 Mass. 826 (1978);
<u>White Spot Constr. Co. v. Jetspray Cooler, Inc.</u>, 344 Mass. 632 (1962);
John Hetherington and Sons, Ltd v. William Firth Co., 210 Mass. 8 (1911).

Given              _____

Refused            _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 31</u>

Breach of Contract - Damages

Whether damages have been proven by the Plaintiff is for you to determine.  Your verdict must be based on proof and not on speculation, guess, or conjecture.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
              Robertson, Massachusetts Jury Instructions - Civil, § 2.25 (2000).

       <u>John Hetherington and Sons, Ltd. v. William Firth Co.</u>, 210 Mass. 8 (1911).

Given                         _____

Refused                       _____

Given as Modified       _____

Defendant's Proposed Jury Instruction No. 32

Breach of Contract – Damages

However, a person who has been damaged by the wrongful act of another is required to exercise reasonable care and diligence to avoid loss and to minimize damages.  The Plaintiff may not recover for losses that she could have prevented by reasonable efforts on her part.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 14.3.1(o) (2003).

          Burnham v. Mark IV Homes, Inc., 387 Mass. 575 (1982)

Given                   _____

Refused                 _____

Given as Modified       _____

<u>Defendant's Proposed Jury Instruction No. 33</u>

Fraudulent Misrepresentation - Elements

In this case, Dr. Bowman alleges that Dr. Smith and Pathology Associates are liable for fraudulent misrepresentation.  To prevail on this claim, Dr. Bowman has the burden of proving the following facts by a fair preponderance of the evidence:

    (1) That Dr. Smith made a false statement;

    (2) That the statement was of a material fact;

    (3) That Dr. Smith knew that the statement was false or made it with reckless disregard as to its truth or falsity;

    (4) That Dr. Smith made the statement for the purpose of inducing Dr. Bowman to act on it;

    (5) That Dr. Bowman relied on the statement as true and acted on it; and

    (6) That, as a result of so acting, Dr. Bowman sustained damage.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
        Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

        <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970);
        <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc.</u>, 29 Mass. App. Ct. 424 (1990).

Given           _____

Refused         _____

Given as Modified   _____

<u>Defendant's Proposed Jury Instruction No. 34</u>

Fraudulent Misrepresentation – Elements

The first element that Dr. Bowman must prove is that the statement (or statements) made to her about which she complains was (or were) false.  Even if partly true, a statement can still give rise to liability if it was of such a nature and made in such a way as to be misleading to the Dr. Bowman under all the circumstances that existed at the time.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

<u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970);
<u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424 (1990).

Given                     _____

Refused                 _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 35</u>

Fraudulent Misrepresentation – Elements

Where, as here, the statement in question is a statement of intention to do something in the future, Dr. Bowman has the burden to prove that Dr. Smith had no intention to perform at the very time he expressed the intention.  A simple change of mind by Dr. Smith does not render the earlier statement of intent false.  Without evidence of contrary intent at the time of the statement, the statement cannot be considered false at the time it was made.  You, the jury, cannot infer contrary intent from the mere fact that Dr. Smith took contrary action at a later date.

Sources:  37 Nolan and Sartorio, Massachusetts Practice Series, Tort Law, § 8.2 (2nd ed. 2005).

Restatement, Second, Torts, § 530(1)

<u>McEvoy Travel Bureau, Inc. v. Norton Co.</u>, 408 Mass. 704 (1990)
<u>Rodowicz v. Mass. Mutual Life Ins.</u>, 279 F.3d 36 (1st Cir. 2002)

Given                  _____

Refused                _____

Given as Modified      _____

<u>Defendant's Proposed Jury Instruction No. 36</u>

Fraudulent Misrepresentation - Elements

The second requirement is that the statement be of a material fact. A fact is something that is susceptible of actual knowledge--something which exists or which has existed in the past--as distinguished from an opinion or a promise of something to exist in the future.

The law recognizes that whether a particular statement is a statement of fact or a statement of opinion may depend on the context in which the statement is made and the manner in which it is expressed.

A person's state of mind at a particular time is also a fact. A person's opinion on a particular matter is a state of mind, and so too is a person's intention to do something in the future. If, therefore, a person states that he or some other person holds a certain opinion, or states that he intends to take certain action in the future, that is a statement of fact. If he does not hold that opinion, or if he does not actually have that intention, it is a false statement of fact, which may support an action for fraudulent misrepresentation if all of the other elements are also proven.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

          <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970);
          <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc.</u>, 29 Mass. App. Ct. 424 (1990).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 37</u>

Fraudulent Misrepresentation - Elements


A fact is material if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question. It may also be material if the person making the statement knows or has reason to know that the person to whom he or she is making the statement regards or is likely to regard the matter as important in determining his or her choice of action, even though a reasonable person would not so regard it.


Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
            Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

        <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970);
        <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc.</u>, 29 Mass. App. Ct. 424 (1990).


Given                      _____

Refused                    _____

Given as Modified          _____

<u>Defendant's Proposed Jury Instruction No. 38</u>

Fraudulent Misrepresentation - Elements

The third requirement that Dr. Bowman must prove is that Dr. Smith knew that the statement was false at the time when he made it, or that he made it with reckless disregard as to whether it was true or false. To express it another way, it must be shown that the statement was fraudulent.

Even if a person believes a certain fact to be true that is not true, and states the fact as true with willful disregard of actual facts pointing to its falsity that are susceptible of actual knowledge (in other words, recklessly), that statement is fraudulent. On the other hand, a statement that the maker negligently believes to be true but which is actually false is not fraudulent. There must be a higher degree of fault than mere negligence to render such a statement fraudulent such as to prove the claim of intentional misrepresentation.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

          <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970);
          <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc.</u>, 29 Mass. App. Ct. 424 (1990).

Given             _____

Refused           _____

Given as Modified    _____

Defendant's Proposed Jury Instruction No. 39

Fraudulent Misrepresentation - Elements

The next two requirements are that Dr. Smith intended that Dr. Bowman rely on the statement at the time when he made it and that Dr. Bowman did in fact rely on it. It is not necessary that the statement be the only fact on which Dr. Bowman relied in making her decision. If it was only one of several factors which induced her to act, that is enough.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

          Graphic Arts Finishers, Inc. v. Boston Redev. Auth., 357 Mass. 40 (1970);
          Int'l Totalizing Sys., Inc. v. PepsiCo, Inc., 29 Mass. App. Ct. 424 (1990).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 40</u>

Fraudulent Misrepresentation - Elements

If you determine that Dr. Bowman did in fact rely on the statement or statements in question, Dr. Bowman must also prove that her reliance on the statement (or statements) must have been reasonable.  A recipient of a fraudulent misrepresentation is not justified in relying on its truth if she knows that it is false or if its falsity is or should be obvious to her.

If you conclude that Dr. Smith did make a fraudulent statement of fact and that Dr. Bowman did reasonably rely on it, you may infer that Dr. Smith intended that Dr. Bowman rely on the statement without any other independent evidence of Dr. Smith's intent.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

          <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970);
          <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424 (1990).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 41</u>

Fraudulent Misrepresentation - Elements

The final requirement that Dr. Bowman must prove is that she has been damaged and the amount of that damage. Damage is an essential element of the tort of fraudulent misrepresentation, so actual damage must be proved.  If no damage is proved, your verdict on this claim must be for Dr. Smith and Pathology Associates.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

          <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970);
          <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424 (1990).

Given                    _____

Refused                  _____

Given as Modified        _____

Defendant's Proposed Jury Instruction No. 42

Fraudulent Misrepresentation - Waiver

Even if Dr. Bowman has proven that she incurred losses as a result of a fraudulent misrepresentation made to her by Dr. Smith in the making of the contract, Dr. Bowman waived her right to obtain any legal recovery if she accepted a modification of the contract, provided she had full knowledge of all of the material facts of the transaction at the time of her consent to modification.  Such consent excuses the fraudulent misrepresentation because it negates the illegal or wrongful element.

Sources:  37 Nolan and Sartorio, Massachusetts Practice Series, Tort Law, § 10.2 (2nd ed. 2005).

Powers v. Rittenburg, 270 Mass. 221 (130)

Given                    _____

Refused                  _____

Given as Modified        _____

Defendant's Proposed Jury Instruction No. 43

Fraudulent Misrepresentation - Damages

The fact that I charge you on the measurement of damages is not, and should not be considered by you, as any indication that I think damages should be awarded. Again, I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider. You will not consider the issue of damages if Dr. Bowman has not proven her fraudulent misrepresentation claim.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
        Superior Court Civil Jury Instructions, § 14.3.1 (2003).

    Lease-It, Inc. v. Massachusetts Port Auth., 33 Mass. App. Ct. 391 (1992).

Given             _____

Refused         _____

Given as Modified   _____

Defendant's Proposed Jury Instruction No. 44

Fraudulent Misrepresentation - Damages


Dr. Bowman has the burden of proving to you the nature and extent of her damages.  To measure damages for fraudulent misrepresentation, you must determine the amount of the "benefit of the bargain."  This amount is the difference in value between the actual benefit Dr. Bowman received and the benefit she would have received had the fraudulent misrepresentation been true.


Sources:  45 Moriearty, Adkins, Rubin and Jackson, Massachusetts Practice Series,
          Employment Law, § 6.64 (2003).

          Du Bois v. Atlantic Corp., 322 Mass. 512 (1948);
          Anzalone v. Strand, 14 Mass. App. Ct. 45 (1982).


Given              _____

Refused            _____

Given as Modified  _____

<u>Defendant's Proposed Jury Instruction No. 45</u>

Fraudulent Misrepresentation - Damages

Whether damages have been proven by the Plaintiff is for you to determine.  Your verdict must be based on proof and not on speculation, guess, or conjecture.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
        Robertson, Massachusetts Jury Instructions - Civil, § 2.25 (2000).

<u>John Hetherington and Sons, Ltd. v. William Firth Co.</u>, 210 Mass. 8 (1911).

Given            _____

Refused          _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 46</u>

Fraudulent Misrepresentation – Vicarious Liability

If you conclude that Dr. Bowman has proven all of the elements of fraudulent misrepresentation against Dr. Smith, then you must consider whether Pathology Associates is also liable for fraudulent misrepresentation.

Pathology Associates is vicariously liable for the tortious acts of Dr. Smith if Dr. Bowman has proven that:

    (1) Dr. Smith was an employee of Pathology Associates at the time of the statement or statements in question; and

    (2) Dr. Smith made the statements to Dr. Bowman within the course of his employment by Pathology Associates.

Sources:  45 Moriearty, Adkins, Rubin and Jackson, Massachusetts Practice Series, Employment Law, § 6.1 (2003).

<u>Kelly v. Middlesex Corp.</u>, 35 Mass. App. Ct. 30 (1993), *rev. denied* 416 Mass. 1104 (1993).

Given                                   _____

Refused                               _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 47</u>

Negligent Misrepresentation - Elements

In this case, Dr. Bowman also alleges that Dr. Smith and Pathology Associates are liable for negligent misrepresentation. To prevail on this claim, Dr. Bowman has the burden of proving the following facts by a fair preponderance of the evidence:

  (1) That Dr. Smith made a false statement;

  (2) That the statement was of a material fact;

  (3) That Dr. Smith failed to exercise reasonable care in obtaining or communicating the information contained in the statement;

  (4) That Dr. Smith made the statement for the purpose of inducing the plaintiff to act on it;

  (5) That the Dr. Bowman relied on the statement as true and acted on it; and

  (6) As a result of so acting, Dr. Bowman sustained damage.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
        Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

      Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
      Superior Court Civil Jury Instructions, § 20.2 (2003).

      <u>Danca  v. Taunton Savings Bank</u>, 385 Mass. 1 (1982);
      <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc.</u>, 29 Mass. App. Ct. 424(1990);
      <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970).

Given                  _____

Refused              _____

Given as Modified     _____

<u>Defendant's Proposed Jury Instruction No. 48</u>

Negligent Misrepresentation - Elements

The first element that Dr. Bowman must prove is that the statement (or statements) made to her about which she complains was (or were) false.  Even if partly true, a statement can still give rise to liability if it was of such a nature and made in such a way as to be misleading to the Dr. Bowman under all the circumstances that existed at the time.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
           Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

           Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
           Superior Court Civil Jury Instructions, § 20.2 (2003).

           <u>Danca  v. Taunton Savings Bank</u>, 385 Mass. 1 (1982);
           <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424(1990);
           <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970).

Given                      _____

Refused                    _____

Given as Modified          _____

<u>Defendant's Proposed Jury Instruction No. 49</u>

Negligent Misrepresentation - Elements


Where, as here, the statement in question is a statement of intention to do something in the future, Dr. Bowman has the burden to prove that Dr. Smith had no intention to perform at the very time he expressed the intention.  A simple change of mind by Dr. Smith does not render the earlier statement of intent false.  Without evidence of contrary intent at the time of the statement, the statement cannot be considered false at the time it was made.  You, the jury, cannot infer contrary intent from the mere fact that Dr. Smith took contrary action at a later date.


Sources:  37 Nolan and Sartorio, Massachusetts Practice Series, Tort Law, § 8.2 (2nd ed. 2005).

Restatement, Second, Torts, § 530(1)

<u>McEvoy Travel Bureau, Inc. v. Norton Co.</u>, 408 Mass. 704 (1990)
<u>Rodowicz v. Mass. Mutual Life Ins.</u>, 279 F.3d 36 (1st Cir. 2002)


Given                    _____

Refused                _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 50</u>

Negligent Misrepresentation - Elements

The second requirement is that the statement be of a material fact. A fact is something that is susceptible of actual knowledge--something which exists or which has existed in the past--as distinguished from an opinion or a promise of something to exist in the future.

The law recognizes that whether a particular statement is a statement of fact or a statement of opinion may depend on the context in which the statement is made and the manner in which it is expressed.

A person's state of mind at a particular time is also a fact. A person's opinion on a particular matter is a state of mind, and so too is a person's intention to do something in the future. If, therefore, a person states that he or some other person holds a certain opinion, or states that he intends to take certain action in the future, that is a statement of fact. If he does not hold that opinion, or if he does not actually have that intention, it is a false statement of fact, which may support an action for intentional misrepresentation if all of the other elements are also satisfied.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
            Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

            Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
            Superior Court Civil Jury Instructions, § 20.2 (2003).

            <u>Danca  v. Taunton Savings Bank</u>, 385 Mass. 1 (1982);
            <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424(1990);
            <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970).

Given                   _____

Refused                 _____

Given as Modified       _____

<u>Defendant's Proposed Jury Instruction No. 51</u>

Negligent Misrepresentation - Elements

A fact is material if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question. It may also be material if the person making the statement knows or has reason to know that the person to whom he or she is making it regards or is likely to regard the matter as important in determining his or her choice of action, even though a reasonable person would not so regard it.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
             Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

          Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 20.2 (2003).

          <u>Danca  v. Taunton Savings Bank</u>, 385 Mass. 1 (1982);
          <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424(1990);
          <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970).

Given             _____

Refused           _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 52</u>

Negligent Misrepresentation - Elements

The third requirement that Dr. Bowman must prove is that Dr. Smith acted negligently in determining the truth of the information contained in the statement or in communicating the information to Dr. Bowman.  To prove negligence, Dr. Bowman must prove that the Defendant made the statement of fact in question without using the amount of care a reasonable person would use in the same circumstances to confirm that what he said was true or to accurately communicate the information.

Sources:   Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
            Superior Court Civil Jury Instructions, § 20.2 (2003).

            45 Moriearty, Adkins, Rubin and Jackson, Massachusetts Practice Series,
            Employment Law, § 6.65 (2003).

            <u>Danca  v. Taunton Savings Bank</u>, 385 Mass. 1 (1982);
            <u>Masso v. United Parcel Serv. Of Am., Inc.</u>, 884 F. Supp 610 (D. Mass 1995).

Given                 _____

Refused               _____

Given as Modified     _____

<u>Defendant's Proposed Jury Instruction No. 53</u>

Negligent Misrepresentation - Elements

The next two requirements are that Dr. Smith intended that Dr. Bowman rely on the statement at the time when he made it and that Dr. Bowman did in fact rely on it. It is not necessary that the statement be the only fact on which Dr. Bowman relied in making her decision. If it was only one of several factors which induced her to act, that is enough.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts Superior Court Civil Jury Instructions, § 20.2 (2003).

<u>Danca  v. Taunton Savings Bank</u>, 385 Mass. 1 (1982);
<u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424(1990);
<u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970).

Given                    _____

Refused                _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 54</u>

Negligent Misrepresentation - Elements


If you determine that Dr. Bowman did in fact rely on the statement or statements in question, Dr. Bowman must also prove that her reliance on the statement (or statements) must have been reasonable.  A recipient of a negligent misrepresentation is not justified in relying on its truth if she knows that it is false or if its falsity is or should be obvious to her.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
            Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

            Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
            Superior Court Civil Jury Instructions, § 20.2 (2003).

            <u>Danca  v. Taunton Savings Bank</u>, 385 Mass. 1 (1982);
            <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424(1990);
            <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970).


Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 55</u>

Negligent Misrepresentation - Elements


The final requirement that Dr. Bowman must prove is that she has been damaged and the amount of that damage. Damage is an essential element of the tort of negligent misrepresentation, so actual damage must be proved. If no damage is proved, your verdict on this claim must be for Dr. Smith and Pathology Associates.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
              Robertson, Massachusetts Jury Instructions - Civil, § 6.1 (2000).

          Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
          Superior Court Civil Jury Instructions, § 20.2 (2003).

          <u>Danca  v. Taunton Savings Bank</u>, 385 Mass. 1 (1982);
          <u>Int'l Totalizing Sys., Inc. v. PepsiCo, Inc</u>., 29 Mass. App. Ct. 424(1990);
          <u>Graphic Arts Finishers, Inc. v. Boston Redev. Auth.</u>, 357 Mass. 40 (1970).


Given                    _____

Refused                  _____

Given as Modified        _____

Defendant's Proposed Jury Instruction No. 56

Negligent Misrepresentation - Waiver

Even if Dr. Bowman has proven that she incurred losses as a result of a negligent misrepresentation made to her by Dr. Smith in the making of the contract, Dr. Bowman waived her right to obtain any legal recovery if she accepted a modification of the contract, provided she had full knowledge of all of the material facts of the transaction at the time of her consent to modification.  Such consent excuses the negligent misrepresentation because it negates the illegal or wrongful element.

Sources:  37 Nolan and Sartorio, Massachusetts Practice Series, Tort Law, § 10.2 (2nd ed. 2005).

Powers v. Rittenburg, 270 Mass. 221 (130)

Given                         _____

Refused                       _____

Given as Modified         _____

<u>Defendant's Proposed Jury Instruction No. 57</u>

Negligent Misrepresentation - Damages

The fact that I charge you on the measurement of damages is not, and should not be considered by you, as any indication that I think damages should be awarded.  Again, I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider.  You will not consider the issue of damages if Dr. Bowman has not proven her negligent misrepresentation claim.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
       Superior Court Civil Jury Instructions, § 14.3.1 (2003).

<u>Lease-It, Inc. v. Masachusetts Port Auth</u>., 33 Mass. App. Ct. 391 (1992).

Given             _____

Refused         _____

Given as Modified   _____

Defendant's Proposed Jury Instruction No. 58

Negligent Misrepresentation - Damages

Dr. Bowman has the burden of proving to you the nature and extent of her damages.  To measure damages for negligent misrepresentation, you must determine the amount of Dr. Bowman's actual "out of pocket" losses suffered as a foreseeable consequence of the misrepresentation.  Unlike damages for fraudulent misrepresentation, "benefit of the bargain" damages are not recoverable for negligent misrepresentation.

Sources:  45 Moriearty, Adkins, Rubin and Jackson, Massachusetts Practice Series, Employment Law, § 6.68 (2003)

Danca v. Taunton Sav. Bank, 385 Mass 1 (1982)
Anzalone v. Strand, 14 Mass. App. Ct. 45 (1982).

Given                    _____

Refused                  _____

Given as Modified        _____

<u>Defendant's Proposed Jury Instruction No. 59</u>

Negligent Misrepresentation - Damages

The damages recoverable for a negligent misrepresentation are those necessary to compensate a plaintiff for the actual financial loss of which the misrepresentation is a legal cause.  The damages recoverable for a negligent misrepresentation may not include the benefit of Dr. Bowman's contract with Pathology Associates.

Sources:  37 Nolan and Sartorio, Massachusetts Practice Series, Tort Law, § 8.6 (2nd ed. 2005).

Restatement, Second, Torts, § 552B(1)

<u>Gopen v. American Supply Co., Inc.</u>, 10 Mass. App. Ct. 342 (1980)

Given                _____

Refused              _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 60</u>

Negligent Misrepresentation - Damages

Whether damages have been proven by the Plaintiff is for you to determine.  Your verdict must be based on proof and not on speculation, guess, or conjecture.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 2.25 (2000).

<u>John Hetherington and Sons, Ltd. v. William Firth Co.</u>, 210 Mass. 8 (1911).

Given          _____

Refused        _____

Given as Modified    _____

Defendant's Proposed Jury Instruction No. 61

Negligent Misrepresentation – Vicarious Liability

Dr. Bowman also claims that Pathology Associates is liable for negligent misrepresentation. If you conclude that Dr. Bowman has proven all of the elements of negligent misrepresentation against Dr. Smith, then you must consider whether Pathology Associates is also liable for fraudulent misrepresentation.

Pathology Associates is vicarious liable for the tortious acts of Dr. Smith if Dr. Bowman has proven that:

    (3) Dr. Smith was an employee of Pathology Associates at the time of the statement or statements in question; and

    (4) Dr. Smith made the statements to Dr. Bowman within the course of his employment by Pathology Associates.

Sources:  45 Moriearty, Adkins, Rubin and Jackson, Massachusetts Practice Series, Employment Law, § 6.1 (2003).

    Kelly v. Middlesex Corp., 35 Mass. App. Ct. 30 (1993), *rev. denied* 416 Mass. 1104 (1993).

Given          _____

Refused        _____

Given as Modified    _____

<u>Defendant's Proposed Jury Instruction No. 62</u>

Mitigation of Damages

With respect to all claims in this case, Dr. Bowman was required to use reasonable efforts to mitigate damages and cannot recover for damages that were avoidable.

Sources:  17 Bishop, Massachusetts Practice Series, Prima Facie Case – Proof and
          Defense, § 2.22 (5th ed. 2005)

          <u>Burnham v. Mark IV Homes, Inc</u>., 387 Mass. 575 (1982).

Given              _____

Refused            _____

Given as Modified  _____

Defendant's Proposed Jury Instruction No. 63

Mitigation of Damages

Dr. Bowman cannot recover as damages any cost or loss that she reasonably could have avoided.

Sources:  John M. Greaney, Gilda Tuoni Russell, John F. Moriarty and Katherine
          Robertson, Massachusetts Jury Instructions - Civil, § 2.25 (2000).

          Abrams v. Reynolds Metals Co., 340 Mass. 704 (1960).

Given               _____

Refused             _____

Given as Modified    _____

Defendant's Proposed Jury Instruction No. 64

Damages Generally

With respect to all claims in this case, if you determine that Dr. Bowman has met her burden of proof and award damages to her, in deciding the amount of damages, you may not under any circumstances include any monetary sum for court costs or attorneys' fees. Nor may you include any monetary sum for interest on any damages award.

Sources:  Patrick F. Brady, Elizabeth Butler, John O. Mirick, et als., Massachusetts
         Superior Court Civil Jury Instructions, § 14.3(m) (2003).

         37 Nolan and Sartorio, Massachusetts Practice, Tort Law, § 205 (2nd ed.).

         Int'l Fidelity Ins. Co. v. Wilson, 387 Mass. 841, n. 20 (1983);
         Boott Mills v. Boston & M. R.R., 218 Mass. 582 (1914).

Given            _____

Refused          _____

Given as Modified    _____

<u>CERTIFICATE OF SERVICE</u>

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 9th day of August, 2006 by electronic filing and on August 10, 2006 by hand delivery to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

<u>/s/ Tamsin R. Kaplan</u>
Tamsin R. Kaplan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                             )
CYNTHIA FOSS BOWMAN,                    )
                              Plaintiff,              )
                                                             )
v.                                                           )
                                                             )
PATHOLOGY ASSOCIATES OF STURDY    )    Civil Action No. 05-10981-RCL
MEMORIAL HOSPITAL, INC.  and           )
RICHARD A. SMITH,                            )
                              Defendants.          )
_____)


**DEFENDANTS' REQUESTS FOR SPECIAL QUESTIONS TO THE JURY**

**(DEFENDANT PATHOLOGY ASSOCIATES OF STURDY MEMORIAL HOSPITAL, INC.)**

Pursuant to Fed. R. Civ. P. 49(a), Defendants request that the Court ask the jury the following special questions:

**Breach of Contract Claim**

1.      Did Defendant Pathology Associates of Sturdy Memorial Hospital, Inc. ("Pathology Associates") have a contractual obligation to make the maximum payment to a pension plan for Plaintiff's benefit?

Yes    _____                    No    _____

**If you answered Question 1 No, please skip to Question 6.**

2.      Was Pathology Associates excused from making payment to a pension plan for Plaintiff's benefit, in excess of the payments made, due to any material breach of contract by Plaintiff?

Yes    _____                    No    _____

3.      Was Pathology Associates excused from making payment to a pension plan for Plaintiff's benefit, in excess of the payments made, due to Plaintiff's repudiation of the contract?

Yes     _____                    No      _____

4.      Was Pathology Associates excused from making payment to a pension plan for Plaintiff's benefit, in excess of the payments made, due to Plaintiff's waiver of contractual rights?

Yes     _____                    No      _____

5.      If you answered Question 1 Yes, and you answered No to Questions 2, 3 and 4, please answer Question 5 and set forth in dollars the amount of damages which Plaintiff sustained as a result of Pathology Associates breaching its obligation to make the maximum payment to a pension plan for Plaintiff's benefit; otherwise you should skip this Question 5 and proceed to Question 6.

$          _____

6.       Did Defendant Pathology Associates of Sturdy Memorial Hospital, Inc. ("Pathology Associates") have a contractual obligation to pay Plaintiff a bonus?

Yes     _____                    No      _____

**If you answered Question 6 No, please skip to Question 11.**

7.      Was Pathology Associates excused from paying Plaintiff a bonus due to any material breach of the contract by Plaintiff?

Yes     _____                    No      _____

8.    Was Pathology Associates excused from paying Plaintiff a bonus due to repudiation of the contract by Plaintiff?

Yes    _____                No    _____

9.    Was Pathology Associates excused from paying Plaintiff a bonus due to Plaintiff's waiver of contractual rights?

Yes    _____                No    _____

10.    If you answered Question 6 Yes, and you answered No to Questions 7, 8 and 9, please set forth in dollars the amount of damages which Plaintiff sustained as a result of Pathology Associates breaching its obligation to pay Plaintiff a bonus; otherwise you should skip this Question 10 and proceed to Question 11.

$    _____

11.    Did Defendant Pathology Associates of Sturdy Memorial Hospital, Inc. ("Pathology Associates") have a contractual obligation to pay Plaintiff for salary or expenses in excess of the amounts paid?

Yes    _____                No    _____

**If you answered Question 11 No, please skip to Question 16.**

12.    Was Pathology Associates excused from paying Plaintiff for salary or expenses in excess of the amounts paid, due to any material breach of contract by Plaintiff?

Yes    _____                No    _____

13.    Was Pathology Associates excused from paying Plaintiff for salary or expenses in excess of the amounts paid, due to repudiation of the contract by Plaintiff?

Yes    _____                No    _____

14.    Was Pathology Associates excused from paying Plaintiff for salary or expenses in excess of the amounts paid, due to Plaintiff's waiver of contractual rights?

Yes    _____                    No    _____

15.    If you answered Question 11 Yes, and you answered No to Questions 12, 13 and 14, please set forth in dollars the amount of damages which Plaintiff sustained as a result of Pathology Associates breaching its obligation to pay Plaintiff for unpaid salary and unreimbursed expenses; otherwise you should skip this Question 15 and proceed to Question 16.

$    _____

16.    If you have found that Plaintiff has proved that Defendant is liable to her for any money damages on her breach of contract claim, has Pathology Associates proven that Plaintiff failed to mitigate any of her damages? If your answer to this Question 16 is Yes, please set forth in dollars the total amount which should be subtracted from Plaintiff's damages due to her failure to mitigate her damages.

$    _____

17.    Has Pathology Associates proven any of its Affirmative Defenses which would excuse Pathology Associates from paying some or all of the damages which Plaintiff has proven she is owed for breach of contract? If your answer to this Question 17 is Yes, please set forth in dollars the total amount which should be subtracted from Plaintiff's damages due to Pathology Associates proving any of its Affirmative Defenses.

$    _____

**Fraudulent Misrepresentation and Negligent Misrepresentations Claims**

15.    This Question 15 should only be answered if you assessed damages against Defendant Smith for fraudulent misrepresentations and/or negligent misrepresentations. If you have found that Defendant Smith is liable to Plaintiff for fraudulent misrepresentations or negligent misrepresentations, please state whether Defendant Smith was both an employee of Pathology Associates at the time the fraudulent misrepresentations or the negligent misrepresentations were made and that he made these statements to Plaintiff within the course of his employment by Pathology Associates.

Yes    _____            No    _____

Respectfully submitted,

/s/ Tamsin R. Kaplan_____
Tamsin R. Kaplan, BBO#561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210
Attorneys for Defendants

/s/ David Rapaport_____
David Rapaport, BBO#411920
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
Attorneys for Defendants

Dated: August 9, 2006

<u>CERTIFICATE OF SERVICE</u>

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 9th day of August, 2006 by electronic filing and on August 10, 2006 by hand delivery to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.


<u>/s/ Tamsin R. Kaplan</u>
Tamsin R. Kaplan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
CYNTHIA FOSS BOWMAN,                )
                          Plaintiff,               )
                                                    )
v.                                                   )
                                                    )
PATHOLOGY ASSOCIATES OF STURDY    )    Civil Action No. 05-10981-RCL
MEMORIAL HOSPITAL, INC.  and        )
RICHARD A. SMITH,                        )
                          Defendants.           )
_____)


**DEFENDANTS' REQUESTS FOR SPECIAL QUESTIONS TO THE JURY**

**(DEFENDANT SMITH)**

Pursuant to Fed. R. Civ. P. 49(a), Defendants request that the Court ask the jury

the following special questions:

**Fraudulent Misrepresentation Claim**

1.      Did Dr. Smith make fraudulent misrepresentations to Plaintiff?

Yes      _____                    No      _____

If your answer is No, please proceed to Question 6. If your answer is Yes, please

proceed to Question 2 and the following questions, if applicable.

2.      Did Plaintiff sustain any damages as a direct result of any fraudulent

misrepresentations by Dr. Smith?

Yes      _____                    No      _____

3.      If your answer to Question 2 is Yes, please set forth in dollars the amount of damages which Plaintiff sustained as a result of Dr. Smith making fraudulent misrepresentations.

$      _____

4.      If you have found that Plaintiff has proved that Dr. Smith is liable to her for money damages due to fraudulent misrepresentations, has Dr. Smith proven that Plaintiff failed to mitigate any of her damages? If your answer to this Question 4 is Yes, please set forth in dollars the amount which should be subtracted from Plaintiff's damages due to her failure to mitigate her damages.

$      _____

5.      Has Dr. Smith proven that Dr. Bowman waived her fraudulent misrepresentation claim or proven any of his other Affirmative Defenses which would excuse Dr. Smith from paying some or all of the damages for fraudulent misrepresentation which Plaintiff has proven she is owed? If your answer to this Question 5 is Yes, please set forth in dollars the amount which should be subtracted from Plaintiff's damages due to Dr. Smith proving any of his Affirmative Defenses.

$      _____

### Negligent Misrepresentation Claim

6.      Did Dr. Smith make negligent misrepresentations to Plaintiff?

Yes      _____                    No      _____

If your answer is No, you need not answer any further questions.

7.      Did Plaintiff sustain any damages as a direct result of any negligent misrepresentations by Dr. Smith?

Yes   _____          No   _____

8.      If your answer to Question 7 is Yes please set forth in dollars the amount of damages which Plaintiff sustained as a result of Dr. Smith making negligent misrepresentations.

$   _____

9.      If you have found that Plaintiff has proved that Dr. Smith is liable to her for money damages due to negligent misrepresentations, has Dr. Smith proven that Plaintiff failed to mitigate any of her damages? If your answer to this Question 9 is Yes, please set forth in dollars the amount by which should be subtracted from Plaintiff's damages due to her failure to mitigate her damages.

$   _____

10.      Has Dr. Smith proven that Dr. Bowman waived her negligent misrepresentation claim or proven any of his other Affirmative Defenses which would excuse Dr. Smith from paying some or all of the damages for negligent misrepresentations which Plaintiff has proven she is owed? If your answer to this Question 10 is Yes, please set forth in dollars the amount which should be subtracted from Plaintiff's damages due to Dr. Smith proving any of his Affirmative Defenses.

$   _____

Respectfully submitted,


/s/ Tamsin R. Kalan_____
Tamsin R. Kaplan, BBO#561558
TAMSIN R. KAPLAN & ASSOCIATES, P.C.
90 Concord Avenue
Belmont, MA 02478
(617) 484-3210
Attorneys for Defendants


/s/ David Rapaport_____
David Rapaport, BBO#411920
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500
Attorneys for Defendants

Dated: August 9, 2006

<u>CERTIFICATE OF SERVICE</u>

I, Tamsin R. Kaplan, hereby certify that a true and accurate copy of the above document was served this 9th day of August, 2006 by electronic filing and on August 10, 2006 by hand delivery to attorney of record for the Plaintiff, Vincent J. Pisegna, Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210.

<u>/s/ Tamsin R. Kaplan</u>
Tamsin R. Kaplan